**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER J. HOLLAND,<br>HOWARD R. ROSS, and<br>FIRST BANK<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 95-524C<br><br>(Judge George W. Miller) |

**DEFENDANT'S PROPOSED SCHEDULE**

Pursuant to the Court's order dated February 27, 2007, defendant, the United States, respectfully submits its proposed schedule for further proceedings in this case and our position with respect to the location and duration of trial.

**A. The Trial Should Be Located In Washington, D.C.**

We believe that trial should go forward in Washington, D.C. Plaintiffs' witnesses do not appear to reside in Illinois or Texas, the states where the River Valley thrifts operated. Nor do plaintiffs' witnesses appear to reside in any other particular location. For example, it is our understanding that Mr. Holland now resides in Arizona, and Mr. Bangert resides in Colorado. Moreover, First Bank witnesses, to our knowledge, never resided in Illinois, but are more likely to reside in Missouri. While most Government witnesses worked out of the Chicago offices of the Office of Thrift Supervision ("OTS") and Federal Deposit Insurance Corporation ("FDIC"), it is our preference that the trial go forward in Washington.

If the Court were to entertain holding the trial outside of Washington, however, it would be our strong preference to hold the trial in Chicago due to the fact that two of the three River

Valley thrifts were Illinois institutions and were regulated primarily by the OTS and FDIC out of Chicago (with many regulator witnesses still residing in the greater Chicago metropolitan area).

**B. Twenty-Two Trial Days Should Be Scheduled For The Trial**

While we believe that five weeks should be set aside for trial, our proposed schedule sets forth a trial schedule that, at twenty-two trial days, is just slightly longer than four weeks. As a point of comparison, in Citizens FSLA v. United States, No. 93-306C, another Winstar-related case, a four-week trial was held during which plaintiff presented just a single (and structurally much simpler) lost profits claim seeking $21 million. See Citizens FSLA v. United States, 64 Fed. Cl. 498, 501 (2005). Counsel of record for the Government currently has, also as counsel of record, a six-week trial scheduled in Astoria Federal Savings & Loan Association v. United States, No. 95-468C. As another point of comparison, more than five weeks (twenty-eight trial days) were provided for the parties in First Federal of Rochester v. United States, No. 95-517C.

Here, First Bank has set forth numerous damage theories, none of which were resolved pursuant to the parties' summary judgment briefing. For example, with First Bank's joinder to this action, there are now *four* theories of damages with respect to the hypothetical acquisition of San Antonio Federal Savings Bank alone, as First Bank now sets forth alternative damage claims for $45 million, $35 million, $30 million, and $28.6 million. First Bank also has a diminished value damage claim set forth by Dr. Murphy in the amount of $22 million, *plus* two theories of River Valley lost profits damages for up to $23 million, as set forth in Dr. Holland's First and Second Corrected Supplemental Expert Reports. While Dr. Holland's Corrected Second Supplemental Expert Report presented a new methodology for calculating lost profits, he has

stated that, at trial, he might still assert the prior theories and methodologies of damages set forth in his prior expert reports, in addition to his newer theories of damages:

> I think that you're asking me what is it that I'm going to do at trial, and I don't know what I'm going to do at trial. What I'm -- what you asked me earlier was, does one report supercede the other? And I think I answered that, that one does not supercede the other. I think that they are complementary reports. One growth versus shrinkage calculation is done in a more simplified version than another, I think that they complement each other, and it may be appropriate to present both of them.

Dep. Tr. of Dr. Homer J. Holland dated May 11, 2005, at 32:17 - 33:2.

Given the many theories of expectancy damages set forth by plaintiffs; our need to present fact witnesses from both the OTS and FDIC addressing the factual underpinnings to those theories; the need to present expert rebuttal testimony directly addressing the many flaws in plaintiffs' models and methodologies; and considering the past experience of this Court, we believe that it would be prudent to allocate 22 trial days for trial.

**C. Defendant's Proposed Trial Schedule**

Our pre-trial schedule is influenced by two factors. First, as mentioned above, counsel of record currently has a six-week Winstar-related trial scheduled in which he serves as counsel of record. That trial begins on April 19, 2007, and ends on May 30, 2007.[1]

Second, we intend to seek leave of the Court, pursuant to Rules 13 and 15 of the Rules of the Court of Federal Claims, to file an amended answer in order to conform to the Court's recent decision finding that the Settlement Agreement executed between the plaintiffs and the FDIC

---

[1] A schedule for post-trial briefs and closing argument has not yet been established by the Court in that case. In addition, counsel of record has a previously scheduled two-week work commitment from June 11, 2007, through June 22, 2007.

constituted a covenant not to sue. Our intended amendment would involve our assertion of an affirmative counterclaim for plaintiffs' breach of that covenant not to sue. This Court has, three times in the past, permitted plaintiffs to amend their complaint to conform to the Court's rulings.[2]

RCFC 15(a) provides, in pertinent part: "[A] party may amend the party's own pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." (Emphasis added). Accord First Nationwide Bank v. United States, 48 Fed. Cl. 248, 254 (2000). The determination of whether to grant a motion for leave to amend a pleading "is within the discretion of the Court." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Applying this test, this Court should "deny a motion to amend [] . . . only for substantial and legally sufficient reasons." St. Paul Fire & Marine Ins. Co. v. United States, 24 Cl. Ct. 518, 520 (1991).

Further, "leave to amend should be freely permitted absent sufficient explicit reasons indicating that it should be denied." State of Alaska v. United States, 15 Cl. Ct. 276, 279 (1988) (citing Hess v. United States, 210 Ct. Cl. 483, 537 F.2d 457, 461 (1967). Thus, a motion for leave to amend an answer should be granted absent "any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant,. . . ." Foman, 371 U.S. at 182. Our request to amend our answer is not motivated by any of these reasons, but rather to assert a counterclaim, insofar as that counterclaim follows from the Court's determination that

[2] See Order (Oct. 23, 2003) (plaintiffs to file an amended complaint following dismissal of certain counts of their initial complaint); Op. and Order (Oct. 5, 2004) (permitting plaintiffs to join First Banks, Inc., following the dismissal of their damage claims); Op. and Order (May 12, 2005) (granting plaintiffs' motion to file a third amended complaint to join "First Bank MO").

the Settlement Agreement constitutes a covenant not to sue. Clearly, if the Court's determination is correct, Messrs. Holland and Ross, and First Bank have each breached that covenant.

Accordingly, given the Court's recent finding of a covenant not to sue, we believe that leave should be granted to permit our amendment of our answer to assert a breach by plaintiffs of that covenant. It should be emphasized that, in order to assert this counterclaim, counsel of record must first obtain proper authorization from his superiors. Accordingly, our proposed schedule provides until April 19, 2007, for the Government to file its amended answer. We note, too, that we don't anticipate that our counterclaim should cause any delay of the trial schedule or require any great amount of additional discovery. Finally, our proposed schedule is similar to the scheduling intervals set forth by the Court in its Order dated January 14, 2005.

Our proposed schedule is as follows:

| **Date** | **Description** |
|---|---|
| April 19, 2007: | Defendant files its amended answer. |
| July 11, 2007: | Parties to confer and make the exchanges required by paragraph 13 of Appendix A (preliminary witness lists and exhibits). |
| July 25, 2007: | Plaintiff files Memorandum of Contentions of Fact and Law, final witness list, and exhibit list. |
| August 24, 2007: | Defendant files Memorandum of Contentions of Fact and Law, final witness list, and exhibit list. |
| September 14, 2007: | Filing of motions *in limine* and any objections to witnesses or exhibits. |
| September 28, 2007: | Filing of any responses to motions *in limine*. |
| October 5, 2007: | Filing of any replies to motions *in limine*. |

October 15, 2007: Final Pre-Trial Conference and oral argument on motions *in limine.*

October 22, 2007: Start of trial; trial to conclude by November 20, 2007.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer by Jeanne E, Davidson
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:

RICHARD B. EVANS
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
DAVID A. LEVITT
JOHN J. TODOR

March 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March 2007, a copy of the foregoing "DEFENDANT'S PROPOSED SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson