# EXHIBIT 1

# In the United States Court of Federal Claims

No. 95-829C
(Filed November 10, 2003)

FILED
NOV 1 0 2003
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *

STERLING SAVINGS, ET AL., *

Plaintiffs, *

v. *

THE UNITED STATES, *

Defendant. *

* * * * * * * * * * * * * * * * * * * * *

## ORDER

Pursuant to United States Court of Federal Claims Rule (RCFC) 16(b), the court held a status conference on the record with the parties on November 10, 2003. As discussed at the above-referenced status conference, the court hereby **ORDERS** the following:

Plaintiffs shall submit a brief no later than November 20, 2003, and defendant shall submit a response no later than December 2, 2003, to address the following issues:

1. First, the parties shall address the reasons why it is or is not appropriate to allow plaintiffs the opportunity to submit revised expert reports, including discussions of whether it was possible for such revisions to have been made earlier, and of the changes in jurisprudence adopted by the Federal Circuit since the reports had been prepared. Any hardships to either party that would result from either course of action should also be discussed. Plaintiffs are directed to identify with specificity the areas of their expert reports they would supplement or replace.

2. The parties shall identify any Federal Circuit precedents in which a case on remand proceeded on a different damages theory than was originally tried by the parties.

3. Assuming *arguendo* that the court permits the revised reports, plaintiffs will state how long it will take their experts to revise their reports, and defendant in its response will state how long it expects to need to respond to the new expert reports. Both sides are reminded that if the court grants plaintiffs' request for the submission of new expert reports, defendant will then be given a reasonable opportunity to re-depose plaintiffs' experts, conduct further discovery related to the new reports, have its own experts file new rebuttal reports, and finally file its motion for summary judgment (or partial summary judgment) on damages.

Finally, to the extent that plaintiffs requested, in the joint status report filed on July 24, 2003, that a trial on damages be bifurcated between their primary and fall-back theories, based on plaintiffs' counsel's comments at the status conference and for good cause shown, plaintiffs' request is hereby **DENIED**.

Due to the continuing problems with Washington, D.C. mail, the parties are directed to fax courtesy copies to chambers and opposing counsel of any documents filed with the clerk's office throughout the proceedings.

**SO ORDERED.**

**VICTOR J. WOLSKI**
Judge

# In the United States Court of Federal Claims

No. 95-829C
(Filed December 17, 2003)

FILED
DEC 1 7 2003
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *
STERLING SAVINGS, ET AL., *
Plaintiffs, *
v. *
THE UNITED STATES, *
Defendant. *
* * * * * * * * * * * * * * * * * * * * *

**ORDER**

The Court has reviewed the briefs submitted by the parties relating to plaintiffs' request to amend the expert reports of Dr. Chris James and Dr. Paul Horvitz. For good cause shown, **IT IS HEREBY ORDERED THAT**:

1) On or before **January 9, 2004**, plaintiffs shall deliver to defendant their supplemental expert reports, containing the changes described and proposed in Plaintiffs' Brief Re: Amending Damage Expert Reports Pursuant to the Court's November 10, 2003 Order ("Plaintiffs' Brief")(filed November 25, 2003) and in the Errata to Plaintiffs' Brief (filed December 2, 2003). These written reports shall contain the data or other information considered by the witnesses in forming the opinions, and all exhibits to be used as a summary of or in support for the opinions, of the witnesses;

2) On or before **February 9, 2004**, defendant shall identify any experts whose testimony will be used to rebut the opinions contained in the supplemental expert reports;

3) Defendant may conduct discovery related to the changes to plaintiffs' expert reports, including the depositions of Drs. James and Horvitz, through **March 9, 2004**;

4) On or before **April 23, 2004**, defendant shall deliver to plaintiffs its expert reports rebutting the supplemental expert reports described in paragraph 1, above. These written reports shall contain the data or other information considered by the witnesses in forming the opinions, and all exhibits to be used as a summary of or in support for the opinions, of the witnesses;

5) Plaintiffs' shall have until and including **June 7, 2004** to depose defendant's experts identified pursuant to paragraph 2, above; and

6) Defendant shall file its motion for summary judgment upon damages on or by **July 20, 2004**.

**SO ORDERED.**

**VICTOR J. WOLSKI**
Judge