# EXHIBIT 2

# In the United States Court of Federal Claims

No. 92-828C
(Filed February 14, 2002)
UNPUBLISHED

FILED
FEB 14 2002
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HANSEN BANCORP, INC., *et al.*, Plaintiffs, v. THE UNITED STATES, Defendant. | Pleading and practice; Winstar case; new expert report after close of expert discovery. |

## ORDER

Before the court is Plaintiffs' Motion for Leave To Submit a Supplemental Expert Report filed on January 25, 2002. The latest brief, defendant's surreply, was filed by leave on February 13, 2002.

The supplemental expert report would be issued by Leslie A. Patten, an expert witness who previously had issued a report and been deposed by the Government on the propriety of certain accounting transactions in this case. Mr. Patten now is to address the value of the stock of Raritan Valley Savings and Loan Association ("Raritan") at the time the stock was contributed by plaintiffs pursuant to an Assistance Agreement with the Government. However, plaintiffs' damages theory to date, as pleaded in the complaint and as proffered through an expert, only sought the net worth of Raritan at the time it was merged into a thrift. Spurred by the Federal Circuit decision in Landmark Land Co. v. United States, 256 F.3d 1365 (Fed. Cir. 2001), plaintiffs contend that the proper characterization of plaintiffs' asset contributions may become an issue.

Defendant opposes the motion on grounds that expert discovery has closed; that defendant would be unfairly prejudiced by the delay and expense in redeposing Mr. Patten; and that additional discovery is unnecessary because Landmark, in any event, would bar plaintiffs' attempt to recoup the value of Raritan stock at the time of the merger.

EXHIBIT 1

Defendant first argues that any further discovery is barred by the terms of Procedural Order No. 2 (the "Master Discovery Plan") entered on August 11, 1997, by former Chief Judge Smith to govern common discovery among the so-called First Thirty group of Winstar-related cases. While the Master Discovery Plan required the parties to submit a "final written report" for each expert, it did not forbid expressly supplementation of or amendment to those reports. See, e.g., Order, Castle v. United States, No. 90-1291C (Fed. Cl. filed Dec. 11, 1998) (discussing and allowing revisions or additions to expert report). Of more importance, any restrictions embodied in the Master Discovery Plan ceased to be effective when the case was transferred to this judge. Trial judges have allowed revisions or additions to such expert reports, contrary to defendant's assertion. See, e.g., Order, Admiral Fin. Corp. v. United States, No. 93-489C (Fed. Cl. filed Jan. 31, 2002) (allowing revised method of calculating damages under new formula); Order, First Fed. Sav. Bank of Hegewisch v. United States, No. 93-162C (Fed. Cl. filed Oct. 17, 2001) (allowing reliance damages under new theory).

Although plaintiffs' motion reveals that they eventually may claim the value of Raritan stock, the court is not convinced that such a claim—going to the measure of plaintiffs' expectancy damages— represents an entirely "new" theory of damages, such that plaintiffs' motion "mocks" the Master Discovery Plan and the concept of a "just, speedy, and inexpensive determination of every action" embodied in RCFC 1(a)(2). Def.'s Br. filed Feb. 4, 2002, at 5. Defendant argues that responding to Mr. Patten's supplemental report will be burdensome, because defendant necessarily must expend time and money to rebut his opinion. The court is of the contrary view that granting plaintiffs' request will not prevent the parties from adhering to a November 2002 trial date. As to its burden, defendant is entitled to a *quid pro quo*: Because the court in its December 10, 2001 order granting defendant leave to substitute its own expert charged defendant with the costs of plaintiffs' deposing that witness, plaintiffs must bear the costs of any deposition of Mr. Patten on the value of Raritan stock.

Defendant's arguments that discovery on the value of Raritan stock be denied because Landmark precludes plaintiffs' recovery of the value of that stock is an argument on the merits more properly brought as a motion *in limine* or one for summary judgment. The court does not at this time rule on the exclusion of Mr. Patten's report or on the merits of plaintiffs' claim to the value of Raritan stock, and defendant is not precluded from challenging that theory of recovery before taking discovery.

The court ordered the parties to file a Joint Status Report by February 28, 2002, in preparation for a trial to commence no later than November 4, 2002. The parties shall include in that schedule a discovery plan for Mr. Patten's supplemental report.

The court appreciates the frustration inherent in litigating a case intermittently for over a decade. Trial, however, is now in sight, and the court trusts that the parties will be able to treat each other with civility. As always, should the parties require the court's assistance in reaching an agreement as to a schedule, they may request a status conference. Accordingly,

IT IS **ORDERED**, as follows:

1. Plaintiffs' Motion for Leave To Submit a Supplemental Expert Report is granted.

2. By February 28, 2002, the parties shall file a Joint Status Report proposing a schedule for all pretrial proceedings, including a schedule for delivery of the expert report and expert discovery on the issue of the value of Raritan stock.

3. The court's chambers transmitted a copy of this order to counsel this date by facsimile transmission.

Christine Odell Cook Miller
Judge