# In the United States Court of Federal Claims

| | |
|---|---|
| HOMER J. HOLLAND,<br>HOWARD R. ROSS, AND<br>FIRST BANK,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>Filed April 11, 2007 |

**ORDER**

On March 20, 2007, plaintiffs filed a motion for leave to revise and supplement their damages claims ("Pls.' Mot.," docket entry 362). This Court recently determined that $5 million in preferred stock issued to FSLIC was not capital that was contractually promised to River Valley. *Holland v. United States*, 74 Fed. Cl. 225, 258–63 (2006). That ruling requires plaintiffs to adjust their lost value claim to reflect the elimination of $20 million, rather than $25 million, in promised regulatory capital. Plaintiffs aver that this revision will be purely computational. Pls.' Mot. 2–3. Defendant does not oppose this aspect of plaintiffs' motion.

Plaintiffs also seek leave to present a supplemental mitigation damages analysis. Pls.' Mot. 1. Plaintiffs assert that, in the three years since this case was originally set for trial, the Court of Appeals for the Federal Circuit has reviewed damages rulings in over twenty *Winstar* cases and, in light of Federal Circuit precedent, the principles guiding the disposition of damages claims have evolved. *Id.* at 4–5. Plaintiffs further assert that, should they be permitted to pursue their new damages theory, they will "forego their claim for the lost profits that River Valley would have earned by leveraging the breached regulatory capital to add incremental income-earning assets (other than San Antonio Federal Savings Bank) in the years following the breach." *Id.* at 1.

The Court understands defendant's principal arguments in opposition to plaintiff's motion ("Def.'s Opp'n," docket entry 365) filed April 3, 2007, to be that (1) the joinder of First Bank in this action was premised on plaintiffs' representation that First Bank's presence would not change plaintiffs' damages theories, and (2) permitting plaintiff to add a new theory of damages would unfairly prejudice defendant. Def.'s Opp'n 3–9.

Plaintiffs reply that their proposed new theory of damages has nothing to do with the joinder of First Bank; rather, plaintiffs are following the Federal Circuit's directive to *Winstar* plaintiffs to adapt to the Federal Circuit's evolving guidance, which they would have done irrespective of the joinder of First Bank. Pls.' Reply 4–5. They argue that defendant will not be prejudiced because the pretrial schedule provides time for additional expert discovery prior to trial. *Id.* at 6–8.

In light of the foregoing, plaintiffs' motion for leave to revise and supplement their damages claims is GRANTED. The Court ORDERS that plaintiffs submit Dr. Holland's supplemental expert report to defendant by **Friday, June 1, 2007**, as stated in this Court's order of March 20, 2007 (docket entry 361). In addition, plaintiffs shall provide a courtesy copy of the report to Chambers. Insofar as defendant's opposition can be read to request that the Court order plaintiffs to pay defendant's costs in defending against plaintiffs' revised theory of damages, that request is DENIED.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge