**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOMER J. HOLLAND,<br>THE ESTATE OF HOWARD R. ROSS,<br>AND FIRST BANK,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 95-524 C<br><br>(Judge G. Miller) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Pursuant to the Court's Order of March 20, 2007, Plaintiffs hereby submit their opposition to Defendant's motion for leave to amend its answer to assert counterclaims based on an alleged breach of the 1991 Settlement Agreement among the FDIC as Manager of the FRF, River Valley, and Messrs. Holland and Ross ("Settlement Agreement").

This Court's prior rulings squarely preclude Defendant's proposed counterclaims, all of which depend upon Defendant's allegation that Plaintiffs' present lawsuit against the United States "breache[s] the Settlement Agreement's covenant not to sue the FDIC, as manager of the FRF."[1] This Court has already held that (i) Plaintiffs sued the United States, (ii) the FDIC is not the United States, and (iii) only the FDIC as Manager of the FRF is a party to the Settlement Agreement. Thus, even accepting the counterclaims as alleged, they fail to state a claim upon which relief could be granted because Plaintiffs, according to the counterclaims, promised not to sue the FDIC, and, under this Court's prior rulings (and from the face of the complaint) Plaintiffs

[1] *See* Def.'s Proposed Third Amended Answer ¶¶ 143, 146, 148, 151, 155, 158.

have *not* sued the FDIC.[2] Moreover, even if Defendant's allegations described valid *FDIC* counterclaims, Defendant, the *United States*, would have no standing to assert them. Further, Defendant's untimely proposal to amend its answer is prejudicial to Plaintiffs, and fatally delayed under this Court's Rules.[3]

## I. Defendant's Proposed Counterclaims Fail to State Cognizable Claims for Relief

In its proposed amended answer, Defendant sets forth two counterclaims (for "Breach of the Covenant Not to Sue" and "Set-Off"), both alleging that Plaintiffs "breached the Settlement Agreement's covenant not to sue the FDIC, as manager of the FRF" "by filing [a] lawsuit against the FDIC"[4] -- a demonstrably false premise.

As the caption in this case makes plain, Plaintiffs sued the United States -- not the FDIC in its capacity as Manager of the FRF, or in any other capacity. As Defendant has argued to this Court before, and as the Court agreed in its November 17, 2006 liability opinion, "the FDIC is *not* the United States."[5] By statute, the FDIC is an independent jural entity, with the power "to sue and be sued, and complain and defend, by and through its own attorneys, in any court of law or equity, State or Federal."[6] But Plaintiffs have made no claim against that agency, which, in its capacity as FRF Manager, signed the 1991 Settlement Agreement with Plaintiffs. Rather, each

---

[2] *See* RCFC 12(b)(6).

[3] *Te Moak Bands of Western Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991) (abuse of discretion to allow amendment to pleadings, where as here, a party delayed amendment for 8 years); *Principal Life Ins. Co. and Subsidiaries v. United States*, 75 Fed. Cl. 32, 34 (2007) (Allegra, J.) (counterclaim asserted by United States over 4 years after its answer was filed rejected as untimely under Rules 13 and 15).

[4] Def.'s Proposed Third Amended Answer at ¶¶ 143, 146, 148, 151, 155, 158.

[5] *See* Pl's Mot. for Leave, dated June 21, 2006, Exhibit A at 35-36 (Def.'s Brief in *First Heights v. United States*, No. 96-811C, dated Jan. 17, 2006 arguing that "the FDIC has authority to sue and be sued and is not the United States"); *First Bank Liability Decision*, 74 Fed, Cl. 225, 255 (2006) (ruling that settlement with the FDIC did not effect settlement with the United States).

[6] *See* 12 U.S.C. § 1819(a).

Plaintiff in this case has sued the *United States* for breach of contract, and this Court has held the *United States* liable to Plaintiffs.[7]

Moreover, even to the extent that Plaintiffs made *allegations* concerning several government agencies, including the FDIC, in their complaints, this Court has construed Plaintiffs' *claims* as against the Office of Thrift Supervision, (as successor to the Federal Home Loan Bank Board) and the United States generally, and has held Defendant liable for breach of contract on that basis.[8] Thus, Plaintiffs have not breached the 1991 Settlement Agreement among Plaintiffs and the FDIC (as FRF Manager) by filing or pursuing this lawsuit. For this reason alone, the Court should reject as futile Defendant's proposed amendments to its answer.

## II. The Defendant United States Has No Standing To Pursue an FDIC Counterclaim

Even if the "breach of covenant" Defendant alleges were viable, *the United States*, the Defendant in this case, has no standing to bring such a counterclaim. As this Court has held, "[t]he FDIC in its capacity as manager of the FRF, is the only governmental signatory to the Settlement [A]greement."[9] Furthermore, "the Settlement Agreement did not purport to discharge claims against government agencies other than the FDIC, in its capacity as manager of the FRF, or against the United States generally."[10] This Court has also ruled out the possibility that the United States is a third party beneficiary of the Settlement Agreement, holding that "Plaintiff[]s [and their] predecessors made no [] promise in the Settlement Agreement" that would "discharge

---

[7] *Holland v. United States*, 74 Fed, Cl. 225, 264 (2006) ("First Bank Liability Decision"); *Holland v. United States*, 57 Fed. Cl. 540, 565-66 (2003) ("Holland and Ross Liability Decision").

[8] *See First Bank Liability Decision*, 74 Fed. Cl. at 254 ("the FHLBB was a party to each contract and the forbearance promises contained therein"); *id.*at 255 ("Upon enactment of FIRREA, OTS became responsible for the FHLBB's contractual promises") ; *id.* at 264 ("the Court holds that defendant is liable to plaintiff First Bank for breach of the express contracts").

[9] *First Bank Liability Decision*, 74 Fed. Cl. at 248.

[10] *Id.* at 255.

all liabilities of the United States."[11] Thus, even if Plaintiffs had filed a lawsuit against the FDIC that plausibly breached the Settlement Agreement (which Plaintiffs have not), *only the FDIC* could bring the counterclaim Defendant has proposed.

Defendant's request for leave to assert these FDIC counterclaims is directly contrary to several of the Court's prior rulings in this case, including its rulings that Defendant is *not* a party to the Settlement Agreement upon which the counterclaims are based, and that Defendant has no rights under that Settlement Agreement.[12] The Court has already denied Defendant's motion for reconsideration of these holdings.[13]

## III. Any Counterclaim Based On the 1991 Settlement Agreement Should Have Been Raised From the Outset And Is Untimely and Prejudicial to Plaintiffs in 2007

Even if Defendant could allege a valid counterclaim based on the 1991 Settlement Agreement, permitting such a claim now -- 12 years into the case, after rulings on summary judgment, and just months away from a scheduled damages trial -- would be untimely and prejudicial to Plaintiffs. Defendant has been keenly aware of, and focused on, the 1991 Settlement Agreement as an issue in this litigation since at least 1999, when, by Defendant's own account, it raised the Settlement Agreement as an affirmative defense by pleading "accord and satisfaction" in its Answer.[14] Moreover, Defendant re-pleaded its Settlement Agreement defense in January and June of 2005. Defendant offers no credible reason why it did not attempt to assert

[11] *Id.* at 249 n.14.

[12] *Id.* at 248.

[13] *See* No. 95-524C, Order of February 20, 2007 (denying Defendant's Motion for Reconsideration).

[14] *See* Tr. of Proceedings March 22, 2005 at 42, 56-57 (Defendant (J. Roberson) pointing to the 1991 Settlement Agreement as the source of the "accord and satisfaction" defense pleaded in Defendant's 1999 Answer); *First Bank Liability Decision*, 74 Fed. Cl. at 234-35 (finding that "defendant [] included the affirmative defense [based on the 1991 Settlement Agreement] in [its] answer to the complaint."); Def's 1999 Answer at ¶114.

a counterclaim based on the Settlement Agreement at these earlier opportunities.

In this Circuit, "delay alone, even without a demonstration of prejudice, has [] been sufficient grounds to deny amendment of pleadings."[15] "Notwithstanding the view that [Rule] 15(a) is to be construed liberally, courts have not hesitated to deny motions to amend that have been filed after significant delay."[16] Where, as here, a party has delayed for several years a proposed amendment it could easily have raised earlier in the litigation, the party seeking to amend faces an "added burden" to "justify that request by more than invocation of the concept of the rule's liberality."[17] Defendant offers no adequate explanation for the *eight year delay* between its 1999 Answer and the 2007 "counterclaims."

Defendant's contention that the Court's recent ruling discussing the Settlement Agreement as a "covenant not to sue" the FDIC somehow gave birth to the counterclaims it now seeks leave to assert does not withstand scrutiny. Rather, Defendant's proposed counterclaims rest squarely on the "accord and satisfaction" clause of the 1991 Settlement Agreement.[18] Whether that clause is construed as a "release" or a "covenant not to sue" -- or something else -- is not relevant to the question whether the clause gives rise to a counterclaim against Plaintiffs for filing the instant lawsuit. Defendant cites no authority to explain why the "covenant not to sue" label matters. If, as Defendant alleges, Plaintiffs were somehow liable for breaching their settlement promise to the FDIC, that would be so regardless of what the Court chose to call the

[15] *Te Moak Bands of Western Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991).

[16] *See Id.* (abuse of discretion to allow amendment to pleadings, where as here, a party delayed amendment for 8 years); *Principal Life Insurance Co. and Subsidiaries v. United States*, 75 Fed. Cl. 32, 34 (2007) (Allegra, J.) (counterclaim asserted by United States over 4 years after its answer was filed rejected as untimely under Rules 13 and 15).

[17] *See Te Moak Bands*, 948 F.2d at 1263.

[18] *See* Def.'s Motion for Leave at 3-4.

promise.

Earlier this year in the *Principal Life* case, this Court rejected two government counterclaims "absent proof" why the government "waited more than four years" to first raise the claims.[19] Concluding that "defendant simply overlooked the possibility of raising [its] [counter]claims," Judge Allegra found that the government had "utterly failed to meet its burden of showing that the delay in filing an amendment to a pleading was justified."[20] Here as in *Principal Life*, Defendant offers nothing more than an asserted lack of foresight to justify waiting more than *eight* years to raise the counterclaim it now proposes. Here too, Defendant has "utterly failed" to meet its burden under the Court's Rules.

A dilatory motive would also justify rejecting Defendant's proposed "counterclaims."[21] Although Defendant expressly disclaims any such bad faith in seeking to amend its answer, its conduct is consistent with a pattern of piecemeal litigation extending back to December 2003, by which Defendant has succeeded in extending this case for more than three years beyond its initially scheduled damages trial date of March 2004 (and now beyond the lifespan of one of the original plaintiffs).[22] Indeed, as Defendant's counterclaim cannot possibly succeed without this Court reversing its interpretation of the Settlement Agreement, *see supra* §§ I and II, this motion for leave to amend is truly a second motion for reconsideration of the Court's November 17, 2006 liability ruling.

[19] *See Principal Life*, 75 Fed. Cl. at 33-34.

[20] *Id.* at 34.

[21] *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989); *Webster v. United States*, 74 Fed. Cl. 439, 444 (2006).

[22] *See* Def.'s Mot. to Dismiss dated Dec. 2, 2003 (seeking dismissal of Holland and Ross); Def.'s Opposition to Joinder of First Banks, Inc. dated April 7, 2004; Def.'s Motion for Continuance dated Jan. 25, 2005 (challenging joinder of First Banks, Inc.); Def.'s Cross Motion for Summary Judgment dated Dec. 5, 2005 (raising accord and satisfaction defense).

Although it downplays the threat of prejudice to Plaintiffs, Defendant has already signaled its intent to seek discovery in connection with its proposed claim, pointing to the assets of deceased Plaintiff Howard Ross's estate (and the personal assets of the estate's executors) as a potential source of recovery.[23] Moreover, Plaintiffs would need to conduct their own discovery concerning any government counterclaim. Because the language of the Settlement Agreement and all documents in the record clearly indicate that the $3 million paid by the FDIC under that agreement was earmarked specifically to satisfy FSLIC/FRF's then-remaining assistance obligations to River Valley, Defendant will need to rely on some new witnesses or other new evidence if it intends to argue that the FDIC Settlement money compensated Plaintiffs for the government's breaches of contract. Plaintiffs would need to depose any witnesses and review any documents upon which the government might rely to make this argument, which finds no support whatsoever in the current record.

For these reasons, in addition to the counterclaims' obvious futility, the Court should deny Defendant's motion for leave to file an amended answer.

[23] *See* Defendant's Response to Plaintiffs' Rule 25(a) Motion to Substitute the Estate of Howard Ross, dated April 16, 2007.

Respectfully Submitted,

/s/ David B. Bergman
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: May 3, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of May 2007, I caused the foregoing **Plaintiffs' Opposition to Defendant's Motion For Leave to File An Amended Answer To Plaintiffs' Third Amended Complaint** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: May 3, 2007 /s/ Joshua P. Wilson
Joshua P. Wilson