**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 95-524C**
**(Judge George W. Miller)**

---

**HOMER J. HOLLAND, STEVEN BANGER, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

---


**MICHAEL HERTZ**
**Deputy Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**KENNETH M. DINTZER**
**Assistant Director**

**JOHN H. ROBERSON**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit**
**8th Floor, 1100 L Street**
**Washington, D.C. 20530**
**Tele: (202) 353-7972**
**Fax: (202) 514-8640**

**Attorneys for Defendant**

**OF COUNSEL:**

**SCOTT D. AUSTIN**
**ELIZABETH A. HOLT**
**WILLIAM G. KANELLIS**
**DAVID A. LEVITT**
**JOHN J. TODOR**


**May 10, 2007**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . 2

I. Our Counterclaims State Cognizable Claims For Relief . . . . . . . . . . 2

II. The United States Has Standing To Pursue Our Counterclaims In The Court Of Federal Claims . . . . . . . . . . 8

III. Our Counterclaims Are Not Untimely, Nor Prejudicial To Plaintiffs . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

Americold Corp. v. United States,
28 Fed. Cl. 747 (1993) . . . . . . . . . . 9, 12

Bailey v. United States,
53 Fed. Cl. 251 (2002), aff'd, 341 F. 3d 1342 (Fed. Cir. 2003),
cert. denied, 541 U.S. 1072 (2004) . . . . . . . . . . 4

Cal. Fed. Bank v. United States,
245 F.3d 1342 (Fed. Cir. 2001) . . . . . . . . . . 3

Data Gen'l Corp. v. Johnson,
78 F.3d 1556 (Fed. Cir. 1996) . . . . . . . . . . 7

FDIC v. Bank One, Waukesha,
881 F.2d 390 (7th Cir. 1989) . . . . . . . . . . 4

First Fed. Sav. & Loan Ass'n of Rochester v. United States,
58 Fed. Cl. 139 (2003) . . . . . . . . . . 12

Foman v. Davis,
371 U.S. 178 (1962) . . . . . . . . . . 11

Frantz Equip. Co. v. United States,
105 F. Supp. 490 (Ct. Cl. 1952) . . . . . . . . . . 12

Globe Sav. Bank, F.S.B. v. United States,
55 Fed. Cl. 247 (2003) . . . . . . . . . . 3

Hansen Bancorp, Inc. v. United States,
49 Fed. Cl. 168 (2001) . . . . . . . . . . 4

Holland v. United States,
75 Fed. Cl. 492 (2007) . . . . . . . . . . 6, 10, 13

Holland v. United States,
74 Fed. Cl. 225 (2006) . . . . . . . . . . passim

Holland v. United States,
57 Fed. Cl. 540 (2003) . . . . . . . . . . 7

Landmark Land Co. v. United States,
256 F.3d 1365 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

McElrath v. United States,
102 U.S. 426 (1880) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

New Hampshire v. Maine,
532 U.S. 742 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Principal Life Ins. Co. & Subsidiaries v. United States,
75 Fed. Cl. 32 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Sinclair Oil Corp. v. United States,
291 F.3d 822 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Speciality Transp., Inc. v. United States,
57 Fed. Cl. 1 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Statesman Sav. Holding Corp. v. United States,
41 Fed. Cl. 1 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statesman II Apartments, Inc. v. United States,
66 Fed. Cl. 608 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Te-Moak Bands of W. Shoshone Indians of Nev. v. United States,
948 F.2d 1258 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Trafalgar House Constr., Inc. v. United States,
__ Fed. Cl. __, 2007 WL 1266924 (Fed. Cl. April 30, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Munsey Trust Co.,
332 U.S. 234 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Winstar,
518 U.S. 839 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Winstar v. United States,
64 F.2d 1531 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATE CASES

Clark v. Mallorey,
185 Ill. 227, 56 N.E. 1099 (1900) . . . . . . . . . . 11

Porter v. Ford Motor Co.,
449 N.E.2d 827 (Ill. 1983) . . . . . . . . . . 11

## FEDERAL RULES

Fed. R. Civ. P. 15 . . . . . . . . . . 11

RCFC 10 . . . . . . . . . . 3

RCFC 13 . . . . . . . . . . 1

RCFC 15 . . . . . . . . . . 1. 11

## FEDERAL STATUTES

12 U.S.C. § 1819 . . . . . . . . . . 4

28 U.S.C. § 1491 . . . . . . . . . . 3

28 U.S.C. § 1503 . . . . . . . . . . passim

28 U.S.C. § 2508 . . . . . . . . . . passim

31 U.S.C. § 3713 . . . . . . . . . . 13

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGER, Co-Executor of the Estate of HOWARD R. ROSS, and<br>FIRST BANK<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 95-524C<br><br>(Judge George W. Miller)<br><br>(Winstar-Related Case) |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Pursuant to Rules 13 and 15 of the Rules of the United States Court of Federal Claims ("RCFC"), and this Court's order dated March 20, 2007, defendant, the United States, respectfully submits its reply to plaintiffs' opposition to our motion for leave to file an amended answer to plaintiffs' third amended complaint. As discussed in our motion, our amended answer would set forth affirmative counterclaims that arise from the Court's opinions and orders dated November 17, 2006; February 20, 2007; and February 28, 2007, construing the August 14, 1991 Settlement Agreement's accord and satisfaction provision to be merely a covenant not to sue.[1]

Plaintiffs' opposition to our motion to amend our answer misstates the role of the Government and its agencies in this litigation. By bringing suit in the Court of Federal Claims,

---

[1] Our proposed counterclaims are to be considered as an alternative argument to our affirmative defense of accord and satisfaction. Although the Court has rejected our accord and satisfaction defense, we respectfully disagree with the determination and accordingly reserve all of our rights with respect to this defense.

plaintiffs must bring suit against the United States. The United States, however, acts through its agencies, in this case the Office of Thrift Supervision ("OTS") and Federal Deposit Insurance Corporation ("FDIC"), as successors in interest to the Federal Home Loan Bank Board ("FHLBB") and Federal Savings and Loan Insurance Corporation ("FSLIC"), respectively. As agencies of the United States, the United States can assert counterclaims upon their behalf in this litigation.

In addition, because we could not predict that this Court would interpret the accord and satisfaction provision of the Settlement Agreement as a covenant not to sue, our motion is not untimely. Even if our motion was untimely, the Court should, nonetheless, grant it pursuant to 28 U.S.C. §§ 1503 and 2508. Plaintiffs would not be prejudiced by the Court granting our motion to amend our answer to assert our affirmative counterclaims because it is still approximately seven months before trial and the Court has already established a timetable allowing other discovery to proceed.

## ARGUMENT

### I. Our Counterclaims State Cognizable Claims For Relief

Our counterclaims state cognizable claims for relief. Plaintiffs' case must be captioned against the United States. Plaintiffs' claims, however, as they and the Court have recognized, relate to the OTS and FDIC, as successors in interest to the FHLBB and FSLIC, respectively. We have a duty to bring counterclaims upon behalf of our agencies in this litigation. In addition, our claim is cognizable because the Court left open the possibility that the FDIC's payment, made pursuant to the Settlement Agreement, could impact a damage award in this case.

Jurisdiction over plaintiffs' claims in this Court is based upon the Tucker Act. 28 U.S.C. § 149l. Pursuant to this statute, the United States has waived its sovereign immunity by consenting to be sued in this Court only if the action is a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Therefore, the United States is the only proper defendant in the Court of Federal Claims. See RCFC 10(a).

Plaintiffs' allege that the United States breached express contracts. The United States, however, acts through its agencies, and these alleged contracts were not entered into by the United States itself, but through the FHLBB and FSLIC, as predecessors to the OTS and FDIC, respectively. See, e.g., Globe Sav. Bank, F.S.B. v. United States, 55 Fed. Cl. 247, 256-57 (2003) (stating, in Winstar-related case for breach of contract against the United States, that "[i]n order to have a valid contract with the Government, the Government agency that created or ratified the agreement has to have had actual authority to bind the Government" and "[t]he controlling law clearly indicates that the FHLBB and FSLIC had broad authority to enter into contracts" (citing United States v. Winstar, 518 U.S. 839, 890-91 (1996); Cal. Fed. Bank v. United States, 245 F.3d 1342, 1348 (Fed. Cir. 2001); Winstar v. United States, 64 F.2d 1531, 1548 (Fed. Cir. 1995)).

As a result, plaintiffs' argument that we do not have a cognizable counterclaim because "'the FDIC is not the United States,'" Pl. Opp. 2,[2] is incorrect. The United States Court of Appeals for the Federal Circuit has specifically held that, in managing the Federal Savings and

[2] "Plaintiffs' Opposition To Defendant's Motion For Leave To File An Amended Answer To Plaintiffs' Third Amended Complaint" is cited as Pl. Opp. ___.

Loan Insurance Corporation Resolution Fund ("FRF"), the FDIC acts in its corporate capacity and, as such, is an agent of the United States. Landmark Land Co. v. United States, 256 F.3d 1365, 1381 (Fed. Cir. 2001); see also FDIC v. Bank One, Waukesha, 881 F.2d 390, 392 (7th Cir. 1989); Bailey v. United States, 53 Fed. Cl. 251, 254 (2002), aff'd, 341 F.3d 1342 (Fed. Cir. 2003), cert. denied, 541 U.S. 1072 (2004); Hansen Bancorp, Inc. v. United States, 49 Fed. Cl. 168, 175 (2001); Statesman Sav. Holding Corp. v. United States, 41 Fed. Cl. 1, 13 (1998); 12 U.S.C. § 1819(b)(1) ("The Corporation, in any capacity, shall be an agency of the United States . . . ."). This Court has accepted this well-established holding in this very case. Holland v. United States, 74 Fed. Cl. 225, 238 (2006). That the FDIC has the authority to "sue and be sued" in its own name in a district court does not affect the FDIC's status as a United States entity when it acts in its corporate capacity. See 12 U.S.C. § 1819(a).[3]

Instead, this Court recognizes that the Government acts through its agencies, by holding that both the FSLIC and FHLBB, as successors to the FDIC and OTS, respectively, were parties to the "contract" between plaintiffs and the "Government."

> Here, the Federal Circuit's holdings establish that the integration of the FHLBB resolutions and forbearance letters into the FSLIC Assistance Agreements did not eliminate the FHLBB as a contractual party and thereby leave FSLIC as the only governmental party to the forbearance promises. Although there

[3] Plaintiffs once again seek to revisit the arguments they unsuccessfully raised in their June 21, 2006 motion for leave, specifically citing our brief in First Heights v. United States, No. 96-811C, filed on January 17, 2006, where we stated that "the FDIC has the authority to sue and be sued, 12 U.S.C. § 1981(a), and is not the United States." Defendant's Response To The Plaintiffs' Motion For Leave Filed On June 21, 2006 (July 10, 2006), pp. 35-36 of Exhibit C. As we discussed in that response, the situation in First Heights was entirely different from, and does not preclude, our position here. In First Heights, the statement that the FDIC "is not the United States," was made in the context of the FDIC having independently initiated litigation in a district court.

> exists but one contract between the thrift and the Government for each merger transaction in this case, the FHLBB was a party to each contract and the forbearance promises contained therein by virtue of the resolutions and forbearance letters reflecting those promises. Upon enactment of FIRREA, OTS became responsible for the FHLBB's contractual promises. Because the Settlement Agreement did not purport to discharge claims against government agencies other than the FDIC, in its capacity as manager of the FRF, or against the United States generally, defendant's affirmative defense of accord and satisfaction fails.

Holland, 74 Fed. Cl. at 254-55; see also id. at 238 ("That the FDIC had authority to act as an agency of the United States when it executed the Settlement Agreement is also reflected in the terms of the Assistance Agreements. FSLIC signed the Assistance Agreements on behalf of the Government as 'a corporate instrumentality and agency of the United States.'").[4] As a result, plaintiffs cannot successfully argue that because the caption in this case is the "United States," we have no cognizable counterclaims for relief upon behalf of the FDIC, whose predecessor was a party to the "contract" between plaintiffs and the "Government." See id. at 254-55. The flaw in plaintiffs' argument is made clear when it attempts to argue that "even to the extent that Plaintiffs made allegations concerning several government agencies, including the FDIC, in their complaints, this Court has construed Plaintiffs' claims as against the Office of Thrift Supervision, (as successor to the Federal Home Loan Bank Board) and the United States

[4] Although the Court has found that there was a single unified contract, id. at 246 n. 11, involving contractual promises of the OTS, as successor to the FHLBB, the Court nonetheless held that the Settlement Agreement settled, at most, the contractual claims between the plaintiffs and the FDIC alone, leaving unresolved the issue whether the FDIC succeeded to the rights and obligations of the FSLIC pursuant to the River Valley Assistance Agreements. As previously noted, we respectfully disagree with the Court's determination, and reserve our rights with respect to our contention that the Settlement Agreement constituted a complete accord and satisfaction of all claims against the Government connected with the River Valley Assistance Agreements.

generally . . . ." Pl. Opp. 3 & n.8. Plaintiffs cannot explain why the United States can be sued for the actions of its agency, the OTS, but not for the actions of its agency, the FDIC. If plaintiffs' argument is correct, then plaintiffs' failure to timely sue the OTS requires plaintiffs' lawsuit to now be dismissed as untimely.

Instead, the implication of the Court's prior rulings is simply that it makes no difference to the Court's liability analysis whether plaintiffs sued the FDIC or not. See generally Holland v. United States, 75 Fed. Cl. 492, 498 (2007) ("The Court therefore concludes that under Illinois law the release would be construed as a covenant not to sue and would have no effect upon plaintiff's claims against defendant for breach of the forbearance promises by OTS.").

Moreover, plaintiffs' complaints and prior filings are dispositive of this issue. To be sure, plaintiffs have never sought any damages distinctly from the OTS, as successor to the FHLBB, as opposed to the FDIC, as successor to the FSLIC. Plaintiffs, however, have repeatedly indicated that there was but a single contract with "the government" that existed encompassing the obligations of both the FHLBB and FSLIC, as predecessors in interest to the OTS and FDIC, respectively. See, e.g., Pl. Third Am. Compl. (May 18, 2005) at ¶ 25 ("On July 29, 1988, FHLBB, FSLIC, Homer J. Holland, Howard R. Ross, and River Valley I executed and delivered a series of integrated documents which together comprise a unitary agreement."); ¶ 44 ("On July 29, 1988, FHLBB, FSLIC, Homer J. Holland, Howard R. Ross, and River Valley II executed and delivered a series of integrated documents concerning the conversion and merger of Republic with and into River Valley II and comprising a unitary agreement among them."); ¶¶ 74-77 (alleging a contract between plaintiffs and "the government" and seeking damages from injuries caused by the United States); see also, e.g., id. at ¶ 12 ("FHLBB and FSLIC provided a variety of

cash and non-cash inducements to encourage such acquisitions."); ¶ 15 ("FHLBB and FSLIC solicited bids from potential acquirors."); ¶ 16 ("FHLBB and FSLIC represented that FSLIC would provide a major infusion of funds . . . [and] FHLBB and FSLIC represented by various references to capital requirements and forbearances from capital requirements that the government would provide an opportunity for Holland and Ross to leverage their investment of capital."); ¶ 20 ("FSLIC and FHLBB intended to provide and promised to provide Holland and Ross with a commercially sound opportunity."); ¶ 23 ("All parties to the negotiations, including FHLBB and FSLIC, recognized that the government's agreement . . . was to be authorized to treat the FSLIC cash contribution as regulatory capital."); ¶ 25(f) ("FSLIC and the FHLBB agreed with Holland and Ross and River Valley I that: (i) [t]he secretary of the FHLBB shall send to River Valley I a letter concerning forbearances by the FHLBB and the FSLIC with respect to certain regulatory requirements.").

Indeed, plaintiffs' Homer Holland and Howard Ross (as now substituted for Steven Bangert, Co-Executor of the Estate of Howard R. Ross) are judicially estopped from any other assertion. "[J]udicial estoppel generally bars a party 'from prevailing in one phase of a case on an argument and then relying on a contrary argument to prevail in another phase.'" Statesman II Apartments, Inc. v. United States, 66 Fed. Cl. 608, 623 (2005) (quoting New Hampshire. v. Maine, 532 U.S. 742, 749 (2001)); see also Data Gen'l Corp. v. Johnson, 78 F.3d 1556, 1565 (Fed. Cir. 1996) ("The doctrine of judicial estoppel is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed."). In Holland v. United States, 57 Fed. Cl. 540, 542-43, 565-66 (2003), this Court found, based upon plaintiffs' Holland and Ross's

complaint and cross-motion for summary judgement, the Government liable to plaintiffs' Holland and Ross for breach of the forbearance agreements with the FHLBB and FSLIC. Therefore, plaintiffs' Holland and Ross cannot now assert that their claims did not include the OTS and FDIC, as successors to the FHLBB and FSLIC, respectively.

Finally, in construing the accord and satisfaction provision as a covenant not to sue and finding that plaintiffs' claims with respect to the FDIC were discharged, the Court left open the possibility that the payment made by the FDIC pursuant to the Settlement Agreement could nonetheless impact any damages award in this case. "The Court's opinion and order filed February 20, 2007 (docket entry 347) did not address the effect on any future damages award of the payment made by FDIC as manager of the FRF to plaintiff First Bank's predecessor in interest pursuant to the August 14, 1991 Settlement Agreement. That issue therefore remains open." Order (2/28/07). Our counterclaims simply reflect the Court's acknowledgment that the Settlement Agreement could have an impact upon the damages in this case. As such, our counterclaims, brought upon behalf of the FDIC, our agency, and arising out of the very claims made by plaintiffs in this case, are viable counterclaims.

## II. The United States Has Standing To Pursue Our Counterclaims In The Court Of Federal Claims

We have standing to pursue counterclaims upon behalf of our agency, the FDIC. It is well-established precedent that a plaintiff bringing suit in the Court of Federal Claims "subjects itself to the possibility of a judgment against it on any setoff, claim, or demand" by the

Government. Americold Corp. v. United States, 28 Fed. Cl. 747, 750 (1993). This precedent is based upon 28 U.S.C. §§ 1503 and 2508, which provide jurisdiction for our counterclaims.[5]

That the Settlement Agreement was found to only discharge claims between plaintiffs and the FDIC is irrelevant. As discussed above, in managing the FRF, the FDIC acts in its corporate capacity and, as such, is an agent of the United States. See, e.g. Landmark Land Co., 256 F.3d at 1381, and cases cited in Section I. This suit, although captioned against the United States, involves claims relating to the FDIC. See Holland, 74 Fed. Cl. at 238 ("That the FDIC had authority to act as an agency of the United States when it executed the Settlement Agreement is also reflected in the terms of the Assistance Agreements. FSLIC signed the Assistance Agreements on behalf of the Government as 'a corporate instrumentality and agency of the United States.'"). By choosing to sue the United States in the Court of Federal Claims, plaintiffs are now subject to any counterclaims arising from their suit. See, e.g., Trafalgar House Constr., Inc. v. United States, __ Fed. Cl. __, 2007 WL 1266924, (Fed. Cl. April 30, 2007) (United States counterclaimed upon behalf of Department of Labor in plaintiff's breach of contract action against the Department of Labor, as captioned against the "United States"); Specialty Transp., Inc. v. United States, 57 Fed. Cl. 1 (2003) (United States counterclaimed upon behalf of Department of Veterans Affairs in plaintiff's breach of contract action against the Department of Veterans Affairs, as captioned against the "United States").

---

[5] 28 U.S.C. § 1503 states: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any set-off or demand by the United States against any plaintiff in such court." Similarly, 28 U.S.C. § 2508 states: "Upon the trial of any suit in the United States Court of Federal Claims in which any setoff, counterclaim, claim for damages, or other demand is set up on the part of the United States against any plaintiff making claim against the United States in said court, the court shall hear and determine such claim or demand both for and against the United States and plaintiff."

## III. Our Counterclaims Are Not Untimely, Nor Prejudicial To Plaintiffs[6]

Our motion is not untimely. Plaintiffs are wrong in arguing that our motion was delayed and that we gave "no adequate explanation" for that delay. Pl. Opp. 5. As we discussed in our motion, the Court's February 20, 2007 opinion, made clear, for the first time in this litigation, that the Court would construe the broad accord and satisfaction language of the Settlement Agreement to be merely a covenant not to sue between the FDIC and the plaintiffs. Holland, 75 Fed. Cl. at 498; see also Holland, 74 Fed. Cl. 225; Order (Feb. 28, 2007). We could not have known prior to this opinion that the Court would interpret the accord and satisfaction provision as merely a covenant not to sue. An accord and satisfaction is an affirmative defense.[7] A breach of a covenant not to sue is a counterclaim. We argued to this Court that the broad accord and satisfaction provisions of the Settlement Agreement constituted a complete bar to plaintiffs' claims against the Government. Therefore, we would not have known to bring a counterclaim and, in fact, there would have been no need to bring a counterclaim. Only after the Court interpreted the accord and satisfaction provision as a covenant not to sue did we know that counterclaims for breach of a covenant not to sue and a set-off – as opposed to an affirmative defense – should be asserted.[8]

---

[6] Plaintiffs have not argued that our counterclaims are futile upon the merits, thus conceding that our counterclaims are valid upon the merits.

[7] We identified accord and satisfaction in a timely manner as an affirmative defense in our initial answer, filed September 22, 1999, as well as in our answer to plaintiffs' second amended complaint, filed January 27, 2005, and our answer to plaintiffs' third amended complaint, filed June 6, 2005.

[8] Plaintiffs' reliance upon Te-Moak Bands of W. Shoshone Indians of Nev. v. United States, 948 F.2d 1258 (Fed. Cir. 1991), is inapposite. We acknowledge that in Te-Moak, the Federal Circuit recognized, in a case in which the plaintiffs had made multiple amendments to

As explained in our motion, the liberal pleading rules of RCFC 15, as interpreted in the context of 28 U.S.C. §§ 1503 and 2508, also protect our right to bring our counterclaims. Foman v. Davis, 371 U.S. 178, 182 (1962), sets forth the liberal pleading rules pursuant to Fed. R. Civ. P. 15, as well as the factors the courts use to evaluate whether to allow an amendment pursuant to these liberal pleading rules. The discretion granted a court in interpreting Rule 15 pursuant to Foman must be balanced against the explicit language of 28 U.S.C. §§ 1503 and 2508, mandating the Court of Federal Claims "shall have jurisdiction," 28 U.S.C. § 1503 (emphasis

---

their pleadings over the course of many years, that "[d]elay alone, even without a demonstration of prejudice, has thus been sufficient grounds to deny amendment of pleadings." Id. at 1262. The Federal Circuit also recognized, however, that "[i]n some cases it has been held important to determining the propriety of the motion for leave to amend whether prejudice would result to the nonmoving party." Id. "Thus, with the passage of time and acceptance of multiple earlier amendments, a point is reached when the party seeking to amend must justify that request by more than invocation of the concept of the rule's liberality." Id. at 1263.

As we have not previously moved to amend our answer and, in fact, plaintiffs have moved three times to amend their complaint, our motion is justified by "invocation of the concept of the rule's liberality." Id. In addition, as discussed above, there has been no undue delay between the events leading to our need to amend our answer and this motion to amend our answer.

Likewise, Principal Life Ins. Co. & Subsidiaries v. United States, 75 Fed. Cl. 32 (2007), is inapposite. We have not "simply overlooked the possibility" of raising our counterclaims, id. at 33-34, because, as explained above, we could not predict that we would need to raise our counterclaims prior to the Court's interpretation of our affirmative defense of accord and satisfaction as a covenant not to sue.

Indeed, case law demonstrates that the broad settlement release language as is found here is to be understood as an accord and satisfaction and not as a covenant not to sue. See, e.g. Porter v. Ford Motor Co., 449 N.E.2d 827, 828, 830 (Ill. 1983) (holding, with respect to release containing the expansive terminology of "all," "any," or "any or all," that "[w]e do not have here an instrument which on its face is a covenant not to sue or which contains an express reservation of rights. It is clear from its language that it is a full release."); Clark v. Mallorey, 185 Ill. 227, 233, 56 N.E. 1099 (1900) (holding broad and unambiguous release language cannot be construed as a covenant not to sue). Accordingly, we had no reason to believe the Court would interpret the release as merely a covenant not to sue.

added), and "shall hear and determine," 28 U.S.C. § 2508 (emphasis added), counterclaims and set-offs.

> Foman does not address or implicate 28 U.S.C. §§ 1503 and 2508, the latter mandating ("shall") – as a condition of the government's waiver of sovereign immunity . . . – that this court decide all claims or demands asserted by the government against a plaintiff in this court. As limitations on this court's statutory jurisdiction, these statutes must be strictly construed in the government's favor.

Americold Corp., 28 Fed. Cl. at 751 (citations omitted); see also McElrath v. United States, 102 U.S. 426, 440 (1880); Frantz Equip. Co. v. United States, 105 F. Supp. 490, 495 (Ct. Cl. 1952). Therefore, even if our motion was somehow untimely, we would still be allowed to bring our counterclaims.

In addition, the Government always maintains a right to offset. The Supreme Court, Federal Circuit, and this Court have long recognized the Government's common law right to offset or recoup debts owed to the Government against contract payments and damages due to the debtor. See, e.g., United States v. Munsey Trust Co., 332 U.S. 234, 239 (1947) (holding that the "government has the same right 'which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him'" (citations omitted)); Sinclair Oil Corp. v. United States, 291 F.3d 822, 828-29 (Fed. Cir. 2002) (proceeds received by a purchaser of gasoline from its settlement with a refiner would offset the gasoline purchaser's asserted refund from a DOE fund); First Fed. Sav. & Loan Ass'n of Rochester v. United States, 58 Fed. Cl. 139, 165 (2003) (Government's right to offset damages can be raised as a "defense or argument in mitigation" during the damages phase of proceedings).

Addressing plaintiffs' other arguments, our counterclaims are not brought with a "dilatory motive" or in "bad faith." Pl. Opp. 6. We alerted the Court of our intent to amend our answer to assert affirmative counterclaims within days of this Court's order and opinion interpreting the Settlement Agreement's accord and satisfaction provision as a covenant not to sue. See Holland, 75 Fed. Cl. at 498. In addition, our counterclaims do not seek to "extend[] this case." Pl. Opp. 6. In fact, the Court's March 20, 2007 order, specifically provides a timetable for the filing and decision upon our counterclaims, as well as for discovery upon Dr. Holland's supplemental expert report, while also setting trial to begin on December 3, 2007. To the extent that any discovery would be required upon our counterclaims,[9] there is ample time for discovery prior to trial, as the Court's March 20, 2007 order already recognizes. For these same reasons, our counterclaims are not prejudicial to plaintiffs.

---

[9] Plaintiffs' claim of needing discovery to establish the amount of our counterclaim is unfounded. Pursuant to the terms of the Settlement Agreement, River Valley III paid the FDIC $50,000 and the FDIC paid River Valley III $3,276,902.90, for a net payment by the FDIC of $3,226,902.90. This Court has already determined that "the consideration in . . . the Settlement Agreement supported all of the promises made in the agreement, including the promises by each party to discharge any and all claims in connection with the Assistance Agreement." Holland, 74 Fed. Cl. at 247. In particular, the Court determined that "there was sufficient consideration to support an accord and satisfaction of the forbearance promises." Id.

Plaintiffs' assertion of prejudice based upon its statement that "Defendant has already signaled its intent to seek discovery in connection with its proposed claim, pointing to the assets of deceased Plaintiff Howard Ross's estate (and the personal assets of the estate's executors) as a potential source of recovery" is equally unfounded. Pl. Opp. 7. Our April 16, 2007, response to plaintiff's Rule 25(a) motion to substitute the Estate of Howard Ross simply noted that, to preserve our ability to recover upon our counterclaims from the Ross Estate, "31 U.S.C. § 3713 requires that we provide notice of the Government's claim to a representative of the Ross estate." Given that trial is approximately seven months away, plaintiffs certainly cannot argue that they will be prejudiced if they simply have to provide us the name of the Ross Estate's representative.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion for leave to amend our answer to plaintiffs' third amended complaint to add a counterclaim for breach of a covenant not to sue or, in the alternative, for a set-off, and to order that our amended answer that accompanied our motion be filed.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson by Elizabeth A. Holt
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640
Attorneys for Defendant

Of Counsel:

SCOTT D. AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
DAVID A. LEVITT
JOHN J. TODOR

May 10, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson by Elizabeth A. Holt

John H. Roberson