IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOMER J. HOLLAND,<br>THE ESTATE OF HOWARD R. ROSS,<br>AND FIRST BANK,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 95-524 C<br><br>(Judge G. Miller) |

**JOINT MOTION FOR A STIPULATED ORDER CONCERNING APPLICATION OF AMENDED MASTER PROTECTIVE ORDER TO CERTAIN DOCUMENTS**

Plaintiffs and Defendant respectfully ask the Court to enter a stipulated Order permitting plaintiffs to disclose certain documents to an agency of the United States Government not involved in this Action, notwithstanding any term of the Amended Master Protective Order entered August 14, 1998 (the "AMPO").

An agency of the Government that has no involvement in this action has requested access to certain documents produced in discovery for use in another matter. Neither plaintiffs nor the defendant objects to plaintiffs providing the requested documents to the requesting agency.[1] Read literally, however, the AMPO may not permit documents from the discovery record in this case to be used in that other matter.[2] To permit the release of a limited set of documents to the requesting agency, the parties have stipulated to the suspension of any provision of the AMPO that would otherwise preclude the delivery, by plaintiffs, to the requesting agency of copies of

[1] A chart enumerating the documents is attached as Exh. A.

[2] *See* AMPO (copy attached as Exh. B) at ¶¶ 2, 3, 4, 7, 14.

those documents. Upon release of those documents, by plaintiffs, to the requesting agency, those documents would no longer be subject to the AMPO. Accordingly, the parties jointly and respectfully request that the Court enter a final stipulated Order containing the terms reflected in the attached proposed stipulated Order.

Respectfully Submitted,

/s/ David B. Bergman

David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: May 17, 2007

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson by Elizabeth A. Holt
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640
Attorneys for Defendant

Of Counsel:

SCOTT D. AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
DAVID A. LEVITT
JOHN J. TODOR

Dated: May 17, 2007

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER J. HOLLAND, THE ESTATE OF HOWARD R. ROSS, AND FIRST BANK, | ) | |
| Plaintiffs, | ) | No. 95-524 C |
| v. | ) | (Judge G. Miller) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**[PROPOSED] STIPULATED ORDER CONCERNING APPLICATION OF AMENDED MASTER PROTECTIVE ORDER TO CERTAIN DOCUMENTS**

1. An agency of the United States Government that has no involvement in this action has requested access to certain documents produced in discovery here for use in another matter.

2. Neither plaintiffs nor the defendant objects to plaintiffs providing the requested documents to the requesting agency.

3. A chart enumerating the documents subject to the request is attached to this Order as Exhibit A.

4. To the extent necessary to permit plaintiffs to provide one copy of each document listed on Exhibit A to the requesting agency for use in another matter, any provision of the Amended Master Protective Order entered August 14, 1998 in the *Winstar*-related cases that would otherwise preclude, or place any condition upon, the delivery of such documents to the requesting agency is hereby suspended.

5. Upon release of those documents, by plaintiffs, to the requesting agency, those documents would no longer be subject to the Amended Master Protective Order.

6. This Order applies to no other documents other than those enumerated in Exhibit A, and applies to no disclosure of those documents other than the delivery, by plaintiffs, of one copy of each such document to the requesting agency.

7. In all other respects, the Amended Master Protective Order entered August 14, 1998 in the *Winstar*-related cases remains in full force and effect.

IT IS SO ORDERED.

___________________________
George W. Miller
JUDGE

# EXHIBIT A

**EXHIBIT A**

**HOLLAND & ROSS, et al. v. UNITED STATES, 95-524C**

| Date | Plaintiffs' Bates Number | [illegible] | [illegible] |
|---|---|---|---|
| **JOINT RIVER VALLEY SAVINGS BANK BOARD OF DIRECTORS AND RSVB, FSB BOARD OF DIRECTORS** | | | |
| 04/19/1989 | H&R-B48-00910 - H&R-B48-00915 | PHO041 0915-0920 | JOINT REGULAR MEETING OF THE BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK - RIVER VALLEY SAVINGS BANK, FSB |
| 07/19/1989 | H&R-B48-00919 - H&R-B48-00923 | PHO041 0924-0928 | JOINT REGULAR MEETING OF THE BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK - RIVER VALLEY SAVINGS BANK, FSB |
| 10/18/1989 | H&R-B48-00924 - H&R-B48-00927 | PHO041 0929-0932 | JOINT REGULAR MEETING OF THE BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK - RIVER VALLEY SAVINGS BANK, FSB |
| 01/24/1990 | H&R-B48-00941 - H&R-B48-00947 | PHO041 0946-0952 | JOINT REGULAR MEETING OF THE BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK - RIVER VALLEY SAVINGS BANK, FSB |
| 04/18/1990 | H&R-B48-00972 - H&R-B48-00975 | PHO041 0977-0980 | JOINT REGULAR MEETING OF THE BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK - RIVER VALLEY SAVINGS BANK, FSB |
| 07/25/1990 | H&R-BX61-00255 - H&R-BX61-00260 | PHO058 1764-1769 | MINUTES OF JOINT MEETING OF BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK AND RIVER VALLEY SAVINGS BANK, FSB |
| 10/24/1990 | H&R-B02-00558 - H&R-B02-00532 | PHO029 0565-0569 | MINUTES OF JOINT MEETING OF THE BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK AND RIVER VALLEY SAVINGS BANK, FSB |
| 01/23/1991 | | HO2001 2858-2864 | MINUTES OF JOINT MEETING OF THE BOARDS OF DIRECTORS RIVER VALLEY SAVINGS BANK AND RIVER VALLEY SAVINGS BANK, FSB |

HOLLAND & ROSS, et al. v. UNITED STATES, 95-524C

| Date | Plaintiff/Other Bates Numbers | [illegible] | [illegible] |
|---|---|---|---|
| **RIVER VALLEY SAVINGS BANK - BOARD OF DIRECTORS** | | | |
| 05/18/1988 | H&R-B43-00493 - H&R-B43-00494 | PHO050 0493-0494 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 06/15/1988 | H&R-B43-00490 - H&R-B43-00491 | PHO050 0490-0491 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 08/17/1988 | H&R-BX61-01649 - H&R-BX61-01650 | PHO059 0042-0043 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 09/23/1988 | H&R-B51-471 - H&R-B51-472 | PHO003 0125-0126 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 10/19/1988 | H&R-BX61-01474 - H&R-BX61-01475 | PHO058 3063-3064 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 11/16/1988 | H&R-BX61-01404 - H&R-BX61-01405 | PHO058 2921-2922 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 12/20/1988 | H&R-BX70-0216 - H&R-BX70-0218 | PHO063 0720-0722 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 01/26/1989 | H&R-BX70-0141 - H&R-BX70-0142 | PHO063 0645-0646 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 02/17/1989 | H&R-BX70-0094 - H&R-BX70-0095 | PHO063 0598-0599 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| 03/15/1989 | H&R-BX59-01468 - H&R-BX59-01469 | PHO057 2296-2297 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK |
| **RIVER VALLEY FEDERAL SAVINGS BANK - BOARD OF DIRECTORS** | | | |
| 03/25/1991 | | PHO039 0246-0250 | MINUTES OF FIRST MEETING OF BOARD OF DIRECTORS OF RIVER VALLEY FEDERAL SAVINGS BANK |

HOLLAND & ROSS, et al. v. UNITED STATES, 95-524C

| Date | Plaintiff/Other Bates Numbers | [illegible] | [illegible] |
|---|---|---|---|
| **RIVER VALLEY SAVINGS BANK, FSB - BOARD OF DIRECTORS** | | | |
| 07/29/1988 | | HO2003 1627-1628 | MINUTES OF THE BOARD OF DIRECTORS MEETING OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 08/18/1988 | H&R-B19-00063 - H&R-B19-00067 | PHO017 0064-0068 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 09/22/1988 | H&R-BX59-00562 - H&R-BX59-00564 | PHO057 1386-1388 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 10/20/1988 | | HO2001 3082-3083 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 11/17/1988 | H&R-B19-00036 - H&R-B19-00037 | PHO017 0037-0038 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 12/21/1988 | H&R-B53-00938 - H&R-B53-00941 | PHO053 0937-0940 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 01/26/1989 | H&R-B48-00904 - H&R-B53-00906 | PHO041 0909-0911 | REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 11/15/1989 | H&R-B48-00929 - H&R-B48-00931 | PHO041 0934-0936 | SPECIAL MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 12/20/1989 | | HO2001 3004-3005 | SPECIAL MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK, FSB |
| 03/25/1991 | H&R-B2-2712 - H&R-B2-2713 | PHO029 2715-2716 | MINUTES OF SPECIAL MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |
| 04/24/1991 | H&R-BX68-00868 - H&R-BX68-00871 | PHO062 1770-1773 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |

| Date | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 09/25/1991 | | HO2001 2969-2973 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |
| 11/20/1991 | | HO2001 2751-2755 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |
| 01/22/1992 | | FHO010 0087-0093 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |
| 03/25/1992 | H&R-B56-02790 - H&R-B56-02811 | PHO054 2807-2811 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |
| 05/20/1992 | | HO2003 0051-0055 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |
| 07/22/1992 | H&R-B3-1207 - H&R-B3-1210 | PHO030 1231-1234 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, FSB |
| 09/23/1992 | | HO2003 0040-0043 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 11/18/1992 | | HO2006 0641-0645 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 12/16/1992 | | HO2003 0001-0005 | MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 01/20/1993 | H&R-B56-02164 - H&R-B56-02170 | PHO054 2179-2185 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 02/09/1993 | H&R-B02-02231 | PHO029 2221 | MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 05/19/1993 | H&R-B02-01877 - H&R-B02-01882 | PHO029 1853-1858 | MINUTES OF THE MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |

| Date | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 07/21/1993 | | HO2003 0222-0224 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 09/22/1993 | | HO2003 0182-0186 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 11/17/1993 | | HO2003 0140-0145 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 01/19/1994 | | HO2001 2463-2468 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 05/18/1994 | H&R-B45-01257 - H&R-B45-01260 | PHO011 1260-1263 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 07/27/1994 | | HO2002 2271-2274 | MINUTES OF MEETING RIVER VALLEY SAVINGS BANK, FSB BOARD OF DIRECTORS |
| 09/27/1994 | | HO2002 2371-2373 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| RIVER VALLEY BANK, F.S.B. - BOARD OF DIRECTORS | | | |
| 03/25/1993 | WCH-B75-0231 - WCH-B75-0236 | PHO067 0232-0237 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 05/19/1993 | WCH-B75-0114 - WCH-B75-0119 | PHO067 0115-0120 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 07/22/1993 | WCH-B75-0131 - WCH-B75-0135 | PHO067 0132-0136 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 08/26/1993 | WCH-B75-0136 - WCH-B75-0138 | PHO067 0137-0139 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 09/23/1993 | WCH-B75-0139 - WCH-B75-0141 | PHO067 0140-0142 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 10/21/1993 | WCH-B75-0084 - WCH-B75-0087 | PHO067 0085-0088 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 11/18/1993 | WCH-B75-0090 - WCH-B75-0093 | PHO067 0091-0094 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 12/16/1993 | WCH-B75-0094 - WCH-B75-0097 | PHO067 0095-0098 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 01/20/1994 | WCH-B75-0098 - WCH-B75-0102 | PHO067 0099-0103 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 02/24/1994 | WCH-B75-0103 - WCH-B75-0106 | PHO067 0104-0107 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 04/21/1993 | WCH-B75-0061 - WCH-B75-0064 | PHO067 0062-0065 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 05/20/1994 | WCH-B75-0065 - WCH-B75-0068 | PHO067 0066-0069 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 06/24/1994 | WCH-B75-0069 - WCH-B75-0071 | PHO067 0070-0072 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 07/21/1994 | WCH-B75-0072 - WCH-B75-0075 | PHO067 0073-0076 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 08/26/1994 | WCH-B75-0076 - WCH-B75-0078 | PHO067 0077-0079 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 09/30/1994 | WCH-B75-0079 - WCH-B75-0082 | PHO067 0080-0083 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |

HOLLAND & ROSS, et al. v. UNITED STATES, 95-524C

| Date | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 10/20/1994 | WCH-B75-0040 - WCH-B75-0042 | PHO067 0040-0042 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 11/17/1994 | WCH-B75-0043 - WCH-B75-0045 | PHO067 0043-0045 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 12/20/1994 | WCH-B75-0046 - WCH-B75-0048 | PHO067 0046-0048 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 01/19/1995 | WCH-B75-0049 - WCH-B75-0052 | PHO067 0049-0052 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 02/16/1995 | WCH-B75-0053 - WCH-B75-0055 | PHO067 0053-0055 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 03/16/1995 | WCH-B76-1535 - WCH-B76-1538 | PHO068 1551-1554 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 04/20/1995 | WCH-B75-0002 - WCH-B75-0004 | PHO067 0002-0004 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 05/25/1995 | WCH-B75-0005 - WCH-B75-0008 | PHO067 0005-0008 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 06/15/1995 | WCH-B75-0009 - WCH-B75-0011 | PHO067 0009-0011 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 07/20/1995 | WCH-B75-0012 - WCH-B75-0014 | PHO067 0012-0014 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 08/17/1995 | WCH-B75-0015 - WCH-B75-0017 | PHO067 0015-0017 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 09/22/1995 | WCH-B75-0018 - WCH-B75-0020 | PHO067 0018-0020 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |

| Date | Plaintiffs' Bates Number | [illegible] | [illegible] |
|---|---|---|---|
| 10/19/1995 | H&R-B09-877 - H&R-B09-879 | PHO037 0905-0907 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 11/16/1995 | WCH-B75-0025 - WCH-B75-0027 | PHO067 0025-0027 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 12/14/1995 | H&R-B09-866 - H&R-B09-868 | PHO037 0894-0896 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 02/15/1996 | WCH-B75-0034 - WCH-B75-0035 | PHO067 0034-0035 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 03/22/1996 | WCH-B75-0036 - WCH-B75-0038 | PHO067 0036-0038 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 04/18/1996 | WCH-B80-2632 - WCH-B80-2633 | PHO072 2623-2624 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 05/16/1996 | WCH-B80-2351 - WCH-B80-2352 | PHO072 2345-2346 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| 06/17/1996 | WCH-B80-2627 - WCH-B80-2630 | PHO072 2618-2621 | MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY BANK, F.S.B. |
| **RIVER VALLEY SAVINGS BANK, FSB - EXECUTIVE COMMITTEE** | | | |
| 11/21/1989 | H&R-B51-2133 - H&R-B51-2135 | PHO003 1957-1959 | SPECIAL MEETING OF THE EXECUTIVE COMMITTEE OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 04/10/1991 | H&R-B2-2741 - H&R-B2-2743 | PHO029 2744-2746 | RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE MINUTES |
| 04/17/1991 | | HO2001 2691-2692 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |

HOLLAND & ROSS, et al. v. UNITED STATES, 95-524C

| Date | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 05/08/1991 | H&R-BX68-00872 - H&R-BX68-00874 | PHO062 1774-1776 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 05/15/1991 | H&R-B56-01727 - H&R-B56-01728 | PHO054 1740-1741 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 05/22/1991 | | HO2001 2683-2686 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 06/05/1991 | H&R-BX56-01434 - H&R-BX56-01435 | PHO056 1438-1439 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 06/12/1991 | | HO2001 2672-2673 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 06/19/1991 | | HO2001 2670-2671 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 07/10/1991 | | HO2001 2674-2675 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 07/17/1991 | | HO2001 2667-2669 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 08/07/1991 | | HO2001 2664-2666 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 08/14/1991 | | HO2001 2657-2660 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 09/04/1991 | | HO2001 2956-2957 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE |
| 10/30/1991 | | HO2001 2757-2758 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, F.S.B. EXECUTIVE COMMITTEE |

| Date | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 12/11/1991 | | HO2003 0103-0104 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, F.S.B. EXECUTIVE COMMITTEE |
| 12/18/1991 | | HO2003 0100-0102 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, F.S.B. EXECUTIVE COMMITTEE |
| 01/15/1992 | | HO2003 0098-0099 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, F.S.B. EXECUTIVE COMMITTEE |
| 02/26/1992 | | HO2003 0095-0097 | MINUTES OF MEETING OF THE EXECUTIVE COMMITTEE RIVER VALLEY SAVINGS BANK, FSB |
| 04/29/1991 | | HO2003 0091-0092 | MINUTES OF MEETING OF THE EXECUTIVE COMMITTEE RIVER VALLEY SAVINGS BANK, FSB |
| 09/01/1992 | H&R-B02-01346 - H&R-B02-01347 | PHO029 1367-1368 | MINUTES OF MEETING OF THE RIVER VALLEY SAVINGS BANK, F.S.B. EXECUTIVE COMMITTEE |
| 12/21/1993 | | HO2001 2460-2462 | MINUTES OF MEETING OF THE EXECUTIVE COMMITTEE OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 01/12/1994 | H&R-B45-01428 | PHO011 1431 | MINUTES OF MEETING OF THE EXECUTIVE COMMITTEE OF THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 01/19/1994 | | HO2003 0853-0855 | RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE MEETING |
| 02/16/1994 | | HO2006 1363-1365 | RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE MINUTES |
| 03/03/1994 | | HO2006 1360-1362 | RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE MINUTES |

| | | | |
|---|---|---|---|
| 04/06/1994 | | HO2006 0988-0989 | RIVER VALLEY SAVINGS BANK, FSB EXECUTIVE COMMITTEE MINUTES |
| 04/25/1994 | | HO2003 0823-0825 | MINUTES OF MEETING OF THE EXECUTIVE COMMITTEE OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| 08/23/1994 | | HO2002 2275-2277 | MINUTES OF THE MEETING OF THE EXECUTIVE COMMITTEE OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| **JOINT RIVER VALLEY SAVINGS BANK - BOARD OF DIRECTORS AND RVSB, FSB EXECUTIVE COMMITTEE** | | | |
| 02/21/1990 | H&R-B48-00957 - H&R-B48-00961 | PHO041 0962-0966 | MINUTES OF MEETING OF BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND EXECUTIVE COMMITTEE MEETING RIVER VALLEY SAVINGS BANK, F.S.B. |
| 03/21/1990 | H&R-B51-1212 - H&R-B51-1216 | PHO003 0948-0952 | MINUTES OF MEETING OF BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND EXECUTIVE COMMITTEE MEETING RIVER VALLEY SAVINGS BANK, F.S.B. |
| 05/23/1990 | | HO2001 2777-2779 | MINUTES OF MEETING OF BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND EXECUTIVE COMMITTEE MEETING RIVER VALLEY SAVINGS BANK, F.S.B. |
| 06/20/1990 | H&R-B48-00979 - H&R-B48-00984 | PHO041 0984-0989 | MINUTES OF MEETING OF BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND EXECUTIVE COMMITTEE MEETING RIVER VALLEY SAVINGS BANK, F.S.B. |
| 08/15/1990 | H&R-B56-01614 - H&R-B56-01616 | PHO054 1627-1629 | MINUTES OF JOINT MEETING OF BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND EXECUTIVE COMMITTEE OF RIVER VALLEY SAVINGS BANK, FSB |
| 09/19/1990 | H&R-B48-00996 - H&R-B48-00998 | PHO041 1001-1003 | MINUTES OF JOINT MEETING OF BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND EXECUTIVE COMMITTEE OF RIVER VALLEY SAVINGS BANK, FSB |

| | | | |
|---|---|---|---|
| [illegible] | | | |
| 11/20/1990 | | HO2001 2698-2701 | MINUTES OF MEETING OF BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND EXECUTIVE COMMITTEE MEETING RIVER VALLEY SAVINGS BANK, F.S.B. |
| 12/19/1990 | H&R-B02-00551 - H&R-B02-00553 | PHO029 0558-0560 | MINUTES OF THE JOINT MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND THE EXECUTIVE COMMITTEE OF RIVER VALLEY SAVINGS BANK, FSB |
| 02/20/1991 | H&R-B2-2716 - H&R-B2-2718 | PHO029 2719-2721 | MINUTES OF JOINT MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND THE EXECUTIVE COMMITTEE OF RIVER VALLEY SAVINGS BANK, FSB |
| 03/20/1991 | H&R-B2-2691 - H&R-B2-2694 | PHO029 2694-2697 | MINUTES OF JOINT MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND THE EXECUTIVE COMMITTEE RIVER VALLEY SAVINGS BANK, FSB |
| BOARD OF DIRECTORS AND SHAREHOLDERS RIVER VALLEY [illegible] | | | |
| 07/24/1991 | H&R-B02-00699 - H&R-B02-00703 | PHO029 0707-0711 | MINUTES OF JOINT MEETING OF THE BOARD OF DIRECTORS AND SHAREHOLDERS OF RIVER VALLEY SAVINGS BANK, FSB |
| 09/09/1991 | FB HO 000497 - FB HO 000498 | HO2007 0498-0499 | MINUTES OF JOINT MEETING OF THE BOARD OF DIRECTORS AND SHAREHOLDERS OF RIVER VALLEY SAVINGS BANK, FSB |
| 03/24/1993 | H&R-B48-00506 - H&R-B48-00510 | PHO041 0507-0511 | MINUTES OF JOINT MEETING OF THE SOLE SHAREHOLDER AND THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 03/23/1994 | H&R-B45-01036 - H&R-B45-01040 | PHO011 1039-1043 | MINUTES OF JOINT ANNUAL MEETING OF THE SOLE SHAREHOLDER AND THE BOARD OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. |
| **BOARD OF DIRECTORS RVSB, F.S.B. AND RIVER VALLEY SAVINGS BANK, ROCK FALLS** | | | |
| 12/05/1990 | H&R-B48-01029 | PHO041 1034 | MINUTES OF A MEETING OF THE BOARDS OF DIRECTORS OF RIVER VALLEY SAVINGS BANK, F.S.B. AND RIVER VALLEY SAVINGS BANK, ROCK FALLS |
| **BOARD OF DIRECTORS RIVER VALLEY [illegible] VALLEY HOLDINGS, INC.** | | | |
| 11/16/1994 | H&R-B9-01371 - H&R-B9-01373 | PHO037 1401-1403 | JOINT MINUTES OF THE REGULAR MEETING OF THE BOARD OF DIRECTORS RIVER VALLEY SAVINGS BANK AND SPECIAL MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY HOLDINGS, INC. |
| **BOARD OF DIRECTORS AND SHAREHOLDERS RIVER VALLEY HOLDINGS, INC.** | | | |
| 11/20/1991 | H&R-B3-1232 - H&R-B3-1233 | PHO030 1256-1257 | MINUTES OF JOINT MEETING OF THE BOARD OF DIRECTORS AND SHAREHOLDERS OF RIVER VALLEY HOLDINGS, INC. |
| **ROCK FALLS SAVINGS AND LOAN ASSOCIATION BOARD OF DIRECTORS** | | | |
| 12/18/1985 | H&R-B43-00790 - H&R-B43-00791 | PHO050 0790-0791 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 01/15/1986 | H&R-B43-00781 - H&R-B43-00783 | PHO050 0782-0784 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 02/18/1986 | H&R-B43-00778 - H&R-B43-00779 | PHO050 0779-0780 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |

| Date | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 03/19/1986 | H&R-B43-00773 - H&R-B43-00774 | PHO050 0774-0775 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 05/21/1986 | H&R-B43-00769 - H&R-B43-00770 | PHO050 0770-0771 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 06/18/1986 | H&R-B43-00766 - H&R-B43-00767 | PHO050 0767-0768 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 07/16/1986 | H&R-B43-00762 - H&R-B43-00763 | PHO050 0763-0764 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 08/20/1986 | H&R-B43-00758 - H&R-B43-00760 | PHO050 0758-0760 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 09/24/1986 | H&R-B43-00685 - H&R-B43-00686 | PHO050 0685-0686 | ANNUAL MEETING OF MEMBERS ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 10/17/1986 | H&R-B43-00746 - H&R-B43-00748 | PHO050 0746-0748 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 11/25/1986 | H&R-B43-00739 - H&R-B43-00741 | PHO050 0739-0741 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 12/10/1986 | H&R-B43-00736 - H&R-B43-00737 | PHO050 0736-0737 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 01/21/1987 | H&R-B43-00733 - H&R-B43-00735 | PHO050 0733-0735 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 02/18/1987 | H&R-B43-00730 - H&R-B43-00731 | PHO050 0730-0731 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 03/18/1987 | H&R-B43-00725 - H&R-B43-00727 | PHO050 0725-0727 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |

| Date | [illegible] Bates Numbers | [illegible] | [illegible] |
|---|---|---|---|
| 04/22/1987 | H&R-B43-00721 - H&R-B43-00723 | PHO050 0721-0723 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 05/20/1987 | H&R-B43-00718 - H&R-B43-00719 | PHO050 0718-0719 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 06/17/1987 | H&R-B43-00713 - H&R-B43-00714 | PHO050 0713-0714 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 07/15/1987 | H&R-B43-00709 - H&R-B43-00710 | PHO050 0709-0710 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 08/19/1987 | H&R-B43-00682 - H&R-B43-00684 | PHO050 0682-0684 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 09/23/1987 | H&R-B43-00678 - H&R-B43-00679 | PHO050 0678-0679 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 10/21/1987 | H&R-B43-00687 - H&R-B43-00689 | PHO050 0687-0689 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 12/22/1987 | H&R-B43-00664 - H&R-B43-00665 | PHO050 0664-0665 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 01/20/1988 | H&R-B43-00660 - H&R-B43-00661 | PHO050 0660-0661 | REGULAR MEETING OF THE BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| 02/17/1988 | H&R-B43-00651 | PHO050 0651 | SPECIAL MEETING OF BOARD OF DIRECTORS OF ROCK FALLS SAVINGS AND LOAN ASSOCIATION |
| SAN ANTONIO FEDERAL SAVINGS BANK BOARD OF DIRECTORS | | | |
| 08/17/1992 | H&R-B6-1544 - H&R-B6-1546 | PHO027 1551-1553 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF SAN ANTONIO FEDERAL SAVINGS BANK |

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 09/17/1992 | H&R-B48-00061 - H&R-B48-00064 | PHO041 0062-0065 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF SAN ANTONIO FEDERAL SAVINGS BANK |
| 10/22/1992 | WCH-B75-0151 - WCH-B75-0154 | PHO067 0152-0155 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF SAN ANTONIO FEDERAL SAVINGS BANK |
| 11/18/1992 | H&R-B06-00076 - H&R-B06-00081 | PHO027 0077-0082 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF SAN ANTONIO FEDERAL SAVINGS BANK |
| 12/18/1992 | H&R-B06-01064 - H&R-B06-01070 | PHO027 1068-1074 | MINUTES OF MEETING OF THE BOARD OF DIRECTORS OF SAN ANTONIO FEDERAL SAVINGS BANK |
| 01/21/1993 | WCH–B75-0207 - WCH-B75-0212 | PHO067 0208-0213 | MINUTES OF THE MEETING OF THE BOARD OF DIRECTORS OF SAN ANTONIO FEDERAL SAVINGS BANK |
| VALLEY HOLDINGS, INC. [illegible] | | | |
| 03/03/1993 | H&R-B04-59 | PHO036 0061 | MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF RIVER VALLEY HOLDINGS, INC. |
| WESTERN CAPITAL [illegible] | | | |
| 11/18/1992 | WCH-B76-0081 - WCH-B76-0082 | PHO068 0081-0082 | MINUTES OF A MEETING OF THE BOARD OF DIRECTORS OF WESTERN CAPITAL HOLDINGS, INC. |
| 02/24/1993 | H&R-B47-1130 | PHO040 1159 | MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF WESTERN CAPITAL HOLDINGS, INC. |
| RIVER VALLEY SAVINGS BANK, F.S.B. ALCO AND EXECUTIVE COMMITTEE | | | |
| 02/16/1994 | H&R-B9-01438 - H&R-B9-01439 | PHO037 1468-1469 | RIVER VALLEY SAVINGS BANK, F.S.B. MINUTES OF THE ALCO COMMITTEE AND THE EXECUTIVE COMMITTEE |

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PLAINTIFFS IN ALL WINSTAR-RELATED CASES, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 90-8 C, et al. |
| THE UNITED STATES, | ) | Filed: April 14, 1998 |
| Defendant. | ) | |

## AMENDED MASTER PROTECTIVE ORDER

WHEREAS on September 18, 1996, the Court entered an Omnibus Case Management Order applicable to all *Winstar*-related cases ("*Winstar* cases", or "cases",), setting forth the schedule and procedures for the litigation of those cases;

WHEREAS discovery and other proceedings in these *Winstar* cases may require the review of numerous documents and other information to determine whether they are protected from discovery by various privileges or other protections;

WHEREAS the interests of all the parties would be advanced by proceeding with discovery with all due expedition and without the waiver of any privilege or other protection;

WHEREAS discovery and other proceedings in these cases may require the disclosure of confidential information of the respective parties or of nonparties;

WHEREAS such confidential information may contain proprietary, business, personal or other confidential information, the unnecessary disclosure of which the Court and the parties have an obligation to prevent;

WHEREAS the Court entered its Master Protective Order ("MPO") to implement steps to protect the confidential information on November 22, 1996;

WHEREAS on May 14 and May 19, 1997, respectively, the Court entered two orders modifying protective orders previously entered in the Glendale and Statesman cases in order, in part, to bring the earlier protective orders into conformity with the MPO ("the Glendale/Statesman sharing orders");

WHEREAS the Court intends to enter this Amended Master Protective Order replacing the MPO and Glendale/Statesman sharing orders in order to reduce unnecessary burdens while still protecting the interests of the parties;

it is hereby ORDERED BY The COURT:

## General Provisions

1 For the purposes of this Amended Master Protective Order ("Protective Order"):

(a) the term "Plaintiffs" shall mean each of the Plaintiffs in all *Winstar*-related cases as encompassed by the Omnibus Case Management Order, their respective attorneys, directors, officers, employees, predecessor financial institutions, successors, agents, representatives, consultants, holding companies, and experts, and all other persons acting on behalf of each of the Plaintiffs or person or entity who, by contract or otherwise, has the right to direct the conduct of the case by a Plaintiff;

(b) the term "Defendant" shall mean the United States, its agencies, offices, attorneys, officials, employees, representatives, consultants, experts, and all other persons acting on behalf of the United States, but excludes any agencies, offices, attorneys, officials, employees, representatives, consultants and all other persons on behalf of the United States or any agency thereof to extent that they are or may be acting as a Plaintiff in this litigation;

(c) the Federal Deposit Corporation ("FDIC") shall be a Plaintiff only to the extent that it is or is seeking to become a Plaintiff in any of the *Winstar*-related cases ("FDIC as receiver").

2. (a) In order to facilitate timely and efficient discovery and to minimize the burdens on the parties, the term "Confidential Material" shall mean all discovery materials produced in the *Winstar*-related cases, as well as the information the materials contain and information which is derived from such materials.

(b) The term "Attorneys Only Material" shall mean

(i) non-public financial information of persons or institutions not placed into conservatorship or receivership that relates to a plaintiff other than the plaintiff to which the material is produced, including, but not limited to, examination reports, supervisory correspondence, business plans, and strategic plans;

(ii) the undisclosed portions of a plaintiff's examination reports, and defendant's internal notes, memoranda or documents concerning an examination or other regulatory and deposit insurance matters, that were created after January 1, 1990;

(iii) internal agency information, including, but not limited to, manuals detailing defendant's audit standards or procedures;

(iv) information that relates to the privacy interests of third parties;

(v) all confidential material obtained from the Government in the Glendale and Statesman cases as defined by the existing protective orders entered in those cases (including all confidential material served or filed in those actions and confidential material contained in the transcripts of Glendale and Statesman depositions and exhibits to those depositions) until 90 days after the submission of Statesman;

(vi) materials that make express reference to any Attorneys Only material by quoting from it or otherwise setting forth the substance of the information contained herein.

(c) The materials described in subparagraph (b) of this paragraph shall be treated as Attorneys Only Material for the purposes of this Protective Order without any need for the producing party to so designate them. Additionally, within the time specified in paragraph 5, the

producing party may designate as Attorneys Only Material other documents that contain comparably confidential information such as information the disclosure of which would clearly impinge on the privacy rights of third parties, give the receiving party an unfair competitive advantage or reveal Defendant's investigative procedures.

(d) Notwithstanding subparagraphs (b) and (c) of this paragraph, "core documents" as defined in Paragraph 4 of the Omnibus Case Management Order shall not be considered Attorneys Only Material.

(e) Upon the expiration of the 90 day period specified in paragraph 2(b)(v), any material subject to that provision shall continue to be treated as Attorneys Only material if the material is entitled to Attorneys Only treatment under any other provision of paragraph 2(b). Additionally, the Government may designate any Glendale or Statesman material as Attorneys Only Material prior to the expiration of the 90 day period specified in paragraph 2(b)(v), consistent with the provisions of paragraph 5.

(f) Any confidential material obtained from the Defendant in Glendale and Statesman and disclosed by plaintiffs' counsel in Glendale and Statesman to other plaintiffs' counsel in *Winstar*-related cases shall be marked by the receiving party within five calendar days with the designation "Confidential Glendale/Statesman Material--Subject to Protective Order," in the manner prescribed in paragraph 6(a) of this Amended Master Protective Order, unless it is already marked in this manner. Any material that is to be treated as Attorneys Only under paragraph 2(e) shall be treated and marked by the receiving party as "Attorneys Only Material" pursuant to the terms of this Order.

3. This Protective Order governs the handling of all documents, interrogatory answers, deposition testimony and deposition exhibits, and any other written, recorded or graphic

matter ("discovery material") produced or obtained by any party during the proceedings in the *Winstar* cases after the entry of this Protective Order. This Protective Order supersedes the Interim Protective Order entered by this Court on October 25, 1996, the Master Protective Order entered by this Court on November 22, 1996, and the Glendale/Statesman sharing orders entered May 14, 1997 and May 19, 1997, and any documents produced under the Interim Protective Order or the November 22, 1996 Master Protective Order shall for all purposes be governed by this Protective Order. This Protective Order also supersedes any prior protective order entered in any *Winstar* case, but only with regard to discovery material produced or obtained after October 25, 1996; discovery material already produced under any prior protective order shall be governed by the terms of any such prior protective order. This Protective Order does not, however, affect or place any new or additional limitations on the right of any Plaintiff in the *Winstar* cases or of the Defendant to use other documents or information that is already in that party's possession, that is generated or obtained by that party in the normal course of its business, or that is obtained from any third party, except to the extent that any discovery material is obtained from any such third party pursuant to compulsory process under the provisions of this Protective Order.

Confidential Material

4. All Confidential Material produced in the *Winstar*-related cases shall be subject to the provisions of this Protective Order. All Confidential material produced in the *Winstar* cases shall be used by the respective Plaintiffs and by the Defendant solely for the purposes of the *Winstar* cases and for no other purpose.

5. (a) For a period of 60 days from the production of documents (or 90 days after the submission of Statesman in the case of Glendale/Statesman materials), the producing party may review the produced documents to determine whether they include materials that do not fall

within the categories of Attorneys Only Material described in paragraph 2(b) but that contain comparably confidential information such as information the disclosure of which would clearly impinge on the privacy rights of third parties, give the receiving party an unfair competitive advantage or reveal Defendant's investigative procedures. The producing party may designate such additional materials as Attorneys Only Material. At all times, and notwithstanding whether the producing party has designated a particular document or other material as Attorneys Only Material, any document or other material that is Attorneys Only Material as defined in paragraph 2(b) shall be treated as such.

(b) During that 60 day period (or 90 day period in the case of Glendale/Statesman materials), the receiving party shall accord all documents treatment as Attorneys Only Material, as provided by paragraph 9. After the 60 (or 90) day period, the receiving party shall treat as Attorneys Only Material all documents that fall within paragraph 2(b) and all documents that have been designated by the producing party as Attorneys Only Material under the provisions of subparagraph (a) of this paragraph.

6. Discovery materials shall be marked as follows:

(a) With respect to documents, the producing party shall conspicuously mark each page of the document with the designation "Confidential Material -- Subject to Protective Order". Alternatively, if a document is longer than 20 pages, the producing party may place the designation "Confidential Material -- Subject to Protective Order" on the first page of the document and indicate immediately below that legend the total number of pages in the document. If a producing party selects this alternative, it will be the producing party's responsibility to bind the document in a manner that will prevent pages from becoming detached, and any inadvertent disclosure of Confidential Material designated in this alternative manner shall not subject the

receiving party to any sanctions or any other liability whatsoever. Because all documents are deemed Confidential Material, the need to mark them as such should not in the ordinary course of business be a basis for delaying production. For documents that have been prepared for production prior to entry of this Protective Order, the producing party may identify in a letter to the receiving party the number ranges of such documents that are Confidential Material in lieu of the marking otherwise required by this paragraph;

(b) With respect to documents produced after entry of this Protective Order, the producing party shall individually number each page of every document according to the numbering system set forth in Exhibit A to the November 22, 1996 Master Protective Order prior to production, or prior to the delivery of copies in the case of an on-site inspection of such documents, provided that a party that has begun numbering documents with an equivalent, unique numbering system prior to entry of the November 22, 1996 Master Protective Order may continue to use such other system upon notice to the receiving party;

(c) With respect to Answers to Interrogatories or Requests for Admissions, the responding party shall conspicuously mark the response or any portion thereof with the designation "Confidential Material -- Subject to Protective Order";

(d) In the case of deposition testimony, counsel for any party shall state on the record during the deposition that specific questions and answers or an entire line of inquiry involves Attorneys Only Material and then confirm promptly after receipt of the transcript that the court reporter has marked the relevant portions of the deposition transcript with the designation "Attorneys Only Material - Subject to Protective Order". A failure to designate testimony as Attorneys Only Material on the record during a deposition will not constitute a waiver thereof and the producing party may within fifteen (15) days after receipt of the deposition transcript

designate in the manner described in this paragraph those portions of the deposition that contain Attorneys Only Material;

(e) Upon receipt of documents, the receiving party shall identify all documents that are Attorney Only Material under paragraph 2(b). The receiving party shall mark all such documents as "Attorneys Only Material." The receiving party shall inform the producing party in writing of the number ranges of documents that have been marked as Attorneys Only Material. For documents that are designated as Attorneys Only Material pursuant to paragraph 5 after they have been produced, the producing party shall identify in a letter to the receiving party the number ranges of such documents that are "Attorneys Only Material and the receiving party shall ensure that such documents are marked "Attorneys Only Material";

7. Except as otherwise provided herein, Confidential Material and Attorneys Only Material may not be disclosed or discussed with any person.

8. Subject to the provisions of paragraph 9, each respective Plaintiff in these cases may disclose or permit to be disclosed Confidential Material received from Defendant, the Defendant may disclose or permit to be disclosed Confidential Material received from any Plaintiff, and the parties may disclose or permit to be disclosed Confidential Material obtained through compulsory process pursuant to the provisions of this Protective Order, only to the following persons:

(a) The Court, pursuant to paragraph 18 of this Order,

(b) Counsel retained by that Plaintiff for these cases, counsel and agency personnel employed by the FDIC as receiver and working on these cases, counsel and agency personnel employed by Defendant and working on these cases, and the respective employees and legal support staff of such counsel;

(c) Counsel (and their paralegals and clerical support staff) who are directors, officers or employees of that Plaintiff, provided that before disclosure such counsel shall certify in a writing lodged with the Court that (i) such counsel have reviewed the terms of this Protective Order and agree to be bound by its terms, (ii) such counsel understand the sensitive nature of Attorneys Only Material and (iii) in exchange for access to Attorneys Only Material such counsel shall be screened during the pendency of that Plaintiff's claims from participation in any business decisionmaking of the Plaintiff to which any Attorneys Only Material disclosed to such counsel may be relevant and shall not thereafter make use of any Attorneys Only Material;

(d) Litigation support contractors and subcontractors retained by the Defendant as its agent(s), or retained by the Plaintiff as its agent(s), who are assisting counsel in the prosecution or defense of this litigation;

(e) Persons especially retained by counsel for one or more parties to this litigation to assist in the preparation of this litigation for trial, including experts retained either to provide testimony at trial or as consultants, who are not regular employees of a party to this litigation, and only if such persons have a need to use some or all of the Confidential Material, but not including persons who are officers, directors, shareholders or owners of any kind, or employees of any of the Plaintiffs to these cases;

(f) Any person whose testimony is taken or is to be taken in this litigation, except that such a person may only be shown the Confidential Material during his or her testimony and in preparation for that testimony and then only to the extent necessary for such testimony or for the preparation of such testimony.

(g) Those of that Plaintiffs respective current or former directors or officers, or employees or former employees of such Plaintiff or Plaintiff's institution who are assisting counsel in the prosecution or defense of this litigation.

9. (a) Except as otherwise provided by this paragraph, Attorneys Only Material may be disclosed only to individuals described in paragraph 8(a)-(f).

(b) In the event that any Plaintiff's counsel seeks to disclose Attorneys Only Material to a current director, officer or employee described in either paragraph 8(f) or paragraph 8(g), such Plaintiff's counsel shall provide Defendant with written notice 14 days before disclosure is made, identifying the Attorneys Only Material that counsel intends to disclose. Such notice may be provided at any time after production. In the event that Defendant objects in writing to such disclosure within the 14 day period, the parties shall attempt to reach an agreement regarding the proposed disclosure. If the parties do not reach agreement within 10 days of Defendant's written objection, the parties shall notify the Court, which will hold a hearing to decide the matter within 10 days or as soon as practicable thereafter. The parties shall not submit writings, other than Plaintiff's original notice and Defendant's objection, without leave of the Court. Failure by the Defendant to object in writing within 14 days of the original notice shall constitute the waiver of any objection to the disclosure, except for good cause shown. During the pendency of any objection, Plaintiff's counsel shall not disclose the subject Attorneys Only Material to any individual described in paragraph 8(g).

(c) In the event that any Plaintiff's counsel seeks to disclose Attorneys Only Material to former directors, officers or employees described in either paragraph 8(f) or 8(g), such Plaintiff's counsel shall provide Defendant with written notice 14 days before disclosure is made, identifying the former director, officer or employee to whom Plaintiff's counsel proposes to show

Attorneys Only Material. In the event that Defendant objects in writing to such disclosure within the 14 day period upon grounds that the information to be disclosed has not been identified or upon other grounds, the parties shall attempt to reach an agreement regarding the proposed disclosure. If the parties do not reach agreement within 10 days of Defendant's written objection, the parties shall notify the Court, which will hold a hearing to decide the matter within 10 days or as soon as practicable thereafter. Failure by the Defendant to object in writing within 14 days of the original notice shall constitute the waiver of any objection to the disclosure, except for good cause shown. During the pendency of any objection, Plaintiff's counsel shall not disclose the subject Attorneys Only Material to any individual described in paragraph 8(g).

(d) The above paragraphs (b) and (c) shall not apply at a deposition or at trial, when the need to disclose Attorneys Only Material to a current or former director, officer or employee of the Plaintiff arises from the scope of the Defendant's deposition or trial examination, in which case the parties shall attempt to reach an agreement regarding the proposed disclosure for purposes of plaintiff's cross or re-direct examination, with recourse to the Court absent an agreement.

(e) Notwithstanding the provisions of subparagraph (a) of this paragraph, if the Attorneys Only Material sought to be disclosed contains information pertaining to a party other than the particular Plaintiff or its institution, such disclosure may only be made with the prior consent of such party or order of the Court.

10. Notwithstanding any other provision of this Protective Order, any Plaintiff's counsel may disclose Confidential Material obtained from the Defendant to another Plaintiff's counsel, including plaintiffs' counsel in Glendale and Statesman, as described in paragraph 8(b).

Such other Plaintiffs' counsel, however, may make further disclosure only pursuant to this paragraph and paragraphs 8(a)-(f) of this Protective Order.

11. Counsel of record shall advise all persons to whom Confidential Material is disclosed of the restrictions contained in this Protective Order regarding any use other than in connection with this litigation or further disclosure of such information or material and counsel shall provide any such person with a copy of this Protective Order, and otherwise comply with the provisions of paragraph 15 hereof.

12. If Defendant determines that a discovery request made to Defendant in any *Winstar* case will require the production of material that is Attorneys Only Material of one or more Plaintiffs other than the requesting Plaintiff, Defendant shall provide prompt written notice to such other Plaintiff(s), provided, however, that if at least five Plaintiffs are affected by the request, Defendant may provide notice of the request to all Plaintiffs in the *Winstar* cases so long as such notice describes the Plaintiffs whose Attorneys Only Material will be disclosed pursuant to the request. To the extent that a Plaintiff knows that the Attorneys Only Material of another Plaintiff is the subject of a discovery request that it has made to Defendant, the requesting Plaintiff shall provide written notice to such other Plaintiff. Within 15 days after receipt of notice that its Attorneys Only is the subject of a discovery request, a Plaintiff may file a motion with the Court objecting to the production of such Attorneys Only Material.

13. (a) Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of Defendant or the FDIC in any capacity to disclose any documents or information to the United States Congress or to disclose to an agency of the United States any document or information regarding any potential violation of law or regulation, or prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding

the potential violation of law or regulation. In the event Defendant or the FDIC in any capacity discloses documents or information to the United States Congress, or discloses to an agency of the United States any document or information regarding any potential noncriminal violation of law or regulation, it shall notify Plaintiff of that disclosure within three business days. Furthermore, the Defendant or the FDIC in any capacity shall, in good faith, attempt to arrange for procedures that maintain the confidentiality of Confidential Material in a manner consistent with this Protective Order.

(b) In the event that a party receives compulsory process issued by any court or administrative tribunal that requires the disclosure of Confidential Material or Attorneys Only Material covered by this Protective Order, that party shall provide prompt written notice to Plaintiffs' Coordinating Committee, Defendant's Coordinating Committee and FDIC as receiver of such compulsory process and, before production, shall call to the attention of such court or administrative tribunal the provisions of this Protective Order. Nothing contained in this Protective Order shall prevent any party from complying with a subsequent order issued by such court or administrative tribunal requiring disclosure of Confidential Material or Attorneys Only Material covered by this Protective Order.

14. Under no circumstances shall Defendant or any Plaintiff disclose or permit the disclosure of any Confidential Material, except in accordance with paragraphs 8, 9, 10, 11, 12 and 13 of this Protective Order, or in accordance with a subsequent order of the Court applicable to the *Winstar* cases or to one or more of those cases.

15. Prior to disclosing any Confidential Material to any person identified in paragraphs 8(c)-(g) of this Protective Order (except for disclosure at deposition or trial), counsel for the Plaintiff or counsel for the Defendant, as appropriate, shall (a) apprise that person of the

confidential nature of the Confidential Material; (b) apprise that person that this Court has enjoined the use of that Confidential Material by him or her for any purpose other than the *Winstar* cases and has enjoined the disclosure of that Confidential Material to any person other than as expressly provided for in this Protective Order; (c) show that person this Protective Order, specifically pointing out paragraph 16 hereof, and (d) obtain from that person a written declaration in the form attached as Exhibit B to the November 22, 1996 Master Protective Order, stating that such person has read this Protective Order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

16. Each person given access to, receiving, or in possession of Confidential Material shall segregate such material, keep it strictly secure, maintain such material in his or her possession in a locked or guarded storage facility, or some equivalent manner sufficient to protect such material against unauthorized disclosure, and refrain from disclosing in any manner any information set forth in the material except as specifically provided for by the terms of this Protective Order.

17. In the event any Confidential Material is used in any court proceeding in this civil action, including depositions, it shall not lose its confidential status through such use.

18. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Attorneys Only Material shall be presented under seal and shall not be available to persons other that the Court and authorized employees of the Court, the attorneys of record for the parties to this action, and other persons authorized by this Protective Order, provided that:

(a) a party seeking to file Attorneys Only Material with the Court without placing the material under seal may elect instead to provide the producing party with written notice 7 days before such filing is made, identifying the Attorneys Only Material that counsel intends to disclose. In the event that the producing party objects in writing to such disclosure within the 7 day period, the material shall be filed under seal pursuant to this paragraph.

(b) In the event that any Attorneys Only Material is used in any Court proceeding herein, the parties shall attempt to stipulate as to the procedures for use of Attorneys Only Material in Court proceedings. If necessary, any dispute regarding the procedures for use of Attorneys Only Material in Court proceedings shall be submitted to the Court for resolution.

(c) In the event any party seeks to have material other than Attorneys Only Material filed under seal, it may seek an appropriate order from the Court.

19. If any party challenges or seeks to modify the designation of any discovery material, such party shall attempt to resolve, through consent of the opposing party, the question of whether the document or information should be treated as Attorneys Only Material. If the parties are unable to agree as to whether the document or information should be treated as Attorneys Only Material, the party challenging the designation or seeking modification, as the case may be, shall notify the opposing party in writing that it intends to file a motion in the Court seeking an Order determining whether the document or information shall be covered by paragraphs 2 or 5 of this Protective Order. Such party shall have no more than fifteen (15) days following such notification in which to file a motion in the Court seeking an Order determining whether the document or information shall be treated as Attorneys Only under this Protective Order. The opposing party shall have no more than fifteen (15) days alter the filing of such a

motion in which to file a response. Until a resolution of the dispute is achieved through Court Order, the parties shall treat the designated document or information as Attorneys Only Material.

Privileged Material

20. In view of the large volume of documents that may be produced during discovery in these cases, the parties may produce documents that could have been withheld in whole or in part upon the basis of privilege or some other protection. Therefore, any such production of all or part of a document shall not constitute a waiver of any privilege or other protection as to any portion of that document, in this or in any other proceeding, provided that the producing party notify the receiving party or parties within 60 days after the production of all or portions of a privileged or otherwise protected document (except that disclosure by Glendale and Statesman counsel of discovery material produced by the Defendant shall be subject to the provisions of paragraph 21). Such notice shall be in writing, shall be served upon counsel of record, and shall contain information sufficient to (1) identify the document, including information as necessary to locate the materials produced; and (2) to identify the privilege or protection alleged. Notice may be made orally on the record at a deposition or hearing, provided that it is subsequently confirmed in writing within 10 days from receipt of the deposition transcript. Failure to provide notice within the specified time and thereby preserve a privilege or protection shall be deemed a waiver of the claim of privilege or protection for purposes of this litigation. Failure to assert or preserve a privilege or other protection as to part or all of a document, however, shall not be a waiver of the privilege or other protection for purposes other than this litigation and shall not constitute a waiver of the privilege or other protection as to any part of the document not produced or as to any other document, communication, or information, even involving the same subject matter.

21. The disclosure by plaintiffs' counsel in Glendale or Statesman to plaintiffs' counsel in any *Winstar* case shall not constitute a waiver by the Government of any privilege or other protection concerning such document or any portion thereof provided that the Government notify all Plaintiffs' counsel in the manner described in paragraph 20 of this Protective Order, disregarding the time limits therein, but such notice must be sent no later than the 90th day alter submission of Statesman to the Court for decision. Should any *Winstar* counsel, at any time prior to the submission of Statesman seek to use in any pleading, deposition, motion or other filing any discovery material produced by Defendant in Glendale or Statesman and received by such *Winstar* counsel pursuant to this Protective Order or the Glendale/Statesman sharing orders, such counsel shall, at least 10 business days prior to the deposition or the filing of such pleading or motion, provide written notice to counsel for Defendant, and include copies of the discovery material in question. The Defendant's counsel shall, no later than seven business days after receiving the notice, advise plaintiffs' counsel if Defendant contends any of the discovery material is subject to a claim of privilege or other protection, and shall state the basis for that contention. Discovery material to which the defendant asserts a privilege or protection shall thereafter be handled pursuant to the provisions of paragraph 23 through 25 of this Protective Order.

no longer applies

22. In light of the Court's Glendale/Statesman orders and the terms of this order providing plaintiffs access to certain discovery material produced by Defendant in Glendale and Statesman, Defendant is hereby relieved, except for good cause shown, from any future obligations to produce those same materials again to any plaintiff. In return, the Defendant stipulates that such materials, if obtained pursuant to the terms of this Order or the Glendale/Statesman sharing orders, shall be treated for all purposes as if they had been produced directly to those plaintiffs by Defendant.

23. Upon proper and timely notice from the producing party pursuant to paragraph 20 of this Protective Order, the parties shall attempt to reach agreement regarding the privilege or protection that may apply to the document or any portion of the document. If the parties do not reach an agreement within 10 days after notice, the receiving party shall return the document and any copies to the producing party (or make appropriate redactions) and shall not refer to the allegedly privileged or protected material in any manner, whether written or oral, in any interrogatory, request for admission, document request, interview, deposition, oral argument, trial or submission to the Court; nor will the receiving party disclose the substance of that material to any third party. The party contesting a privilege or protection may file a motion to compel production within 30 days after the notice, after which it waives any right to dispute the privilege or protection with respect to that document. Pending resolution of the claim of privilege or protection by the Court, the receiving party shall neither refer to the allegedly privileged or protected material in any manner, whether written or oral, in any interrogatory, request for admission, document guest, interview, deposition, oral argument, trial or submission to the Court, nor will the receiving party disclosure the substance of that material to any third party.

24. The Court's or the receiving party's recognition of the producing party's claim of privilege shall be followed immediately by expurgation by the receiving party of the pertinent documents produced and destruction of any copies, notes, memoranda, or other material derived therefrom or relating thereto.

25. A party may challenge the assertion of any privilege or other protection for any documents originally withheld from production, or asserted as an objection to any Interrogatory or interposed during any deposition by filing a timely motion to compel, provided, however, that within 60 days of the objection or withholding, the moving party notify in writing the party

claiming the privilege or protection that the assertion of a privilege or protection is being challenged. The notice required by this paragraph shall contain information sufficient to (1) identify the document, the Interrogatory, or deposition at issue; (2) identify the privilege or protection that is being challenged; and (3) briefly explain the basis for the challenge. The parties shall in good faith attempt to resolve the matter. If the matter has not been resolved within 30 days from the receipt of the notice required by this paragraph, the party challenging the privilege or the protection may file a motion to compel.

26. Nothing in this Protective Order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) or protection.

**Administration of This Order**

27. If Defendant or any Plaintiff has cause to believe that a violation of this Order has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

28. For good cause shown, any Plaintiff or Defendant may seek a modification of this Protective Order. No part of the provisions of the Protective Order may be modified except in accordance with this Protective Order. The provisions of this Protective Order, and any subsequent amendments thereto and modifications thereof shall continue to be binding after the termination of the *Winstar* cases unless otherwise ordered.

29. Any party seeking a modification of this Protective Order for the *Winstar* cases or for one or more of those cases, must first provide the Plaintiffs' Coordinating Committee, the FDIC as Receiver ("FDIC-R"), and (unless the Defendant is the party seeking such modification) Defendants' Coordinating Committee with at least 10 days written notice prior to filing any such motion with the Court. During that 10 day period, the parties shall attempt to agree to a proposed modification. If such agreement is reached, the Plaintiffs' Coordinating Committee, the FDIC-R

and the Defendant's Coordinating Committee and the party requesting modification shall execute a stipulation setting out such modification, which will then be presented to the Court for approval. If no agreement is reached within the 10 day period, the party seeking the modification may apply to the Court for such relief, upon notice to all parties to the *Winstar* cases. Consistent with the terms of the Omnibus Case Management Order, the Court shall provide an opportunity for the parties to present their respective views to the Court before approving a stipulated request for modification or before granting a motion seeking modification.

30. Within 90 days of the exhaustion of all appeals in any *Winstar* case, the parties to that case shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken.

Date: April 14, 1998

Loren A. Smith
By Marian Blank Horn, Judge

LOREN A. SMITH
CHIEF JUDGE

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of May 2007, I caused the foregoing JOINT MOTION FOR A STIPULATED ORDER CONCERNING APPLICATION OF AMENDED MASTER PROTECTIVE ORDER TO CERTAIN DOCUMENTS to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: May 17, 2007 /s/ Joshua P. Wilson
Joshua P. Wilson