# In the United States Court of Federal Claims

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, Co-Executor of the<br>Estate of HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>Filed August 14, 2007 |

**ORDER**

Pursuant to paragraphs 9 and 18 of the Court's order of March 20, 2007, the parties are to participate in a preliminary pretrial conference at **10:00 a.m. on Tuesday, September 4, 2007** at the National Courts Building to discuss, among other things, the terms of an order governing procedures and logistics relating to the conduct of the trial. In preparation for the preliminary pretrial conference, the Court has set forth below a draft of several provisions for possible inclusion in such an order. The Court invites the parties to submit their comments and suggestions at or before the preliminary pretrial conference. The Court's proposed draft provisions are as follows:

1) The trial will begin at **9:30 a.m. on Monday, December 3, 2007** and continue through **Friday, December 21, 2007**. The Court will be in recess from **December 27, 2007** through **January 2, 2008**. The trial will then continue from **Thursday, January 3, 2008** through **Friday, January 18, 2008.** The Court has reserved courtroom space to accommodate a trial of the duration indicated (27 trial days). However, the Court hopes and expects that the trial will be conducted more expeditiously.

2) Trial will commence each day at 9:30 a.m. and conclude at 5:30 p.m. There will be a one-hour luncheon recess and two 15-minute recesses, one in the morning and one in the afternoon.

3) To avoid inconveniencing witnesses whom both sides intend to call, such witnesses shall, in the absence of unforeseen circumstances, be required to testify only once. Thus, following the conclusion of defendant's cross-examination of a witness called in plaintiff's

case whom defendant has also designated as a witness in its own case, defendant may elicit from such witness testimony that is outside the scope of plaintiff's direct examination. Plaintiff may then conduct its cross-examination with respect to such testimony, and defendant may conduct any redirect examination. This procedure shall not affect defendant's right to move under Rule 52(c) of the Rules of the United States Court of Federal Claims ("RCFC") at the conclusion of plaintiff's case for judgment as a matter of law.

4) At trial, each party shall have available four copies of its trial exhibits and of any demonstrative exhibits – one for the Court's law clerk, one for the witness, one for opposing counsel, and one for the court reporter, who shall be the custodian of the official set of exhibits admitted or marked for identification and shall see that such exhibits are filed with the Clerk of the Court along with the transcript of the trial. *See* RCFC 80.1(f) and (i).

5) Each page of any trial exhibit shall be separately and consecutively numbered, and shall also show the total number of pages in the exhibit. For example, the first page of a ten-page exhibit shall be numbered page 1 of 10.

6) Each party shall serve by personal delivery two copies of any demonstrative exhibit that it intends to use no later than 72 hours before the exhibit is used with any witness. If a demonstrative exhibit is served after business hours, it may be served by facsimile or electronic means rather than hand delivery, but the party shall hand deliver two copies of the demonstrative to opposing counsel the following morning. If a demonstrative contains color, then two color copies shall be served. This paragraph applies to demonstratives used on direct examination, but not to demonstratives used on cross-examination or on redirect examination.

7) The Court will exclude fact witnesses from the proceedings in accordance with Rule 615 of the Federal Rules of Evidence. Parties to the litigation who are natural persons will not be excluded. The same is true of an officer or employee of a party which is not a natural person designated as its representative by its attorney. Witnesses who are excluded are not to read transcripts of the testimony of earlier witnesses prior to their testifying; are not to be briefed on such testimony prior to their testifying; and are not to discuss their testimony with other persons who may be called to testify after they have been excused.

8) The parties shall confer in advance of the final pretrial conference, scheduled for **Thursday, November 29, 2007**, regarding the order of witnesses. Plaintiff shall notify the Court and counsel at the pretrial conference of the order in which it will call its witnesses and the anticipated duration of plaintiff's direct examination of each witness. Similarly, defendant shall state the order in which it will call its witnesses and the anticipated duration of defendant's direct examination of each.

9) Once a witness has been seated, counsel shall not engage in discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending, except that counsel may seek leave of Court to have such a discussion.

10) The parties shall be allotted 30 minutes each for opening statements and a reasonable time, to be determined, for closing argument. The Court may request post-trial proposed findings of fact and conclusions of law if the Court is not prepared to rule at the close of the evidentiary phase of the trial.

In addition, the Court would like counsel to be prepared at the preliminary pretrial conference to (1) present an overview of their case, not to exceed 30 minutes in length, and (2) respond to substantive questions from the Court.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge