# In the United States Court of Federal Claims

HOMER J. HOLLAND,
STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and
FIRST BANK,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 95-524C

Filed September 6, 2007

## ORDER

Pursuant to the Court's orders of March 20 and August 16, 2007, the parties met with the Court on September 6, 2007 for a preliminary pretrial conference. The parties and the Court considered the Court's proposed order, filed August 14, 2007, governing procedures and logistics for the conduct of the trial. In accordance with the August 14 order, each side also presented an overview of its case and responded to questions from the Court. In light of the discussion at the preliminary pretrial conference, the Court **ORDERS** as follows:

1) The Court will shortly promulgate a revised order governing procedures and logistics for the conduct of the trial that will incorporate the changes and additions discussed at the preliminary pretrial conference.

2) Counsel shall confer with a view toward reaching agreement on an allocation of time to each side for the presentation of its case. The parties shall advise the Court by **5 p.m. on Wednesday, September 12, 2007,** of the outcome of their discussions**.**

3) The defendant shall promptly file and serve the chart to which counsel for defendant referred during the conference, together with a brief notice of filing describing the significance of the chart. If plaintiff believes that any response to defendant's chart and notice of filing is necessary, plaintiff shall file such response within five days of plaintiffs receipt thereof.

4) Plaintiff shall promptly provide a copy to Chambers of the transcript of the deposition of Dr. Holland taken on June 27 and 28, 2007, together with copies of the exhibits marked at the deposition.

5) Plaintiff shall promptly provide copies to Chambers of the expert reports of Dr. Neil Murphy relating to plaintiff's "lost value" theory, and defendant shall provide copies of the reports of its expert(s) whom defendant relies upon to rebut the conclusions expressed by Dr. Murphy.

6) Counsel shall confer with a view toward reaching agreement on defendant's request that the co-executor of the estate of Mr. Ross be notified of the pendency of defendant's counterclaim. Counsel shall advise the Court by **5 p.m. on Wednesday, September, 12, 2007,** of the outcome of their discussions**.**

7) If counsel are unable to reach agreement on the matters described in paragraphs 2 and 6 above (or on any other similar matter), they shall contact Chambers so that the Court can schedule a telephonic conference to resolve any disagreements expeditiously.

**IT IS SO ORDERED**.

s/ George W. Miller
GEORGE W. MILLER
Judge