**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HOMER J. HOLLAND, STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK,** | ) | |
| **Plaintiffs,** | ) | **Case No. 95-524C** |
| **v.** | ) | **(Judge George W. Miller)** |
| **THE UNITED STATES,** | ) | **(Winstar-Related Case)** |
| **Defendant.** | ) | |

**DEFENDANT'S NOTICE OF FILING PURSUANT TO THE COURT'S ORDER DATED SEPTEMBER 6, 2007**

Pursuant to the Court's order dated September 6, 2007, defendant, the United States, respectfully submits a chart describing four damage theories presented by plaintiffs connected with the acquisition of San Antonio Federal Savings Bank ("SAFSB").

During the hearing held on September 6, 2007, First Bank described its claim for damages connected with the SAFSB acquisition as encompassing a single claim for $45 million dollars. Hearing Tr. (Sept. 6, 2007) at 29:11-22. During our response, we proposed introducing a chart that described our understanding of the four SAFSB-related damage theories previously presented by plaintiffs. Id. at 78:19-79:7. We asked that we be given some clarity as to the claims that plaintiffs will be permitted to present at trial. We noted that it was our understanding that plaintiffs would not be asserting a lost profits claim based upon lost leverage (id. at 54:19-55:16), and that they would not be asserting a tax gross up claim. Id. at 55:17-56:16. We further noted, with regard to the SAFSB claim, that we understood that, in the past, plaintiffs had set forth four different SAFSB damage claims, with three of the claims set forth by argument of counsel alone (i.e., without any supporting expert report). Given that plaintiffs only presented

one SAFSB-related damage theory to the Court during the hearing, a claim for $45 million, we indicated to the Court that clarity concerning which SAFSB-related damage claims would be presented by plaintiffs at trial would be useful in our trial preparations. Id. at 58:13-60:8. To demonstrate the amount and substance of plaintiffs' four previously asserted SAFSB-related damage theories, we proposed to introduce a chart to facilitate the Court's understanding of plaintiffs' SAFSB-related damage claims. The Court asked that we not introduce the chart, noting that we would be permitted to file it at a later time. Id. at 78:19-79:14.

In its order dated September 6, 2007, the Court asked that we provide the chart that we intended to introduce. We have annexed that chart (IV-1) as an exhibit to this notice. The chart demonstrates, in the left hand column, the SAFSB-related damage claim for $28.609 million asserted by Dr. Holland in connection with his Corrected Second Supplemental Expert Report and Declaration dated February 22, 2005. In the middle column, the chart sets forth the three damage claims presented by argument of counsel only. That is, none of the claims listed in the middle column were the subject of an expert report. Instead, these three damage claims were set forth by argument of plaintiffs' counsel only, appearing for the first time as argument in Plaintiff First Bank's Motion for Partial Summary Judgment dated September 21, 2005, at pages 17-23.

As we asserted in our brief responding to plaintiffs' summary judgment motion and during the hearing last week, plaintiffs' presentation of damage theories by argument of counsel is improper pursuant to Rule 26 of the Rules of the Court of Federal Claims, and pursuant to the Winstar Procedural Orders, which require that all expert opinion be disclosed in an expert report prior to trial. Hearing Tr. (Sept. 6, 2007) at 59:1-20; Def. Resp. to Pl. First Bank's Mot. for Partial Summ. J. (Dec. 5. 2005) at 77-78. During the hearing, plaintiffs acknowledged that some

expert opinion was likely to be given at trial concerning the $45 million SAFSB claim. Hearing Tr. (Sept. 6, 2007) at 30:17-19 ("Your honor, the SAFSB lost-profits claim will be presented largely through fact witnesses. *There may be some expert testimony*, . . . .") (emphasis added). As we reiterated during the hearing, this is improper. Id. at 59:1-20. There is only one SAFSB-related damage theory that has been set forth by plaintiffs' expert, Dr. Holland, and that is a $28.609 million claim, as is indicated in the annexed chart.[1] That should be the only SAFSB permitted at trial. See Def. Resp. To Pl. First Bank's Mot. For Partial Summ. J. (Dec. 5, 2005) at 77-78.

In any event, however, in order to prepare for trial we respectfully request clarity concerning which of the four SAFSB-related damage claims plaintiffs will be permitted to present at trial, (as well as whether plaintiffs will be permitted to present their abandoned "lost profits" claim based upon lost leverage, or an as-yet-unasserted claim for a tax gross up of any potential award). It was in furtherance of a resolution of these issues that we intended to present the annexed chart which describes plaintiffs' four previously asserted SAFSB-related damage claims.

Respectfully submitted

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

[1] To be sure, however, each of plaintiffs' SAFSB-related damage theories is fatally flawed. See Def. Resp. To Pl. First Bank's Mot. For Partial Summ. J. (Dec. 5. 2005) at 67-86.

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:
SCOTT D. AUSTIN
KENNETH M. DINTZER
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
BRIAN A. MIZOGUCHI
AMANDA L. TANTUM
JOHN J. TODOR

September 11, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September 2007, a copy of the foregoing "DEFENDANT'S NOTICE OF FILING PURSUANT TO THE COURT'S ORDER DATED SEPTEMBER 6, 2007" was served by hand delivery and facsimile to:

David B. Bergman, Esq.
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004
Facsimile: (202) 942-5999

/s/ John H. Roberson
John H. Roberson