**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HOMER J. HOLLAND, STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK,** | |
| **Plaintiffs,** | **Case No. 95-524C** |
| **v.** | **(Judge George W. Miller)** |
| **THE UNITED STATES,** | **(<u>Winstar</u>-Related Case)** |
| **Defendant.** | |

**DEFENDANT'S NOTICE OF PROPOSED ALLOCATION OF TIME AT TRIAL**

Pursuant to the directive of the Court, defendant, the United States, respectfully sets forth our proposal concerning the amount of time to be allocated to each side at trial.

To facilitate our discussion of our proposed allocation of time at trial, we begin by setting forth our calculations concerning the time available at trial, given the dates this Court has scheduled for trial. The trial of plaintiffs' claims seeking at least $65 million in damages is currently scheduled to begin on December 3, 2007, and to continue until December 21, 2007. It is then scheduled to resume on January 3, 2007, continuing until the trial's conclusion on January 18, 2008. Given the foregoing, there are 27 days of trial scheduled, 15 before the Holiday break, and 12 after the break.

Next, given the schedule this Court has set forth for typical trial days, and given anticipated periods during each trial day in which witnesses will likely not be testifying, we calculate that there are approximately 154.75 hours of time available for witness testimony, or about 77 hours per side. Our calculation is the result of the following assumptions.

The Court has stated that trial is to be held each day between the hours of 9:30 a.m. and conclude at 5:30 p.m., and that there will be a one-hour luncheon recess and two 15-minute recesses per day. Accordingly, there will be, at most, six-and-a-half hours per day in which the parties can examine witnesses. For the sake of argument and to be conservative, however, we assume that procedural and evidentiary matters not counting against either parties' time may consume an additional half hour per day at trial. Therefore, we assume that, for the purposes here, there will be six hours per day in which witnesses will be examined. Multiplying the six hours of witness examination time per day by the 27 days scheduled for trial results in a maximum of 162 hours of witness examination time. Other deductions from this total, however, should be computed. First, the Court has indicated that it will permit opening arguments of up to one hour per side, for a total of two hours. In addition, we anticipate the likelihood that we will file a Rule 52c motion upon the conclusion of plaintiffs' case. Thus, for our purposes here, we further assume a deduction of one hour per side, or a total of two hours, for argument of the Government's Rule 52c motion. Furthermore, the court has indicated that it might be amenable to breaking trial early on Friday, December 21, 2007. Accordingly, for our purposes here, we reduce the witness examination time by three-and-a-quarter hours (which assumes trial breaks at 12:00 on December 21, 2007, and that the one hour luncheon recess, 15 minute afternoon breach, and 30 minutes of procedural and evidentiary matters have already been deducted from the available trial time). Cumulatively, these deductions total seven-and-a-quarter hours; when subtracted from 162 hours of trial time, this leaves 154.75 hours of trial time. Divided evenly between the two parties, this leaves 77.37 hours (about 77 hours and 20 minutes) per side, or rounding down, about 77 hours per side.

Although there are only 77 hours per side given the foregoing assumptions, our witness disclosure list, which we have annexed, sets forth an estimate of 84.5 hours needed to present our listed witnesses at trial.[1] Our list of witnesses and time computations are based on our understanding that plaintiffs' claims are limited to their current claims for damages, namely a "retained theory of damages," a claim for diminution of value, and a single $45 million claim for SAFSB-related damages.[2] While our current calculation of time exceeds the total amount of time that we proposed be allocated to us, our total figure is within about 10 percent of our total available time. In short, while our current calculation of time reflects the uncertainties concerning those maters (and witnesses) that will ultimately require emphasis at trial, our calculation is within reasonable proximity of the amount of time that we believe is necessary to present our defenses to plaintiffs' claims for damages.

To be clear, however, we do not believe that we can properly set forth our defense of plaintiffs' $65 million claims in less than 77 hours. There are several reasons for this. First, plaintiffs have set forth three distinct categories damage claims, requiring three separate factual inquiries with distinct expert analysis. Indeed, with plaintiffs' recently added "retained earnings" damage theory set forth in plaintiffs' third supplemental expert report, and put in place of their

---

[1] We updated our initial disclosure list to set forth the estimated time needed to present each witnesses' testimony at trial.

[2] Our calculation does not include time to introduce the deposition transcripts of Messrs. Blaber and Ross, who are both deceased. We believe that the most efficient and effective way to introduce their testimony at trial is through a motion to introduce designated passages of their deposition transcripts followed by cross designations, if any, of related passages chosen by the opposing party. We do not believe, in this instance, that the Court would be assisted through presentations whereby actors literally take the witness stand and read the transcripts into the record.

previously asserted lost leverage lost profits claims, we retained the services of our fourth expert, Dr. Anjan Thakor.[3]

Second, plaintiffs in many respects have a much simpler case to put on at trial than we do. They can present almost all of their factual and expert opinion through one witness, Dr. Homer J. Holland, who performs roles here as key fact witness, expert, and plaintiff, and separately, as an ultimate recipient in any award connected with First Bank's purported damage claims. Moreover, Dr. Holland can testify as a fact witness on plaintiffs' behalf over an extended period of time, for example, from 1988 (or earlier) with the acquisition and formation of the River Valley thrifts, through First Bank's acquisition of the River Valley thrifts in January 1995. In contrast, the Government has bank examiners who may have only short periods of time overseeing the River Valley thrifts, in accord with the regulatory doctrine that examiners not engage in extended periods of repeated examinations of the same thrift. We also must present the oversight of the River Valley thrifts from the perspective of numerous regulatory agencies, including the Office of Thrift Supervision, Federal Deposit Insurance Corporation, Federal Home Loan Bank Board, and Federal Savings and Loan Insurance Corporation. Furthermore, different regulators have different oversight roles such that to complete one transaction (e.g., the authority to acquire another institution), a number of regulators (even within the same agency) must become involved in that decisionmaking process. In short, we will have to present a much

---

[3] Dr. Thakor possess special expert knowledge in this particular aspect of corporate finance, and has testified before this Court in another case in which plaintiffs sought (unsuccessfully) to obtain "retained damages" on a theory similar to that now presented by Dr. Holland. See Bank of America, FSB v. United States, 67 Fed. Cl. 577, 589 (2005), aff'd --- F.3d ---, 2007 WL 2137774 (Fed. Cir. July 26, 2007).

more complicated record in order to properly present the factual evidence in support of our defense in this case.

Finally, we note that the amount of time currently allocated for trial of plaintiffs' claims in the Court's original scheduling order and in our proposed allocation of time is comparable to the amounts allocated in other Winstar-related cases. For example, in Citizens FSLA v. United States, No. 93-306C, a four-week trial was held during which plaintiff presented just a single (and structurally much simpler) lost profits claim seeking $21 million. See Citizens FSLA v. United States, 64 Fed. Cl. 498, 501 (2005). As other points of comparison, more than five weeks (twenty-eight trial days) were provided for the parties in First Federal of Rochester v. United States, No. 95-517C, and six-weeks were originally scheduled in Astoria Federal Savings & Loan Association v. United States, No. 95-468C.

Given the foregoing discussion concerning the nature and amount of plaintiffs' damage claims, we respectfully request that at least 77 hours of trial time be given per party in order to present evidence at trial.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:

SCOTT D. AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
BRIAN A. MIZOGUCHI
AMANDA L. TANTUM
JOHN J. TODOR

September 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2007, a copy of the foregoing "DEFENDANT'S NOTICE OF PROPOSED ALLOCATION OF TIME AT TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson