IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOMER H. HOLLAND,<br>STEVEN BANGERT<br>(in his capacity as co-executor of<br>the estate of HOWARD R. ROSS),<br>and FIRST BANK<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Case No. 95-524C<br><br>(Judge G. Miller) |

**PLAINTIFFS' STATEMENT REGARDING ALLOCATION OF TRIAL-TIME**

Pursuant to the Court's direction during a conference call with the parties on Monday, Sept 10, 2007, Plaintiffs respectfully submit this statement regarding the allocation of time during trial.

The Court has advised that trial will begin December 3, recess at noon on December 21, and, if necessary, resume on January 3 until no later than January 18. We understand that trial days will typically extend from 9:30 am until 5:30 pm, with a one hour recess for lunch and two fifteen minute recesses during the trial day, resulting in approximately six and a half hours of trial time per day. Plaintiffs expect that at least one half hour per day will be devoted to matters other than witness testimony, such as evidentiary motions, legal argument, and administrative matters. In addition, the Court has reserved two hours for opening argument. Accordingly, Plaintiffs calculate that from December 3 - December 21 there is no more than approximately 84 hours of trial time available to accommodate witness testimony (maximum of six hours of testimony per day for 14 days, plus two hours of testimony on December 21, minus two hours

for opening statements on December 3). If the trial were to continue in January, the Court has reserved twelve days for trial, which Plaintiffs calculate to encompass no more than 70 additional hours of testimony, assuming that two hours are reserved for argument on a motion under Rule 52(c) and assuming that there is no time reserved for closing statements. Accordingly, if the trial were to run all the way through January 18, there would be a maximum of 154 hours of testimony.

Plaintiffs note that the Court and the parties have substantially narrowed the issues for trial. The Court has resolved liability issues on summary judgment, and the parties have agreed upon ***386*** stipulations of fact. Plaintiffs have identified seven witnesses they expect to call at trial, two of whom are deceased and will therefore be presented through excerpts of deposition testimony. The estimated duration of the direct testimony of the seven witnesses that Plaintiffs expect to call at trial is approximately 26 hours. Plaintiffs identified ten additional witnesses they may call at trial; the estimated total duration of direct testimony of the ten witnesses whom Plaintiffs may call at trial is 18 hours.

In its initial witness list, Defendant identified no witnesses whom it expects to call at trial, but 29 witnesses whom it may call at trial. Of the 29 witnesses that Defendant may call to testify, 13 also appear on Plaintiffs' witness list. In its initial witness list, Defendant provided no estimate of the time it intends to devote to any of the witnesses, but in a telephone conversation, counsel for Defendant advised Plaintiffs' counsel of how many hours he expected to devote to each witness; Defendant's counsel's estimates total as much as 88 hours of testimony for Defendant, without allowing for any time to cross examine two of Plaintiffs' witnesses, Neil Murphy and Lynn Stokes. Defendant seemingly makes no effort to present a case tailored to the

facts and law in dispute, but instead expands its case to fill the perceived time allotted to it. This is why reasonable time limits are appropriate and necessary.

Given the extensive stipulations of fact and the Court's rulings on summary judgment, Plaintiffs believe that trial should be completed in no more than eighteen trial days. Plaintiffs propose that the Court impose a time limit of 50 hours for Plaintiffs and 50 hours for Defendant, with such time to encompass all direct examination, cross examination, and rebuttal testimony. Plaintiffs propose that neither party be charged out of the 50-hour allotment with time devoted to opening or closing statements, legal argument, evidentiary motions, or administrative matters. Given the burden of proof, there is no plausible reason why the Defendant should be entitled to more time than Plaintiffs. If the Court imposes these time limits, Plaintiffs expect that trial would be completed by approximately January 7.

Respectfully Submitted,

/s/ David B. Bergman
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building, Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: September 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 17th day of September 2007, I submitted the foregoing Plaintiffs' Statement Regarding Allocation of Trial-Time to the Court via the Court's Electronic Case Filing system, which I understand to constitute proper service upon the defendant pursuant to the Court's Rules.

/s/ Michael A. Johnson