# In the United States Court of Federal Claims

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, Co-Executor of the<br>Estate of HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>Filed September 20, 2007 |

**ORDER**

The Court has continued to consider the parties' positions relating to allocation of time during trial, as expressed at the preliminary pretrial conference on September 6, 2007, during a conference call with the Court on September 10, 2007, and in the parties' September 17, 2007 filings relating to time allocation (docket entries 385 and 386).

Plaintiff has suggested an allocation of 50 hours to each side, suggesting that an equal allocation of time is best and estimating that its case can be presented in approximately 26 to 44 hours, while defendant has suggested that "at least 77 hours" be allocated to each side but has stated it estimates that its case would take approximately 84.5 hours to adequately present. Both parties proceed on nearly identical assumptions about the total number of hours available for the presentation of evidence (i.e., 154 hours) should the trial last 26 and one-half days (the maximum number of days set aside by the Court for the trial). The Court believes that the 154-hour figure should be rounded down to 150 to account for any unforeseen problems that may crop up and to give the Court some latitude to allocate additional time to either side should such an allocation prove necessary.

The issue thus is how to allocate the 150 available hours between the sides in as equitable a fashion as possible. Although the Court sees the merit in providing each side equal time, the Court is not persuaded that such an allocation is strictly necessary. If the Court were to adopt plaintiff's proposal and grant each side 50 hours, plaintiff would presumably have little, if any, difficulty presenting its case, but defendant would be faced with difficult decisions about how to shoehorn its 80-plus hours of planned testimony into 50 hours. The Court is disinclined to impose draconian time limits that preclude the parties from trying their cases in the way they wish to try them, and the Court therefore declines to adopt plaintiff's proposed limits.

Adopting defendant's proposal and granting each side 77 hours—for a total of 154 hours, or slightly more time than the 150 hours that are available to be allocated—presents its own set of problems. Not only would defendant still be faced with the prospect of cutting out what the Court assumes the defendant believes in good faith to be relevant and helpful parts of its case, but plaintiff would be allocated far more time than it may require to present its entire case.

The Court recognizes that it is very difficult to make accurate estimates of trial time at this stage. However, the Court believes that plaintiff may have under-estimated the time it will need, and defendant may have over-estimated the time it will need. The Court's allocations reflect that belief.

The Court is of the view that plaintiff should be allocated 60 hours and defendant should be allocated 90 hours, such allocations to encompass all direct examination, cross-examination, and rebuttal testimony. Time reasonably devoted to opening or closing arguments, legal argument, evidentiary objections or motions, or administrative matters shall not count against the allocations.

The Court's allocation gives defendant 13 hours—or approximately 17 percent—more than the 77 hours it has suggested, and five and one-half hours more than the approximately 84.5 hours defendant has stated it would need to put on the direct testimony of the 29 witnesses whom it has stated it "may call" at trial.

The Court's allocation gives plaintiff 10 hours—or 20 percent—more than the 50 hours it suggested. Plaintiff has stated that it estimates it would need approximately 26 hours to put on the direct testimony of the seven witnesses whom plaintiff stated it "expect[s] to call," and approximately 18 hours to put on the direct testimony of the ten witnesses whom plaintiff "may call." Thus, the Court' allocation provides plaintiff with 16 hours more than plaintiff's estimated upper limit of approximately 44 hours.

Neither party should feel obligated to use all of its allotted time. The time limits set forth above are subject to revision—in either direction—in the discretion of the Court should it appear during the course of subsequent proceedings that fairness requires a larger or smaller allocation. In particular, the Court will not hesitate to use its discretion to require either side to wrap up its case in less time than it has been allocated should the testimony it is presenting prove to be irrelevant, unhelpful, or unduly duplicative. Conversely, within the limits of available courtroom time, the Court may use its discretion to expand either side's allocation should such action be necessary to allow the party to present relevant, helpful, and non-duplicative testimony.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge