**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HOMER J. HOLLAND, STEVEN BANGERT, co-executor of the ESTATE OF HOWARD R. ROSS, AND FIRST BANK,** | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | No. 95-524 C (Judge G. Miller) |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO INTRODUCE AT TRIAL THE DEPOSITION TESTIMONY OF CERTAIN GOVERNMENT AGENTS AND REQUEST FOR EXPEDITED CONSIDERATION**

Defendant, the United States, respectfully opposes the motion of plaintiffs Homer J. Holland, Howard R. Ross, and First Bank for leave to introduce portions of the deposition testimony of Larry Ferries, Diana Januska, Ronald Karr, and Lawrence Kenny, witnesses who will appear at trial, as substantive evidence. Plaintiffs rely on Fed. R. Evid. 801(d)(2)(D) and United States Court of Federal Claims Rule ("RCFC") 32. Plaintiffs, however, have failed to establish the requisite elements to designate deposition testimony, including overcoming the "interest of justice" of presenting live testimony rather than deposition testimony. See RCFC 32(a)(3)(E). Designation of deposition testimony is a last resort, used only when a witness is unavailable to appear at trial. Plaintiffs have not shown, and likely cannot show, that Messrs. Ferries, Karr, and Kenny and Ms. Januska are unable to appear at trial. Moreover, plaintiffs have

failed to satisfy their burden of proving that an exception to the rule precluding the admission of deposition testimony of available witnesses applies here. Accordingly, the court should preclude plaintiffs from using the deposition testimony of the above-named witnesses as evidence in its case-in-chief. Defendant does not oppose the use at trial of portions of the deposition testimony of deceased fact witnesses Leo B. Blaber and Howard R. Ross.

Defendant requests expedited consideration of plaintiffs' motion and its opposition. Should the court allow plaintiffs' proposed use of deposition transcripts, without waiving our opposition to such a ruling, we respectfully request leave to submit counter-designations in response to plaintiffs' deposition designations. RCFC 32(a)(4). Defendant would, in this situation, also without waiving our opposition to the procedure, move to introduce large portions of the deposition testimony of plaintiffs' witnesses, including Homer J. Holland, Ronald Pikus, John Rose, Steven Bangert, Allen Blake, Richard Dalton, James Dierberg and Susan Vranes Ells. Defendant, however, must designate the deposition testimony that it plans to use in its Contentions of Fact and Law, which must be submitted by October 23, 2007. To facilitate the timely filing of its Contentions of Fact and Law, defendant therefore requests expedited consideration of this motion.

## ARGUMENT

### I. The Admission Of Deposition Testimony As Substantive Evidence Pursuant To Rule 801(d)(2)(D) Of The Federal Rules Of Evidence Undermines The Common Law Preference For Live Testimony And Should Not Be Allowed

The admission of deposition testimony, without a showing of unavailability or exceptional circumstances, is contrary to the long-standing preference for live testimony at trial. "In both civil and criminal cases, our common law heritage has always favored the presentation

of live testimony over the presentation of hearsay testimony by the out-of-court declarant." United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); accord Griman v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) (noting the "strong preference of Anglo-American courts for live testimony"); Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (L. Hand, J.) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."); Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) (noting "the universal preference for live testimony"). The fact finder's observation of the demeanor of the witnesses and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference, even when the out-of-court statement was given under oath. See Mathis, 559 F.2d at 299; Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person."). Live testimony is necessary to provide the Court with an opportunity to evaluate the witness's demeanor during the discussion of the relevant events. Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluating the witness's testimony in person. See Am. Steel Works v. Hurley Constr. Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony" and noting that the witnesses would be "particularly able to shed light on the transactions in dispute").

This Court has also explained, in a context similar to that presented by plaintiffs' motion, that it "prefers live testimony by the live witnesses at the trial, so that the witnesses can be cross-examined and observed by the judge to aid in the assessment of their credibility." Speck v.

United States, 28 Fed. Cl. 254, 294 (1993) (denying admission of transcript testimony pursuant to Fed. R. Evid. 804). Notably, this Court has considered and rejected a similar request to admit deposition testimony in lieu of live testimony pursuant to Rule 801(d)(2)(D) and RCFC 32, instead requiring the live testimony of all witnesses who were not deceased or unavailable due to age, infirmity or illness.[1] Order, Sterling Sav. Ass'n v. United States, No. 95-829C, at 2 (Mar. 26, 2007).

An example of the analysis that should be undertaken prior to determining the admissibility of deposition testimony is provided by Kolb v. County of Suffolk, 109 F.R.D. 125 (E.D.N.Y. 1985), where the court rejected an interpretation of Rule 801(d)(2)(D) that would provide for "trial by deposition." In Kolb, the court denied a motion to introduce at trial the depositions of defendant's employees when the employees were available to testify. The court stated that "[t]he question of admissibility of a deposition must be determined by reference to both Fed. R. Civ. P. 32(a) and the Federal Rules of Evidence." Id. at 128. The court found, however, that the depositions were not admissible pursuant to Rule 32(a), and assuming "arguendo" that Rule 801(d)(2)(D) of the Federal Rules of Evidence provides a separate basis to

[1] While we recognize that this Court in Globe Savings Bank, F.S.B. v. United States, 61 Fed. Cl. 91 (2004), and Long Island Savings Bank, FSB v. United States, 63 Fed. Cl. 157 (2004), concluded that Rule 801(d)(2)(D) provided an basis for admitting deposition testimony independent of the requirements of RCFC 32, we respectfully disagree with the Globe and Long Island decisions and assert that plaintiffs cannot seek to admit, as substantive evidence, deposition testimony in lieu of live testimony without a showing that a witness is unavailable or that exceptional circumstances apply. In light of the long-standing preference for live testimony and the availability of the deponents, and given that previous decisions of this Court in other cases are not binding precedent here, see West Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994), the Court would not abuse its discretion by denying plaintiffs' motion and requiring live testimony. See, e.g., General Elec. Co. v. Joiner, 522 U.S. 136, 141-42 (1997) (trial court's evidentiary rulings reviewed for abuse of discretion).

admit the depositions, that they should not be admitted pursuant to Rule 801(d)(2)(D) because it "is rarely applied to allow admission of whole depositions of witnesses who could easily appear at trial on a party's direct case." Id. While specifically stating that Rule 801(d)(2)(D) is used to admit "out of court statements of a party's employee or agent related by a witness testifying in court," to admit "written reports, letters and memoranda of a party's employee or agent," or to admit "portions of depositions for impeachment purposes," the court concluded that "[i]t is apparent from this review, that Rule 801(d)(2)(D) [is] not intended to permit the introduction of eight of defendant's employees' entire depositions for substantive purposes where the employees are readily available to testify at trial." Id.

Plaintiffs' attempt to admit, as substantive evidence, large portions of the deposition testimony of four witnesses invokes the same concerns over "trial by deposition" that are raised in Kolb. For example, plaintiffs have designated almost 200 pages from the deposition transcript of Larry Ferries, an Office of Thrift Supervision ("OTS") regulator, who is on our witness list as a witness we intend to call at trial. If the deposition testimony is admitted under Rule 801(d)(2)(D), without consideration of a witness's unavailability or exceptional circumstances, "a precedent would be set for trial by deposition." Kolb, 109 F.R.D. at 127.

Plaintiffs offer no evidence and makes no suggestion that any of the four individuals whose deposition testimony they seek to admit as substantive evidence under Rule 801(d)(2)(D) are unavailable for trial or that "exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses

orally in open court," RCFC 32(a)(3), to allow the admission of deposition testimony.[2] Indeed, plaintiffs name these individuals in their witness list and appear to know their current work activities and whereabouts. In addition, the United States intends to make Messrs. Kenny, Ferries, and Karr available at trial, even during the plaintiffs' case-in-chief if called by them,[3] thus obviating the need for recitation of deposition testimony. When a defendant has asserted that it will call certain witnesses at trial, under Rule 32 of the Federal Rules of Civil Procedure, the plaintiff may not use the depositions of these witnesses in his case-in-chief. See Hillman v. United States Postal Serv., 171 F. Supp. 2d 1174, 1175 (D. Kan. 2001).

Should the court agree to the plaintiffs' suggested use of deposition testimony, defendant will nonetheless bring these deponents to ensure completeness and to testify with respect to the defendant's case. Instead of relating their experiences, the deponents will watch their own deposition testimony being recited by actors, a Kafkaesque scenario that the drafters of the Federal Rules of Civil Procedure and the Federal Rules of Evidence surely could not have envisioned.

Additionally, this Court limited the objections that an attorney defending a deposition in the Winstar-related cases could make during the course of the deposition. See Order, Plaintiffs In All Winstar-Related Cases At The Court v. United States, No. 90-8C (June 26, 2000). The limiting of such objections provides yet another reason why the use of deposition testimony in

---

[2] Because plaintiffs will use the named witnesses' deposition testimony in its case-in-chief, they are not using the testimony to contradict or impeach any of the witnesses and, accordingly, cannot rely upon RCFC 32(a)(1).

[3] Defendant does not intend to call Ms. Januska, and she appears on plaintiffs' witness list only as a witness that plaintiffs may call.

lieu of live testimony is ill-suited as a substitute in the Winstar-related cases, especially when a witness is available and there are no exceptional circumstances.

The party seeking to introduce deposition testimony has the burden to establish that the deposition testimony complies with the requirements set forth in the Rules. See Angelo v. Armstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993); Allegier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If that burden is not met, the designated deposition testimony must be excluded. Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994). Plaintiffs have failed to meet that burden.

## II. The United States Reserves Its Right, Until The Time Of The Final Pre-Trial Conference, To Object To Portions Of the Deposition Testimony And To Counter-Designate Deposition Testimony

Even if this Court holds that Rule 801(d)(2)(D) of the Federal Rules of Evidence allows for the admission of deposition testimony as substantive evidence, portions of the deposition testimony designated by plaintiffs may nonetheless be inadmissible to the extent that they are permeated with objectionable statements under the Federal Rules of Evidence. Therefore, the United States reserves its right to object, under the Federal Rules of Evidence, to the admission of portions of the deposition testimony otherwise found to be admissible by the Court and to counter-designate deposition testimony under Rule 106 of the Federal Rules of Evidence and RCFC 32(a)(4).

**CONCLUSION**

For the reasons set forth above, we respectfully request that plaintiffs' motion to introduce at trial the deposition testimony of certain government agents be denied.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson by /s/ Amanda L. Tantum
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 616-0320
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

SCOTT D. AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
AMANDA L. TANTUM
JOHN J. TODOR
Trial Attorneys
Department of Justice

September 27, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO INTRODUCE AT TRIAL THE DEPOSITION TESTIMONY OF CERTAIN GOVERNMENT AGENTS AND REQUEST FOR EXPEDITED CONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson by /s/ Amanda L. Tantum

John H. Roberson