**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HOMER J. HOLLAND, STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK,** | ) | |
| **Plaintiffs,** | ) | **Case No. 95-524C** |
| **v.** | ) | **(Judge George W. Miller)** |
| **THE UNITED STATES,** | ) | **(Winstar-Related Case)** |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING ANY TAX GROSS-UP CLAIM**

Pursuant to Rule 12 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an order in limine to exclude irrelevant testimony and evidence at trial concerning any claim for a "gross-up" of plaintiffs' alleged damages for purposes of reimbursing hypothetical future taxation of any such damages. Plaintiffs have not disclosed any such claim in their complaint, their expert reports, at the Court's September 6, 2007 status conference, or in their September 25, 2007 pre-trial contentions of fact and law required pursuant to Appendix A of the Court's rules.

Plaintiffs' failure to plead or otherwise disclose any tax gross-up claim amounts to an abandonment and waiver of any such claim. The time for discovery has expired, and in the limited time remaining before trial, we are preparing to address those claims that have been pled. Any testimony or evidence concerning a gross-up claim is irrelevant to the issues now before this Court, would cause us to suffer prejudicial harm, and should be barred from introduction at trial or in post-trial briefing.

See Fed. R. Evid. 401, 403.

The purpose of a motion in limine is "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." Inslaw, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996), aff'd, 40 F.3d 843 (1998). "Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." Id. (citing Baskett v. United States, 2 Cl. Ct. 356, 359 (1983)). The Court of Federal Claims has consistently held that a ruling in limine "is a remedy designed to increas[e] trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial." Weeks Dredging & Contracting, Inc. v. United States, 11 Cl. Ct. 37, 45 (1986) (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1125, 1140 (E.D. Pa. 1980)); see also Inslaw, 35 Fed. Cl. at 302-03; Int'l Graphics Div. of Moore Business Forms, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984).

We informed the Court of our understanding that plaintiffs would not be asserting a tax gross-up claim during the Court's pretrial status conference on September 6, 2007. Tr. (Sep. 6, 2007) at 55:17 - 56:16. During the status conference, plaintiffs did not inform us or the Court that, to the contrary, they do intend to assert a tax gross-up claim. Nor, following the status conference, did they assert any such claim in their Appendix A-required contentions of fact and law.

We would suffer prejudicial harm if we must now attempt to prepare to defend against evidence concerning a tax gross-up claim that plaintiffs have not disclosed in their complaint, expert reports, or pretrial contentions of fact and law. In the ordinary course, we would take

discovery and submit an expert report and testimony addressing a tax gross-up claim. We cannot do so here, however, because none has been timely pled or otherwise disclosed, and the time for discovery and expert reports has expired. Indeed, plaintiffs' counsel resisted our efforts to discover whether, despite plaintiffs' failure to plead or otherwise disclose a tax gross-up claim, they will seek to surprise us at or after trial with a tax gross-up claim:

Q. Now, in preparing for your -- preparing to think about this report that you issued, did you consider discussing, in your report, a tax gross-up claim?
A. I haven't spent any time on that at this point.
Q. I guess my question was, did you discuss that in preparation for your report?
A. No. No.
Q. In discussing that you would be presenting in your report?
A. No.
Q. And why is that?

00491
MR. JOHNSON: Objection, vague. A dog that didn't bark. But answer it if you can, Dr. Holland.
THE WITNESS: I think the answer is that we have not discussed that and I'm not prepared at this time to say whether that should have been discussed or we should have had it in this set of things. I think that still might be an open question.
BY MR. ROBERSON:
Q. What do you mean by you think it might still be an open question?
A. I haven't heard a discussion about it so I don't preclude that it could still be an open question. I don't know that.
Q. Has anyone discussed with you whether or not First Bank intends to assert a tax gross-up claim?

MR. JOHNSON: Objection, beyond the scope. Don't answer it, Dr. Holland. That's getting to you as a plaintiff, not as an expert. That's got nothing to do with this report.

00492

MR. ROBERSON: No, that's a question to him as an expert.
MR. JOHNSON: Well, he's not going to answer it so move on.
MR. ROBERSON: And why isn't he going to answer it, Mr. Johnson?
MR. JOHNSON: Because it's not being put to him as an expert. It's outside the scope of this report.
MR. ROBERSON: Well, I --
MR. JOHNSON: You're asking -- let me finish. You're asking him what First Bank intends to do at trial. That's got nothing to do with his analysis. Outside the scope of this report and the purpose of this deposition. Don't answer it, Dr. Holland.

Holland Dep. (Jun. 28, 2007) Tr. 490:10 - 492:16.

At this late date, it would cause prejudicial harm to us if we have to prepare for trial related to an unpled, undisclosed, waived, and irrelevant tax gross-up damage claim. If a tax gross-up claim had been pled, we would have taken discovery of plaintiffs' financial and tax records, deposed witnesses, and engaged our expert, Professor Paul A. Griffin, to address such a claim. Dr. Griffin testified in Bank of America v. United States, 67 Fed. Cl. 577, 596-97 (2005), affirmed, 495 F.3d 1366 (Fed. Cir. 2007), another Winstar-related case. In Bank of America, the Court rejected a tax gross-up claim for damages attributed to the cost of replacing capital, after a trial that addressed plaintiff's prior tax treatment of goodwill, whether a damages award would be taxable, and the rate of taxation. See Bank of America, 67 Fed. Cl. at 596. In this case,

however, we will not be able to engage in such an examination, because plaintiffs never timely disclosed any tax gross-up claim, and we have not had the opportunity to take discovery with respect to such a claim.

Accordingly, pursuant to Federal Rules of Evidence 401 and 403, to streamline pre-trial preparations and the presentation of evidence at trial, and to preclude the prejudice that would ensue if plaintiff attempted to introduce evidence concerning a tax gross-up claim, we respectfully request that the Court order that no evidence concerning a tax gross-up claim be introduced into evidence at trial.

## CONCLUSION

For these reasons, any evidence concerning a tax gross-up claim should be excluded as irrelevant and unduly prejudicial to defendant.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972

Attorneys for Defendant

Of Counsel:
SCOTT AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
BRIAN A. MIZOGUCHI
AMANDA L. TANTUM
JOHN J. TODOR

October 2, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October 2007, a copy of the foregoing "DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING ANY TAX GROSS-UP CLAIM was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson