**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOMER J. HOLLAND, STEVEN BANGERT, co-executor of the ESTATE OF HOWARD R. ROSS, AND FIRST BANK | |
| Plaintiffs, | No. 95-524 C |
| v. | (Judge G. Miller) |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO INTRODUCE AT TRIAL THE DEPOSITION TESTIMONY OF CERTAIN GOVERNMENT AGENTS AND DECEASED FACT WITNESSES**

Plaintiffs submit the following Reply in support of their motion to introduce as substantive trial evidence portions of the deposition testimony of party opponents Lawrence Kenny, Ronald Karr, Diana Januska, and Larry Ferries. Plaintiffs further request that the Court issue an order approving for use at trial the portions of the deposition testimony of deceased witnesses Leo B. Blaber and Howard R. Ross submitted along with Plaintiffs' opening brief as Exhibits 5 & 6, the admissibility of which the government now concedes. *See* Def.'s Opposition to Pl's Mot. to Designate Deposition Testimony, dated Sept. 28, 2007 ("Def. Opp.") at 2.

In opposing Plaintiffs' motion, Defendant does not dispute that the deposition testimony of government agents Kenny, Karr, Januska, and Ferries designated for use at trial constitutes party admissions under Fed. R. Evid. 801(d)(2). That is, Defendant does not (and cannot) dispute that all of the sworn testimony at issue is (1) "offered against" Defendant, and (2) constitutes "statements by [Defendant's] agent[s] or servants[s],"

(3) “concerning a matter within the scope of the agency or employment” (4) “made during the existence of the relationship.” *See Globe Sav. Bank, F.S.B.*, 61 Fed. Cl. 91, 97 (setting forth requirements for party admissions); *Aliotta v. Nat’l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003) (same). Accordingly, Defendant necessarily concedes that the deposition testimony of Messrs. Kenny, Karr, Januska, and Ferries is admissible *non-hearsay* under the Federal Rules. *See* Fed. R. Evid. 801(d)(2) & 1972 Adv. Comm. Note 2 (“Admissions by a party opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system . . . . [The rule] calls for generous treatment of this avenue to admissibility.”).

Nevertheless, Defendant argues that meeting the standard imposed by the Federal Rules of Evidence for the use of party admissions is not good enough. According to Defendant, Plaintiffs may use sworn party admissions as evidence only after satisfying additional requirements imposed by Court of Federal Claims Rule 32(a)(3), which governs the admissibility of deposition testimony of *unavailable* witnesses. *See* Def. Opp. at 2-7.

This Court has “squarely” and repeatedly rejected the very same argument Defendant makes here, refusing Defendant’s “erroneous” “view of the relationship between the Federal Rules of Evidence and rules of procedure respecting [party] admissions.” *See Globe*, 61 Fed. Cl. at 95; *Long Island Savings Bank, F.S.B. v. United States*, 63 Fed. Cl. 157, 163 (2004). Indeed, Defendant concedes that “this Court … [has] concluded that Rule 801(d)(2)(D) provided a basis for admitting deposition testimony independent of the requirements of RCFC 32.” Def.’s Resp. at 4 n. 1.

This Court should again reject Defendant's arguments, which seek "to turn [the Federal Rules of Evidence] on [their] head." *Globe*, 61 Fed. Cl. at 95.

## I. Witness Availability "Has No Bearing On The Use of Party Admissions as Evidence."

In the *Winstar*-related Globe case, this Court ruled that portions of the deposition testimony of a government agent were party admissions, and thus properly submitted as substantive trial evidence. *Globe*, 61 Fed. Cl. at 95. The Court rejected Defendant's argument that the plaintiffs were required to establish that the government agent would be unavailable to testify at trial. *Id*.

The *Globe* court explained this decision in detail, first distinguishing between (1) party admissions -- which are classified as "not hearsay" under the Federal Rules of Evidence -- and (2) out of court statements classified as hearsay, but admissible under certain "exceptions." *Id.* at 94. Certain of the latter statements, the Court explained, are "admissible only if the declarant is unavailable as a witness." *Id.* With respect to those types of *non-party* statements -- for example, "statements against interest" or "statements of personal or family history," *see* Fed. R. Evid. 804(3) & (4) -- the law prefers live testimony with the attendant opportunity for the declarant to be cross-examined. *Id*. at 94-95. Party admissions, however, "are excluded from the hearsay rule" altogether, as "a result of the operation of the adversary system." *Id.* at 94 (citing Charles McCormick, *McCormick on Evidence* § 254, at 137 (John. W. Strong ed., 5th ed. 1999).

As the Court explained, party admissions "'pass the gauntlet of the hearsay rule,' which requires that extrajudicial assertions be tested by cross-examination, because the declarant, in the circumstance of making an admission, is 'the only one to invoke the

hearsay rule and because he *does not need to cross-examine himself.*'" *Globe*, 61 Fed. Cl. at 94-95 (quoting John Henry Wigmore, *Evidence in Trials at Common Law* § 1048, at 4 (James H. Chadbourn ed., 1972)). Put another way, the hearsay rule is irrelevant as respects party opponents because the "'opponent [or his agent] has the full opportunity to put himself on the stand and explain his former assertion.'" *Id.* at 95 (quoting Wigmore, § 1048 at 5). Thus, the very fact that a party opponent is *available* to testify at trial supports the admission of the opponent's sworn out of court statements as evidence:

> Application of the unavailability requirement to admissions would turn the theory for classifying admissions as non-hearsay on its head: the availability of the witness is the very means by which the party-opponent may seek to reap, in effect, the benefits of cross-examination.

*Globe*, 61 Fed. Cl. at 95.

As the *Globe* Court explained, "[t]his logic extends to the situation in which an admission is contained in a deposition . . . . 'The general rule that the witness must be shown unavailable for testifying in court does not apply to a party's use of his *party-opponent's deposition* ... for the simple reason that every statement of an opponent may be used against him as an *admission* without calling him ...; the opponent's sworn statement, though called a deposition, is no less an admission than any other statement of his.'" *Id.* (quoting 5 *Wigmore on Evidence* § 1415, at 240, 243). Accordingly, "'admissions of a party are received as substantive evidence of the facts admitted and not merely to contradict the party. As a result, no foundation by first examining the party, as required for impeaching a witness with a prior inconsistent statement, is mandated for admissions.'" *Globe*, 61 Fed. Cl. at 95 (quoting 2 *McCormick on Evidence* § 254 at 137).

This Court has since reaffirmed its decision in *Globe*, again admitting as substantive trial evidence selected portions of government agent deposition testimony. *See Long Island*, 63 Fed. Cl. at 162-65. In *Long Island*, this Court again "squarely rejected" the government argument that "the common law's preference for live testimony precludes admitting deposition testimony absent a showing that the witness is unavailable to testify personally at trial." *Id.* at 163. Citing the detailed reasoning in *Globe*, the Court ruled that "the common law's preference for live testimony has no bearing on the use of party admissions as evidence." *Id.*

Here, as in *Globe* and *Long Island*, the Court should reject Defendant's identical opposition to Plaintiffs' motion to submit government party admissions as substantive trial evidence. None of the cases discussing the "preference for live testimony" cited at pages 2-4 of Defendant's opposition addresses or even *mentions* party admissions or Federal Rule of Evidence 801(d)(2). Rather, all of these cases -- most of them airlifted from the opposition motion this Court rejected in *Long Island* -- "address rules or statutes that explicitly require a showing of unavailability of the witness" and "are inapposite to the issue presented here." *See Long Island*, 63 Fed. Cl. at 163 (rejecting as inapposite *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996) (applying Fed. R. Civ. P. 32(a)(3)(B), (D) & (E)); *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977) (addressing Fed. R. Evid. 804 and Fed. R. Evid. 803(24); *Napier v. Bossard*, 102 F.2d 467, 468 (2d Cir. 1939) (discussing Section 304 of the New York Civil Practice Act, which provided that "a deposition taken within the state, except that of a party, taken at the instance of an adverse party . . . shall not be read in evidence . . . unless it appears to the satisfaction of the court that the deponent is then dead or is out of the state"); *Speck v.*

*United States*, 28 Fed. Cl. 254 (1993) (considering exceptions in Fed. R. Evid. 804); *see also* Def. Opp. at 2-4 (citing *Young & Assoc. Public Relations, L.L.C. v. Delta Airlines, Inc.*, 216 F.R.D. 521, 522 (D. Utah 2003) (addressing Fed. R. Civ. P. 32(a)(3)); *Banks v. Youkemick*, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) (same); *Am. Steel Works v. Hurley Constr. Co.*, 46 F.R.D. 465, 470 (D. Minn. 1969) (discussing application of the 100-mile Rule as a limitation on mileage fees for witnesses' travel that may be taxed as costs).

Defendant's reliance on the *Kolb* case, another authority rejected in *Long Island*, is similarly misplaced here. *See* Def. Opp. at 4-5 (citing *Kolb v. County of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985); *Long Island*, 63 F.3d at 163-64 (distinguishing and rejecting reasoning in *Kolb*). Unlike in *Kolb*, Plaintiffs do not intend to "'establish [their] entire case by the introduction of [] depositions.'" *See id.* (quoting *Kolb*, 109 F.R.D. at 127-28). To the contrary, Plaintiffs plan to present more than a week of live testimony from key fact witnesses and experts, reserving modest time to present highly relevant and specific sworn admissions of River Valley's government regulators. As in *Globe* and *Long Island*, the Court should permit this efficient procedure approved by the Federal Rules of Evidence.

## II. Federal Rule of Evidence 801(d)(2) is Independent of RCFC 32(a)

As in *Globe* and *Long Island*, this Court should reject the government argument that RCFC 32(a) poses hurdles beyond those imposed by Fed. R. Evid. 801(d)(2) for the presentation of party admissions. As this Court held in those cases, "the Federal Rules of Evidence [] provide the general rules regarding the use at trial of depositions." *Globe*, 61 Fed. Cl. at 96 (quoting 8a Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2141, at 157) (internal citations omitted). Though

Fed. R. Civ. P. (and its RCFC analog) "define *some* circumstances in which a deposition is admissible," "most issues of admissibility [are left] to the Federal Rules of Evidence." *Id.* (quoting *Coleman v. Wilson*, 912 F.Supp. 1282, 1295 (E.D. Cal. 1995).

Indeed, as this Court observed in *Globe* and *Long Island*, "the Rules of Evidence expand the admissibility of depositions beyond areas that are governed by Rule 32, or regulate admissibility with greater detail." *Globe*, 61 Fed. Cl. at 96 (quoting James Wm. Moore, *Moore's Federal Practice* § 32.02[3] (3d ed.2004)). "Under the Federal Rules of Evidence," for example, "[a]dmissions at a deposition by a party-opponent's agent or servants -- other than that party's officers, directors, managing agents, and Rule 30(b)(6) or 31(a) deponents -- are admissible under Rule 801(d)(2)(D) to the extent they concern matters within the scope of the agency or employment . . . ." *Id.*

Further, the Court of Federal Claims' case management procedures, as set forth in Appendix A to the Court of Federal Claims Rules, distinguish between the two rules, specifying that a separate motion be filed for admission of a deposition pursuant to RCFC 32(a) *but not* under Fed. R. Evid. 801(d)(2). *See* RCFC App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony, *other than as provided by Federal Rule of Evidence 801(d)*, shall serve and file a separate motion for leave to file the transcript of such testimony.") (citing RCFC 32(a)(2) & (3) (emphasis added)); *Globe*, 61 Fed. Cl. at 96 (quoting same). Moreover, as the Court observed in *Globe*, the text of Rule 32(a) itself acknowledges that "'[a] deposition previously taken may *also* be used as permitted by the Federal Rules of Evidence.'" *Id.* (quoting RCFC 32(a)(4) (emphasis added).

Furthermore, this Court in *Globe*, *Long Island*, and *Glendale* has recognized that Federal Rule of Evidence 801(d)(2) provides a basis for the admission at trial of a deposition independently of RCFC 32(a).[1] *See Globe*, 61 Fed. Cl. at 94-96; *Long Island*, 63 Fed. Cl. at 163-164; *Glendale Federal Bank, F.S.B. v. United States*, 39 Fed. Cl. 422, 425 (1997) (admitting as substantive trial evidence the deposition excerpts of the government's expert as admissions against Defendant under 801(d)(2)(C) without citing or relying on RCFC 32). *See also Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962-63 (10th Cir. 1993) ("Deposition testimony is normally inadmissible hearsay, but Fed. R. Civ. P. 32(a) creates an exception to the hearsay rules. Depositions may also be independently admissible under the Federal Rules of Evidence.") (internal citations omitted).

Because Defendant concedes that the deposition testimony of government agents Kenny, Karr, Januska, and Ferries constitutes party admissions under Fed. R. Evid. 801(d)(2), Plaintiffs need not also show that these witnesses are deceased, infirm, or otherwise unavailable as contemplated by RCFC 32(a)(3).

---

[1] In its Opposition, Defendant cites an unpublished order in *Sterling Savings Ass'n v. United States*, No. 95-829C requiring all witnesses "not deceased or otherwise unavailable due to age, infirmity, or illness" to testify in person at trial. *See* Def. Opp. at 4; *Sterling*, No. 95-829C, Order of March 26, 2007 at 2. This order, while ostensibly inconsistent with *Globe*, *Long Island*, and *Glendale*, does not analyze whether any particular deposition testimony constitutes a party admission under Fed. R. Evid. 801(d) and does not address whether party admissions are admissible as trial evidence independently of RCFC 32.

## III. Plaintiffs Have a Right to Present Their Case In an Efficient and Effective Manner

In addition to the Rules of Evidence and this Court's precedents, principles of efficiency and effective trial management support the presentation of the deposition testimony set forth in Plaintiffs' motion.

First, since there is no dispute that the deposition testimony Plaintiffs have identified constitutes party admissions, Plaintiffs are unquestionably entitled to introduce this evidence in some fashion, including by calling Messrs. Kenny, Karr, Januska, and Ferries to read their prior testimony to the Court. By instead presenting the sworn statements of these government agents independently during their case-in-chief, Plaintiffs would be better able to ensure the smooth presentation of this testimony, leaving Defendant the opportunity to later call any of these witnesses to expand upon or clarify their testimony as Defendant sees fit.

Contrary to Defendant's protests, it is doubtful that the live testimony of these government agents -- now nearly 20 years removed from most of the events underlying this case -- will prove more useful to the Court than their deposition testimony given in 2000. Should any of these witnesses remember events differently than in their testimony 7 years ago, Defendant may call them to so testify and explain. Further, as discussed, Plaintiffs have proposed to introduce deposition testimony as only a small fraction of its trial presentation and have no intention of putting on a "trial by deposition" as Defendant suggests.

Plaintiffs note that a motion to introduce the deposition testimony of party opponents is made pursuant to Federal Rule of Evidence 801(d)(2) and is thus not subject to the procedure prescribed by RCFC, Appendix A, ¶ 15(b), which provides that "[a]ny

party intending to present substantive evidence by way of deposition testimony, *other than as provided by Fed. R. Evid. 801(d)*, shall serve and file a separate motion for leave to file the transcript of such testimony," along with the Witness List and Memorandum of Contentions. Plaintiffs reserve their right to file an additional motion pursuant to Fed. R. Evid. 801(d) to designate portions of the deposition testimony of Defendant's expert Paul Griffin, a witness Defendant has indicated that it may call at trial, and thus a party opponent pursuant to Fed. R. Evid. 801(d)(2)(C). *See Glendale*, 39 Fed. Cl. at 425.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to introduce as substantive trial evidence the designated deposition testimony of party opponents Kenny, Karr, Januska, and Ferries. Plaintiffs further request that the Court grant Plaintiffs' unopposed motion to introduce the designated deposition testimony of deceased witnesses Leo B. Blaber and Howard R. Ross.

Respectfully submitted,
/s/ David B. Bergman
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: October 3, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of October 2007, I caused the foregoing **Plaintiffs' Reply in Support of its Motion To Introduce At Trial The Deposition Testimony Of Certain Government Agents And Deceased Fact Witnesses** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: October 3, 2007 /s/ Joshua P. Wilson
Joshua P. Wilson