# In the United States Court of Federal Claims

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, Co-Executor of the<br>Estate of HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>Filed October 5, 2007 |

**ORDER**

1. The Court has reviewed Plaintiffs' Motion to Introduce at Trial the Deposition Testimony of Certain Government Agents and Deceased Fact Witnesses (docket entry 389), defendant's associated opposition (docket entry 393), and plaintiffs' reply (docket entry 396). In addition, the parties participated in a telephonic status conference with the Court on October 5, 2007, during which the parties discussed their positions on plaintiffs' motion. Having considered the parties' submissions and arguments, the Court **ORDERS** that plaintiffs' motion be, and the same hereby is, **GRANTED**, subject to the provisions of paragraph 9 of this Order.

2. Plaintiff seeks to admit as substantive evidence specified excerpts from the depositions of four government officials and two deceased fact witnesses. With respect to the deceased fact witnesses, Leo B. Blaber and Howard R. Ross, plaintiffs cite Court of Federal Claims Rule ("RCFC") 32(a)(3)(A) in support of the argument that "[t]he deposition of a witness . . . may be used by any party for any purpose if the court finds . . . that the witness is dead." Plaintiffs' Motion ("Pls.' Mot.") 4 (*quoting* RCFC 32(a)(3)(A)). Defendant does not oppose this introduction of deposition testimony. Defendant's Opposition ("Def's. Opp.") 2. The Court agrees with the parties that RCFC 32(a)(3)(A) allows the introduction for any purpose of the deposition testimony of deceased witnesses, and, because there is no dispute that Messrs. Blaber and Ross are deceased, the rule permits plaintiffs to introduce the excerpts they have designated from the depositions of Messrs. Blaber and Ross, subject to the provisions of paragraph 9.

3. Plaintiff also seeks admission of excerpts from the depositions of several witnesses who, at least at the time of their depositions, were government employees testifying about their activities as government employees relating to this case. Plaintiffs argue that these deposition excerpts "satisf[y] all requirements for admissible party admissions under" Federal Rule of Evidence ("FRE") 801(d)(2). Pls.' Mot. 3-4. Defendant counters with an argument that reliance on FRE 801(d)(2) ignores the "interest[s] of justice" that are served by presenting live testimony rather than deposition excerpts. Def's. Opp. 1. Defendant separately argues that "[d]esignation of deposition testimony is a last resort, used only when a witness is unavailable to appear at trial." *Id.* (*citing* RCFC 32(a)(3)(E)).

4. For the reasons discussed in *Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 95-96 (2004),[1] the Court finds that FRE 801(d)(2) and RCFC 32(a)(2) provide separate and independent bases for the admission of deposition testimony in lieu of live testimony. Thus, plaintiffs' proposed deposition excerpts must meet the requirements of either FRE 801(d)(2) or RCFC 32(a)(2), not both. The Court finds that plaintiffs' proposed deposition excerpts meet the requirements of FRE 801(d)(2). The testimony in these excerpts is "offered against a party" (the defendant), it comprises "statement[s] by [defendant's] agent[s] or servant[s]," it concerns "matter[s] within the scope of the [deponents'] agency or employment," and the statements were "made during the existence of the [employment] relationship." FRE 801(d)(2)(D). Because these deposition excerpts fall within the bounds of FRE 801(d)(2)(D), they are not hearsay.

5. Defendant's arguments about the common-law preference for live testimony over deposition excerpts are largely irrelevant. Defendant is of course correct that courts have (and always have had) a preference for live testimony, because, as defendant points out, live testimony permits a fact finder to "observ[e] . . . the demeanor of the witnesses." Def's. Opp. 3. But the existence of the preference for live testimony does not rule out the existence of situations in which the introduction of deposition excerpts in lieu of live testimony is permissible. In fact, such situations are explicitly contemplated both by the Federal Rules of Evidence and by the Rules of the Court of Federal Claims. As discussed above, the case at bar provides an example of a situation where, despite the preference for live testimony, the Federal Rules of Evidence provide a basis for the introduction of deposition testimony.

---

[1] Defendant points out that *Globe Savings Bank* is not binding precedent on this Court. Def's. Opp. 4 n.1. This is certainly true, but the Court finds Judge Lettow's reasoning persuasive and reaches the same result he reached in *Globe Savings Bank*.

6. In view of the foregoing, the Court finds that plaintiffs should be permitted, subject to the provisions of paragraph 9, to introduce into evidence the deposition excerpts of Lawrence Kenny, Ronald Karr, Diana Januska, Larry Ferries, Leo B. Blaber, and Howard R. Ross that are attached to plaintiffs' motion. Ordinarily, the Court would contemplate that such excerpts would be admitted in evidence but would not be read into the record. However, having heard counsel for plaintiff and having reviewed the excerpts in question, it does not appear that reading the excerpts will be unduly time consuming. Thus, the Court is will permit plaintiffs to read excerpts from deposition transcripts into the record utilizing lawyers, paralegals, or other similar personnel.

7. Pursuant to FRE 106 and RCFC 32(a)(4), defendant shall counter-designate, by **Tuesday, October 23, 2007**, those portions of the deposition transcripts identified in plaintiffs' motion that defendant believes the Court should consider contemporaneously with plaintiffs' designated portions. Plaintiffs shall file any objections to defendant's counter-designations by **Monday, November 5, 2007.**

8. Defendant has indicated that it plans to call as witnesses some or all of the government agents whose deposition transcripts are the subject of the present motion. Should defendant do so, the Court contemplates that defendant would be permitted to use the witnesses' own deposition transcripts in preparing the witnesses to testify. That is, the Court will not treat the witnesses' own admitted deposition transcript excerpts as earlier testimony from which the witness must be excluded under FRE 615 and paragraph 8 of the preliminary pretrial order in this case (docket entry 381).

9. Defendant has indicated that it may wish to assert objections to the admissibility of plaintiffs' designated transcript excerpts on bases other than hearsay (including objections as to form). Def's. Opp. 7. Any such objections shall be filed by **Monday, November 5, 2007**.

10. Finally, defendant has indicated that it may move to admit "large portions of the deposition testimony of plaintiffs' witnesses." Def's. Opp. 2. Defendant shall file any such motion by **Tuesday, October 23, 2007,** except as provided in paragraph 11**.** Plaintiffs shall file their opposition, any proposed any counter-designations, and any other objections to defendant's designations by **Monday, November 5, 2007**.

11. Plaintiffs shall file any deposition transcript excerpts that they contend are admissible under FRE 801(d)(2)(C) by **Tuesday, October 9, 2007.** Defendant shall be permitted a commensurate two-week extension beyond October 23, 2007 (i.e., until **Tuesday, November 6, 2007**) to file any excerpts from the transcripts of the depositions that defendant contends are admissible under FRE 801(d)(2)(C ). Counter-designations and objections shall be filed by **Tuesday, October 23, 2007** (defendant) and by **Tuesday, November 20, 2007** (plaintiffs).

12. The Court intends to rule on any objections, both hearsay and non-hearsay (including objections as to form) at or before the final pretrial conference, which will be held on **Tuesday, November 29, 2007.**

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge