**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HOMER J. HOLLAND, STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK,** | |
| **Plaintiffs,** | **Case No. 95-524C** |
| **v.** | **(Judge George W. Miller)** |
| **THE UNITED STATES,** | **(Winstar-Related Case)** |
| **Defendant.** | |

**DEFENDANT'S MOTION FOR AUTHORIZATION OF SERVICE OF SUBPOENAS MORE THAN 100 MILES FROM THE PLACE OF TRIAL**

Pursuant to Rule 45(b)(2) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests the Court to enter an order authorizing the issuance of subpoenas to compel those individuals listed below to travel more than 100 miles to testify at trial in Washington, D.C.

Good cause exists for the issuance of subpoenas for these individuals, who are listed on defendant's preliminary witness list filed pursuant to Appendix A of the Rules of the Court. We may call these persons as witnesses, and their presence at the trial may be necessary for us to present our case. These witnesses are not Government employees. To our information and belief, they reside and are employed, unless retired, at least 100 miles away from Washington, D.C.: Steven Bangert, Alan Blake, Annettte Carson, Richard Dalton, C. Bryan Daniels, James Dierberg, J. Richard Earle, Susan Vranes-Ells, Larry Ferries, Ronald Karr, Mark Kipnis, Peter Madson, Helen Mirza, Frank O'Connor, Ronald Pikus, John Rada, Jr., John Rose, Nicholas Wilson, and James Wright.

## I. This Court's National Jurisdiction Provides The Basis For Granting This Motion

The Court of Federal Claims is a Court of nationwide jurisdiction in which cases arise throughout the United States. See, e.g., Adrienne Village v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); In re Complaint of Judicial Misconduct, 2 Cl. Ct. 255, 261 n.11 (1983); see also RCFC 45, Rules Committee Note. Unlike litigants appearing in the Federal district courts, parties appearing before this Court must have greater latitude to subpoena trial witnesses outside 100 miles from the courthouse. Compare Fed. R. Civ. P. 45, with RCFC 45. Therefore, this Court's nationwide jurisdiction establishes the basis for granting such authorization. Without such authority, our defense will be greatly prejudiced, as we will be unable to present important testimony.

## II. Good Cause Exists to Grant Authority To Issue A Trial Subpoena

We have demonstrated good cause for authority to issue the subpoenas. First, we may need to call these witnesses at trial to present our case as well as respond to plaintiffs' case. Second, these witnesses are not current employees of defendant. Third, to our information and belief, these witnesses reside and are employed, unless retired, at least 100 miles away from Washington, D.C. These factors are sufficient to establish that good cause exists.

Accordingly, defendant respectfully requests the Court to authorize the issuance of subpoenas to require the above-listed individuals to travel and provide testimony for the upcoming trial.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:
SCOTT D. AUSTIN
KENNETH M. DINTZER
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
BRIAN A. MIZOGUCHI
AMANDA L. TANTUM
JOHN J. TODOR

October 18, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October 2007, a copy of the foregoing "DEFENDANT'S MOTION FOR AUTHORIZATION OF SERVICE OF SUBPOENAS MORE THAN 100 MILES FROM THE PLACE OF TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties' may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson