**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HOMER J. HOLLAND, STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK,** | |
| **Plaintiffs,** | **Case No. 95-524C** |
| **v.** | **(Judge George W. Miller)** |
| **THE UNITED STATES,** | **(<u>Winstar</u>-Related Case)** |
| **Defendant.** | |

**DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION TRANSCRIPTS AND MOTION TO INTRODUCE DEPOSITION TESTIMONY AT TRIAL**

Pursuant to the Court's October 5, 2007 order, the Court granted plaintiffs' motion to admit as substantive evidence in lieu of live testimony portions of the depositions of Ronald Karr, Lawrence Kenny, Diana Januska, and Larry Ferries and deceased fact witnesses Leo Blaber and Howard Ross. The Court's October 5, 2007 order also allowed plaintiffs to designate, as substantive evidence in lieu of live testimony pursuant to Rule 801(d)(2)(C) of the Federal Rules of Evidence, the deposition testimony of the Government's expert witnesses. Plaintiffs submitted their designations for Dr. Paul Griffin on October 9, 2007.

In response to these designations, and pursuant to the Court's October 5, 2007, and October 16, 2007 orders, defendant, the United States, respectfully submits our designations of additional portions of these deposition transcripts that should in fairness be considered contemporaneously with plaintiffs' submissions and our objections to the admissibility of these designated transcript excerpts upon bases other than hearsay. We reserve the right to introduce

plaintiffs' designations, should plaintiffs choose not to introduce certain passages of their own designations.

In addition, and pursuant to the Court's October 5, 2007 order, we respectfully move for leave to introduce as substantive evidence at trial portions of the deposition testimony of Allen Blake and James Dierberg and portions of the deposition testimony of Homer Holland during his testimony as a fact witness. Defendant's opposition to plaintiffs' motion to introduce the deposition testimony of Messrs. Ferries, Karr, and Kenny and Ms. Januska detailed our concerns with the introduction of large portions of deposition testimony at trial as party admissions in lieu of live testimony. We indicated, however, that should plaintiffs be allowed to introduce such deposition testimony under Rule 801(d)(2)(D), we would similarly seek to introduce portions of the deposition testimony of plaintiffs' witnesses. Noting our desire to introduce deposition testimony of plaintiffs' witnesses, the Court's October 5, 2007, and October 16, 2007 orders required that we file a motion to admit this deposition testimony by October 23, 2007. Pursuant to Rules 801(d)(2)(A) and 801(d)(2)(D), we respectfully move for leave to introduce as substantive evidence at trial, portions of the deposition testimony of the above-named witnesses.

## I. Counter-Designations To Plaintiffs' Fact Deposition Designations

### A. Counter-Designations From The Deposition Testimony Of Larry Ferries

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Ferries obtained in this case on August 10, 2000, and August 11, 2000, be presented: Tr. 38:5-17, 38:22-39:13, 42:9-12, 46:3-6, 46:15-22, 47:12-19, 47:24-48:5, 49:13-17, 54:4-15, 64:5-17, 67:14-68:2, 83:19-23, 89:1-3, 89:14-90:5, 105:14-19, 185:16-19, 213:19-214:9, 214:17-18; 215:23-216:2; 225:22-226:4 (August 10, 2000), 270:17-271:17,

322:23-323:11, 323:15-18, 324:12-16, 326:6-19, 329:11-17, 331:1-6, 336:19-23, 357:10-15, 357:24-358:6, 361:1-9 (August 11, 2000). We have annexed these transcript designations as Exhibit A.

**B. Counter-Designations From The Deposition Testimony Of Diana Januska**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Ms. Januska obtained in this case on August 11, 2000, be presented: Tr. 11:20-12:4, 19:8-16, 22:12-23:11, 25:22-26:1, 26:13-16, 27:2-30:2, 31:1-34:14, 76:18-77:15, 81:20-23, 81:25-82:2, 87:21-25, 92:14, 110:7-14, 110:23-111:7. We have annexed these transcript designations as Exhibit B.

**C. Counter-Designations From The Deposition Testimony Of Ronald Karr**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request that the following testimony from Mr. Karr obtained in this case on July 12, 2000, and July 13, 2000, be presented: Tr. 10:16-21, 28:2-28:25, 32:25-34:17, 36:20-37:1, 65:13-66:1, 74:8-13, 109:3-8, 121:1-123:15, 138:11-143:23, 145:24-146:16, 146:21-147:7, 154:3-8, 157:6-158:2, 162:8-13, 186:15-23, 187:12-187:24, 189:18-190:1 (July 12, 2000), 257:18-20, 264:3-22 (July 13, 2000). We have annexed these transcript designations as Exhibit C.

**D. Counter-Designations From The Deposition Testimony Of Lawrence Kenny**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request that the following testimony from Mr. Kenny obtained in this case on February 25, 2004; February 26, 2004; and March 3, 2004, be presented: Tr. 32:10, 33:18-25, 34:1-8, 75:25, 76:1-25, 77:1-13, 78:2-9, 22-25, 79:1-2, 80:13-15, 84:24-25, 85:1-12, 172:1-3, 25, 173:1, 202:11-20, 205:1, 206:1, 222:18, 223:12-13, 231:17-19, 237:14, 238:22, 255:18-19, 256:14-18 (February 25,

2004), 330:4, 335:1-2, 377:20-25, 378:3-7 (February 26, 2004), 675:22-25, 676:1-12, 14-21, 25, 677:1-2, 5-12 (March 3, 2004). We have annexed these transcript designations as Exhibit D.

### E. Counter-Designations From The Deposition Testimony Of Deceased Fact Witness Leo Blaber

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request that the following testimony from Mr. Blaber obtained in this case on August 8, 2000, and August 9, 2000, be presented: Tr. 5:1-12, 12:22-25, 18:13-19:9, 26:25-27:6, 28:5-29:16, 31:15-16, 32:6-17, 32:22-33:1, 71:3-12, 71:22-72:5, 75:5-19, 76:8-15, 77:4-11, 80:4-81:12, 106:12-107:1, 111:11-15, 112:7-11, 116:9-118:3, 137:20-138:6, 142:22-143:1, 148:8-15, 152:18-153:10, 167:23-168:8, 170:15-171:7, 179:13-180:5, 183:1-12, 186:17-187:8, 192:10-193:7, 202:11-24 (August 8, 2000), 245:7-246:7, 249:8-250:10, 251:22-252:3, 263:19-265:6, 269:19-270:15, 274:3-23, 276:17-277:22, 279:10-17, 280:9-25, 286:23-287:6, 287:15-288:3, 289:6-14, 291:6-17, 292:22-293:6 (August 9, 2000). We have annexed these transcript designations as Exhibit E.

### F. Counter-Designations From The Deposition Testimony Of Deceased Fact Witness Howard Ross

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request that the following testimony from Mr. Ross obtained in this case on August 3, 2000, and August 4, 2000, be presented: Tr. 12:3-5, 15:1-9, 18:6-10, 18:15-22, 27:11-25, 29:9-20, 34:20-22, 35:9-36:1, 36:15-19, 37:24-38:9, 40:15-17, 42:2-20, 43:13-16, 45:21-46:5, 46:9-12, 48:13-49:1, 56:25-57:4, 59:3-20, 60:21-61:24, 62:14-64:3, 75:25-76:4, 87:4-13, 88:7-89:8, 96:21-97:14, 98:20-99:1, 107:14-21, 108:12-19, 109:5-8, 109:19-110:22, 111:15-20, 113:6-14, 113:20-114:5, 114:24-115:25, 117:18-118:8, 119:12-19, 121:16-22, 122:10-16, 124:21-125:16, 126:21-127:6, 129:7-17, 155:19-23, 156:25-157:4, 157:23-158:2, 159:11-17, 159:24-160:2, 160:16-21, 161:16-

162:9, 167:10-22, 168:4-169:5, 170:10-14, 174:15-175:18, 179:10-180:6, 180:13-17, 181:8-9, 181:19-182:3, 183:24-184:2, 184:8-18, 187:2-12, 196:8-11, 196:20-197:6 (August 3, 2000), 210:12-15, 212:23-213:1, 214:15-18, 215:22-216:1, 218:8-18, 219:12-15, 220:4-8, 220:15-221:10, 222:6-18, 222:25-224:15, 225:15-226:7, 226:22-227:3, 228:6-21, 230:5-7, 230:17-21, 231:4-12, 235:21-236:13, 238:16-19, 238:24-239:9, 240:3-21, 248:17-21, 252:11-253:9, 253:22-254:16, 256:5-10, 256:15-24, 257:19-258:3, 268:21-24 (August 4, 2000). We have annexed these transcript designations as Exhibit F.

## II. Objections To Plaintiffs' Fact Deposition Designations

### A. Objections To Plaintiffs' Deposition Designations Of Larry Ferries

| Transcript Citation | Objection |
|---|---|
| 8/10/00 Tr. 34:10-14 | FRE 402: irrelevant because witness stated unrelated to this case. |
| 8/10/00 Tr. 34:15-16 | FRE 402: irrelevant because witness stated unrelated to this case. |
| 8/10/00 Tr. 37:6-38:4 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Galva before acquisition by River Valley. |
| 8/10/00 Tr. 38:18-21 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Galva before acquisition by River Valley. |
| 8/10/00 Tr. 39:14-42:8 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Galva before acquisition by River Valley. |
| 8/10/00 Tr. 42:13-43:1 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Galva before acquisition by River Valley. |
| 8/10/00 Tr. 43:11-44:20 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Galva before acquisition by |

| | |
|---|---|
| | River Valley. |
| 8/10/00 Tr. 45:10–46:2 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Republic Savings thrift before acquisition by River Valley. |
| 8/10/00 Tr. 46:8-14 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Mutual before acquisition by River Valley. |
| 8/10/00 Tr. 46:23-47:11 | FRE 402: irrelevant to damages issues before court because questions relate to condition of acquired thrifts before acquisition by River Valley. |
| 8/10/00 Tr. 47:20-23 | FRE 402: irrelevant to damages issues before court because questions relate to condition of acquired thrifts before acquisition by River Valley. |
| 8/10/00 Tr. 48:6-11 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Peoria Savings before acquisition by River Valley. |
| 8/10/00 Tr. 51:8-17 | FRE 402: irrelevant to damages issues before court because questions relate to condition of Galva before acquisition by River Valley. |
| 8/10/00 Tr. 68:12-69:10 | FRE 701: calls for speculation as to views of FDIC. |
| 8/10/00 Tr. 73:19-75:9 | FRE 701: calls for speculation as to views of FDIC. |
| 8/10/00 Tr. 78:21-79:1 | FRE 701: calls for speculation as to views of FDIC. |
| 8/10/00 Tr. 85:2-9 | FRE 701: calls for speculation as to views of RTC. |
| 8/10/00 Tr. 85:22-86:3 | FRE 701: calls for speculation as to views of applications division. |
| 8/10/00 Tr. 90:12-18 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 90:19-91:7 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by |

| | |
|---|---|
| | plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 91:25-92:10 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 92:21-93:1 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 93:2-11 | FRE 402, 701: irrelevant to damages theories before court and calls for legal conclusions dealing with liability |
| 8/10/00 Tr. 93:12-17 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 94:19-96:13 | FRE 402, 701: irrelevant to damages theories before court, calls for legal conclusion as to liability issue not before court in trial, calls for speculation as to state of mind of Messrs. Holland and Ross. |
| 8/10/00 Tr. 105:5-13 | FRE 402, 701: irrelevant to damages theories before court, calls for speculation and legal conclusion. |
| 8/10/00 Tr. 106:4-107:20 | FRE 402, 701: irrelevant to damages theories before court, calls for speculation and legal conclusion as to liability issue not before court in trial. |
| 8/10/00 Tr. 124:20-126:11 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 125:13-126:11 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 126:12-128:25 | FRE 402, 701: irrelevant to damages issues before court |

| | |
|---|---|
| | insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 129:5-17 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 129:18-130:7 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 138:23-139:15 | FRE 402, 701: irrelevant to damages issues before court insofar as applies to lost profits claim abandoned by plaintiffs; calls for speculation insofar as applies to lost profits. |
| 8/10/00 Tr. 144:14-145:15 | FRE 402: irrelevant to damages issues before court because testimony deals with liability issue. |
| 8/10/00 Tr. 147:1-148:14 | FRE 402, 701: irrelevant insofar as deals with lost profits claim abandoned by plaintiffs; calls for speculation as to actions taken by regulators absent FIRREA concerning River Valley's level of capital in March 1991, which was eighteen months after enactment of FIRREA. |
| 8/10/00 Tr. 151:17-153:5 | FRE 402, 701: irrelevant insofar as deals with liability issue, lost profits claim abandoned by plaintiffs; calls for speculation as to state of mind of Mr. Ross. |
| 8/10/00 Tr. 157:12-18 | compound question. |
| 8/10/00 Tr. 157:25-158:6 | calls for speculation as to rating in March 1991 due to earlier breach. |
| 8/10/00 Tr. 160:4-13 | calls for speculation as to views of American National. |
| 8/10/00 Tr. 160:25-161:5 | calls for speculation as to Mr. Ross's actions with regard to capital. FRE 402: irrelevant insofar as deals with lost profits claim abandoned by plaintiffs. |
| 8/10/00 Tr. 162:8-13 | vague as to "general understanding." |

| | |
|---|---|
| 8/10/00 Tr. 162:19-25 | vague as to "adversely affected." |
| 8/10/00 Tr. 163:1-22 | lacks foundation; calls for speculation. |
| 8/10/00 Tr. 177:19-22 | calls for speculation as to views of FDIC; lack of foundation for statement "doing everything in its power to force the institution out of that line of business." |
| 8/10/00 Tr. 180:11-181:13 | calls for speculation as to views of FDIC. |
| 8/10/00 Tr. 187:25-188:13 | calls for speculation as to whether Mr. Ferries would have supported hypothetical transaction; FRE 402: irrelevant insofar as Mr. Ferries was not the official charged with approving the transaction. |
| 8/10/00 Tr. 190:7-23 | calls for speculation as to effect of lessened income; vague as to reduction in income referred to. |
| 8/10/00 Tr. 195:6-15, 20-23 | Misstates prior testimony. Calls for speculation as to whether Mr. Ferries would have supported hypothetical transaction; FRE 402: irrelevant insofar as Mr. Ferries was not the official charged with approving the transaction. |
| 8/10/00 Tr. 198:21-199:20 | calls for speculation as to views of American National Bank regarding willingness to invest, effect of supervisory agreement. |
| 8/10/00 Tr. 206:12-21 | calls for speculation. |
| 8/10/00 Tr. 207:22-208:12 | calls for speculation, incomplete hypothetical. |
| 8/10/00 Tr. 213:1-18 | calls for speculation as to ability to determine profits on unnamed assets. FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |
| 8/10/00 Tr. 219:6-25 | calls for speculation as to ability to determine profits on unnamed assets. FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |
| 8/10/00 Tr. 220:17-221:11 | calls for speculation as to ability to determine profits. Calls for legal conclusion as to taxation issues. FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |

| | |
|---|---|
| 8/10/00 Tr. 222:8-224:21 | calls for speculation as to views of Messrs. Holland and Ross. FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |
| 8/10/00 Tr. 226:8-16 | FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |
| 8/10/00 Tr. 227:8-10 | vague as to "substantial." |
| 8/10/00 Tr. 228:1-11 | Misstates prior testimony. Calls for speculation as to whether Mr. Ferries would have supported hypothetical transaction; FRE 402: irrelevant insofar as Mr. Ferries was not the official charged with approving the transaction. |
| 8/10/00 Tr. 230:1-23 | Calls for speculation as to whether Mr. Ferries would have supported hypothetical transaction; FRE 402: irrelevant insofar as Mr. Ferries was not the official charged with approving the transaction. |
| 8/10/00 Tr. 230:24-231:8 | calls for speculation as to structuring of hypothetical transaction. FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |
| 8/11/00 Tr. 268:2-269:17 | calls for speculation as to feasibility of growth plans. FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |
| 8/11/00 Tr. 273:5-18 | calls for speculation as to feasibility of growth plans and profitability of hypothetical growth. Vague as to "good likelihood" and "substantial level of growth." FRE 402: irrelevant insofar as relates to lost profits claim abandoned by plaintiffs. |
| 8/11/00 Tr. 292:5-10 | vague as to "general recollection." |
| 8/11/00 Tr. 358:7-19 | calls for speculation. Witness testified that he had no direct involvement with efforts made by Messrs. Holland and Ross with FDIC regarding preferred stock at 358:1-6. |
| 8/11/00 Tr. 359:3-11 | calls for speculation. Witness testified that he had no direct involvement with efforts made by Messrs. Holland and Ross with FDIC regarding preferred stock at 358:1-6. |

**B. Objections To Plaintiffs' Deposition Designations Of Diana Januska**

| Transcript Citation | Objection |
|---|---|
| 8/11/00 Tr. 25:8-10 | compound question. |
| 8/11/00 Tr. 26:6-11 | compound question. |
| 8/11/00 Tr. 70:17-19 | lacks foundation - witness testified what the changes in the document "appear" to be, but question assumes witness knows what the changes were. |
| 8/11/00 Tr. 70:21-71:2 | lacks foundation - witness testified what the changes in the document "appear" to be, but question assumes witness knows what the changes were. |
| 8/11/00 Tr. 71:10-13 | calls for speculation. |
| 8/11/00 Tr. 71:22-25 | calls for speculation. |
| 8/11/00 Tr. 72:2-6 | assumes facts not in evidence; mischaracterizes testimony. |
| 8/11/00 Tr. 72:9-14 | calls for speculation; compound question. |
| 8/11/00 Tr. 73:4-6 | compound question. |
| 8/11/00 Tr. 73:10-14 | hypothetical; calls for speculation. |
| 8/11/00 Tr. 73:21-74:1 | compound; mischaracterizes testimony with respect to term "inducement." |
| 8/11/00 Tr. 74:16-18 | mischaracterizes testimony with respect to term "benefit." |
| 8/11/00 Tr. 74:21-75:1 | vague and ambiguous as to the terms "very big" and "small;" mischaracterizes testimony with respect to term "benefit." |
| 8/11/00 Tr. 75:8-11 | calls for speculation. |
| 8/11/00 Tr. 75:14-18 | calls for speculation; compound question. |
| 8/11/00 Tr. 79:10-11 | vague and ambiguous as to the term "significant." |
| 8/11/00 Tr. 80:9-11 | calls for speculation because witness has to "guess" about |

| | |
|---|---|
| | this portion of the document - see Tr. 80:1-5; 15-20. |
| 8/11/00 Tr. 81:8-12 | calls for speculation. |
| 8/11/00 Tr. 83:16-19 | assumes facts not in evidence. |
| 8/11/00 Tr. 83:22-23 | vague and ambiguous as to the term "successfully;" FRE 402: irrelevant. |
| 8/11/00 Tr. 84:16-19 | vague and ambiguous as to the terms "good opportunity" and "success;" compound question. |
| 8/11/00 Tr. 88:20-25 | compound question; calls for speculation. |
| 8/11/00 Tr. 89:3-9 | assumes facts not in evidence; vague and ambiguous as to the terms "significant inducement." |
| 8/11/00 Tr. 89:22-23 | compound question; vague and ambiguous as to the term "benefit." |
| 8/11/00 Tr. 90:16-20 | compound question. |
| 8/11/00 Tr. 91:3-5 | FRE 402: irrelevant and calls for speculation - witness did not work for FSLIC. |
| 8/11/00 Tr. 91:15-16 | FRE 402: irrelevant. |
| 8/11/00 Tr. 91:20-23 | compound question, assumes facts not in evidence; vague and ambiguous as to term "benefit." |
| 8/11/00 Tr. 109:2-6 | compound question, mischaracterizes evidence; vague and ambiguous as to the term "eradication." |
| 8/11/00 Tr. 109:8-9 | FRE 402: irrelevant. |
| 8/11/00 Tr. 109:14-16 | FRE 402: irrelevant. |
| 8/11/00 Tr. 110:15-16 | FRE 402: irrelevant; vague and ambiguous as to the term "disadvantageous." |
| 8/11/00 Tr. 110:18-21 | compound question. |

### C. Objections To Plaintiffs' Deposition Designations Of Ronald Karr

| Transcript Citation | Objection |
|---|---|
| 7/12/00 Tr. 32:7-9 | not responsive to any question in evidence. |
| 7/12/00 Tr. 30:22-24 | compound question. |
| 7/12/00 Tr. 46:7-13 | lack of foundation. |
| 7/12/00 Tr. 50:20-22 | lack of foundation; calls for speculation about FDIC policy by Mr. Karr, an OTS employee. |
| 7/12/00 Tr. 53:14-15 | lack of foundation; calls for speculation. |
| 7/12/00 Tr. 54:9-10 | lack of foundation regarding the issue discussed. |
| 7/12/00 Tr. 66:16-19 | compound question. |
| 7/12/00 Tr. 67:4-7 | compound question. |
| 7/12/00 Tr. 80:3-4 | lack of foundation regarding the letter discussed. |
| 7/12/00 Tr. 83:5-10 | compound question. |
| 7/12/00 Tr. 85:13-18 | compound question. |
| 7/12/00 Tr. 92:20 | calls for speculation. |
| 7/12/00 Tr. 92:23 | calls for speculation. |
| 7/12/00 Tr. 95:1-4 | compound question. |
| 7/12/00 Tr. 96:5-18 | compound question. |
| 7/12/00 Tr. 112:17-21 | lack of foundation regarding the document discussed. |
| 7/12/00 Tr. 112:25-113:9 | compound question. |
| 7/12/00 Tr. 162:21-3 | lack of foundation regarding the letter discussed. |
| 7/12/00 Tr. 164:20-165:8 | lack of foundation regarding the letter discussed. |
| 7/12/00 Tr. 193:18-194:2 | lack of foundation regarding the letter discussed. |

| | |
|---|---|
| 7/12/00 Tr. 255:25-256:12 | compound question. |

**D. Objections To Plaintiffs' Deposition Designations Of Lawrence Kenny**

| Transcript Citation | Objection |
|---|---|
| 2/25/04 Tr. 32:7-9 | vague and ambiguous as to what constitutes "materially different;" calls for speculation. |
| 2/25/04 Tr. 77:15-25 | witness improperly asked to review and respond to deposition transcript of another witness that he has never previously seen; FRE 402: irrelevant. |
| 2/25/04 Tr. 78:14-19 | witness improperly asked to review and respond to a deposition transcript of another witness that he has never previously seen; FRE 402: irrelevant. |
| 2/25/04 Tr. 79:3-25, 80:1-12 | witness improperly asked to review and respond to a deposition transcript of another witness that he has never previously seen; FRE 402: irrelevant; compound question; assumes facts not in evidence. |
| 2/25/04 Tr. 81:4-5, 81:22-25, 83:24-25 | witness improperly asked to review and respond to a deposition transcript of another witness that he has never previously seen; FRE 402: irrelevant; assumes facts not in evidence. |
| 2/25/04 Tr. 171:21-25 | assumes facts not in evidence; mischaracterizes testimony from another witness's deposition transcript. |
| 2/25/04 Tr. 173:2-5 | not responsive to any question in evidence. |
| 2/25/04 Tr. 204:21-25 | vague and ambiguous as to whether the additional capital referenced in question is tangible or intangible. |
| 2/25/04 Tr. 205:21-25 | incomplete question designated; calls for speculation. |
| 2/25/04 Tr. 218:1-2 | assumes facts not in evidence - witness testified he "may" have made such recommendations, but question assumes witness "did" make such recommendations. |
| 2/25/04 Tr. 222:13-17 | vague as to what is meant by "similarly situated officers of comparably-sized institutions." |

| | |
|---|---|
| 2/25/04 Tr. 237:12-13 | compound question. |
| 2/25/04 Tr. 255:15-17 | question mischaracterizes the document that is being referenced. |
| 2/26/04 Tr. 329:25-330:3 | vague and ambiguous as to the term "fully adequate." |
| 2/26/04 Tr. 335:25-336:2 | lack of foundation; calls for speculation. |

### E. Objections To Plaintiffs' Deposition Designations Of Deceased Fact Witness Leo Blaber

| Transcript Citation | Objection |
|---|---|
| 8/08/00 Tr. 85:1-25 | lack of foundation, calls for speculation concerning others' thoughts. |

## III. Counter-Designations To Plaintiffs' Federal Rule Of Evidence 801(d)(2)(C) Deposition Designations For Dr. Paul Griffin

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request that the following testimony from Dr. Griffin obtained in this case on February 11, 2002 and February 12, 2002 be presented: Tr. 150:11-158:11, 160:3-161:6, 161:21-162:13 (February 11, 2002), 246:2-9, 277:18-279:24, 345:12-346:18, 347:17-348:15, 358:2-360:20, 381:6-8; 382:1-383:23 (February 12, 2002). We have annexed these transcript designations as Exhibit G.

## IV. Objections To Plaintiffs' Federal Rule Of Evidence 801(d)(2)(C) Deposition Designations For Dr. Paul Griffin

| Transcript Citation | Objection |
|---|---|
| 2/11/02 Tr. 88:9-25 | vague and ambiguous as to the "sophistication" of Holland and Ross in "these" kind of tax planning matters. |
| 2/11/02 Tr. 89:24 - 90:3; 5-6 | FRE 402: irrelevant; vague and ambiguous as to the "grade" the witness would assign in managing "their" tax attributes in the "transactions that are at issue" in this litigation and as "tax planners." |

| | |
|---|---|
| 2/11/02 Tr. 141:8-12 | compound question; vague and ambiguous as to term "that" acquisition. |
| 2/11/02 Tr. 161:7-13 | lack of foundation; compound, vague and ambiguous as to terms "blessed," " it" and to what the IRS would have not objected. |
| 2/11/02 Tr. 203:3-6 | vague and ambiguous as to the term "the GAAP fair market valuation." |
| 2/11/02 Tr. 203:8-9 | vague and ambiguous as to the terms "it" and "true economic value." |
| 2/11/02 Tr. 203:13-20 | vague and ambiguous as to the terms "that GAAP fair market valuation," "inaccurate" and "true economic value." |
| 2/12/02 Tr. 243:4-14 | vague and ambiguous as to the term "assume . . . what you have considered . . . is the information that you have in this hypothetical discussion with Homer Holland and Howard Ross." |
| 2/12/02 Tr. 276:7:10 | vague and ambiguous as to the term "true economic value." |
| 2/12/02 Tr. 276:21-23 | vague and ambiguous as to the term "true economic value." |
| 2/12/02 Tr. 277:2-4 | compound, and vague and ambiguous as to the terms "accurate economic value" and "true economic value of the assets, that these GAAP rules do capture." |
| 2/12/02 Tr. 380:12-14 | vague and ambiguous, and calls for a legal conclusion, as to the meaning of the term "the breach." |
| 2/12/02 Tr. 381:9-12 & 17-20 | vague and ambiguous, and calls for a legal conclusion, as to the meaning of the term "contracted-for capital." |

## V. Designations Of The Deposition Testimony Of Plaintiff Homer Holland And Plaintiff First Bank's Agent Allen Blake

In its October 5, 2007 order, the Court concluded that the plaintiffs' deposition designations met the requirements of Rule 801(d)(2)(D) because the testimony was offered against a party, the testimony was comprised of statements by the defendant's agents or servants

that concerned matters within the scope of the deponents' agency or employment, and the statements were made during the existence of the employment relationship. Order (Oct. 5, 2007), at ¶4. Statements made by Mr. Blake during his deposition testimony similarly constitute statements by an agent or servant of plaintiff First Bank concerning matters within the scope of his employment. Mr. Blake was the Senior Vice President of First Bank at the time of his deposition. The portions of Mr. Blake's testimony submitted for inclusion as substantive evidence concern, among other things, his involvement in First Bank's acquisition of River Valley III.

We also submit portions of the deposition testimony of Dr. Holland during his testimony as a fact witness. Dr. Holland is a plaintiff; therefore, his statements during his deposition are undeniably party admissions admissible under Rule 801(d)(2)(A).

We respectfully request that the Court admit for use as substantive testimony at trial the deposition testimony of plaintiff Dr. Holland and First Bank's agent Mr. Blake designated below and in Exhibit H and I.

**A. <u>Designations From The Deposition Testimony Of Allen Blake</u>**

We respectfully request the following testimony from Mr. Blake obtained in this case on July 7, 2000 be presented: Tr. 5:13-15:9, 17:8-20:10, 20:14-23:22, 24:23-31:15, 32:1-34:18, 35:15-37:2, 38:19-39:14, 39:18-41:1, 43:5-44:22, 45:24-47:2, 48:22-49:25, 51:6-53:25, 54:18-24, 55:12-57:2, 57:22-58:18, 62:12-23, 68:17-22, 84:3-85:4, 87:18-88:16, 89:1-92:8, 101:16-24, 110:11-111:4, 112:25-118:22, 122:24-124:11, 128:15-129:6, 129:21-130:5, 135:16-136:15. We have annexed these transcript designations as Exhibit H.

**B. <u>Designations From The Deposition Testimony Of Homer Holland</u>**

We respectfully request the following testimony from Mr. Holland, during his testimony as a fact witness and obtained in this case on July 19, 2000; July 20, 2000; July 21, 2000; and August 6, 2000, be presented: Tr. 9:9-10:9, 55:7-56:2, 58:24-59:9, 75:4-11, 82:6-13, 103:4-104:21, 111:3-112:4, 120:22-25, 144:21-145:3, 146:16-147:25, 176:11-21, 178:24-180:14, 190:11-12 (July 19, 2000), 36:7-18, 45:5-23, 72:6-12, 97:4-25, 101:3-16, 124:14-17, 149:8-21, 150:7-9, 164:12-165:7 (July 20, 2000), 5:10-14, 37:22-38:5, 41:11-42:17, 45:19-46:23, 130:2-16, 130:17-131:1 (July 21, 2000), 6:9-7:5, 37:16-38:4, 38:5-14, 48:24-50:9, 50:10-51:19, 56:18-60:18, 66:21-68:15, 87:11-17, 94:17-95:3, 104:22-105:20, 118:20-120:15, 157:4-159:10, 169:13-18, 170:7-9 (August 6, 2000). We have annexed these transcript designations as Exhibit I.

## CONCLUSION

For the foregoing reasons, our motion for leave to introduce as substantive evidence at trial portions of the deposition testimony of Allen Blake and portions of the deposition testimony of Homer Holland during his testimony as a fact witness should be granted. In addition, pursuant to the Court's October 5, 2007, and October 16, 2007 orders, we respectfully file our counter-designations and objections to plaintiffs' deposition designations.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:
SCOTT D. AUSTIN
KENNETH M. DINTZER
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
BRIAN A. MIZOGUCHI
AMANDA L. TANTUM
JOHN J. TODOR

October 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October 2007, a copy of the foregoing "DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION TESTIMONY AND MOTION TO INTRODUCE DEPOSITION TESTIMONY AT TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson