**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, co-executor of the<br>ESTATE OF HOWARD R. ROSS,<br>AND FIRST BANK<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 95-524 C<br><br>(Judge G. Miller) |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE DEPOSITION OF DEFENDANT'S INTENDED TRIAL WITNESS PHILIP GERBICK**

Pursuant to Appendix A of the Court of Federal Claims Rules and the Court's inherent authority to effect the efficient and fair presentation of evidence at trial, Plaintiffs respectfully request leave to depose Philip Gerbick, a government agent the defendant states it "will call" at trial. Mr. Gerbick is the sole individual on either party's list of "will call" witnesses who has not yet given a deposition in this action. Defendant has never mentioned Mr. Gerbick in briefing. Prior to filing this motion, Plaintiffs sought Defendant's consent to depose Mr. Gerbick but were refused.

In its Witness List filed on October 26, 2007, Defendant identifies Mr. Gerbick as the current "Assistant Director for the OTS Central Region" and former "head of the OTS Applications Division," "Deputy Director with responsibilities over the Corporate Activities Section," and "Regional Director of Operations for the OTS in Chicago." Def.'s Witness List at 5-6. Defendant states that it "will call" Mr. Gerbick to testify about, among other things, "the OTS assessment of any attempt that might have been

made by River Valley to acquire SAFSB, and other matters concerning the OTS's oversight of the River Valley thrifts relevant to plaintiffs' damage theories." *Id.* at 6.

Though Defendant listed Mr. Gerbick, along with 38 other individuals, in its initial disclosures eight years ago -- in September 1999,[1] before the issuance of expert reports in this case, and before any briefing on liability or damages -- Defendant's recent announcement that Mr. Gerbick would testify as a witness in the upcoming damages trial comes as a surprise. That is because Defendant has apparently never before relied upon Mr. Gerbick's knowledge or opinions in formulating its arguments in opposition to Plaintiffs' damages claims. In contrast to the many other Government witnesses for whom Defendant has submitted affidavits and declarations in connection with damages briefing,[2] and upon whose purported opinions and knowledge Defendant and its experts have previously relied, no mention of Mr. Gerbick appears in any of the three summary judgment briefs the government has filed relating to Plaintiffs' damages claims.[3] Indeed, Defendant has made several arguments addressing the very topics about which Defendant intends Mr. Gerbick to testify, but has never submitted a declaration or affidavit by Mr.

---

[1] *See* Def.'s Initial Disclosure Pursuant to Paragraph IV(A)(1) of the Discovery Plan, dated September 20, 1999 at 5.

[2] *See, e.g.*, Def.'s Cross-Motion for Summary Judgment on Damages dated Dec. 5, 2005 and Defendant's Second Supplemental Appendix at Exs. 1-2 (Declarations of Richard Earle and Herb Held); Ex. 25 (Declaration of Helen Mirza); Ex. 33 (Declaration of Nicholas C. Wilson); Def.'s 2d. Supp. Appendix at Ex. 54 (Declaration of Charles Fulton).

[3] *See* Def.'s Motion for Summary Judgment as to Damages, dated March 2, 2004, Def.'s Cross-Motion for Summary Judgment With Respect to Liability and Damages, dated Dec. 5, 2005, and Def.'s Reply in Support of its Cross-Motion for Summary Judgment With Respect to Liability and Damages, dated Feb. 24, 2006.

Gerbick on these topics or any others.[4]

The Court of Federal Claims trial management procedures anticipate and provide for the taking of depositions in these circumstances. Appendix A, ¶13(b) of the Court of Federal Claims Rules states that "any witness whose identity has not been previously disclosed shall be subject to discovery." Here, though Mr. Gerbick's identity was disclosed eight years ago, Plaintiffs had no reason to anticipate his involvement in the upcoming damages trial.

In another *Winstar*-related case, this Court granted a party permission to take the deposition of a long-ago disclosed witness in a very similar situation. In the *Globe* case, the plaintiff moved several weeks before a 2004 trial for permission to take the deposition of a witness whom Defendant had listed as a trial witness and whose identity was disclosed in 1998 but who had not previously been deposed. *See Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 101-02 (2004). This Court granted the plaintiff full permission to take that deposition, and rejected an argument by Defendant that the time for the deposition should be curtailed. *Id*. at 102.

So that Plaintiffs may prepare to address Mr. Gerbick's testimony and so that the Court may receive a balanced trial presentation, Plaintiffs respectfully request permission to depose Mr. Gerbick at a time and place convenient to him and the parties.

[4] *See, e.g.*, Def.'s Cross-Motion for Summary Judgment With Respect to Liability and Damages, dated Dec. 5, 2005 at 13-19 (discussing differences between OTS and FDIC scrutiny of River Valley investments); Def.'s Reply in Support of its Cross-Motion for Summary Judgment With Respect to Liability and Damages, dated Feb. 24, 2006 at 36-37 (arguing that regulatory scrutiny of River Valley impacted the SAFSB acquisition).

Respectfully submitted,

/s/ David B. Bergman
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: October 30, 2007

## CERTIFICATE OF SERVICE

I certify that on this 30th day of October 2007, I caused the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE DEPOSITION OF DEFENDANT'S INTENDED TRIAL WITNESS PHILIP GERBICK** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: October 30, 2007 /s/ Joshua P. Wilson

Joshua P. Wilson