**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, co-executor of the<br>ESTATE OF HOWARD R. ROSS,<br>AND FIRST BANK | ) | |
| Plaintiffs, | ) | No. 95-524 C |
| v. | ) | (Judge G. Miller) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM CALLING AT TRIAL ANY WITNESSES FOR WHOM DEFENDANT HAS DESIGNATED DEPOSITION EXCERPTS IN LIEU OF LIVE TESTIMONY, SPECIFICALLY ALAN BLAKE, HOMER J. HOLLAND, LARRY KENNY, DIANA JANUSKA, LARRY FERRIES, RONALD KARR, AND PAUL GRIFFIN**

Pursuant to this Court's Orders of March 20 and October 5, 2007, Plaintiffs hereby respectfully move *in limine* to preclude the Defendant from calling as witnesses for direct examination at trial any of the individuals for whom Defendant has designated deposition testimony excerpts in lieu of live testimony.

In its Order of October 5, 2007, this Court ruled that Plaintiffs are permitted, pursuant to Federal Rule of Evidence 801(d)(2), to introduce into evidence "in lieu of live testimony" the deposition excerpts of certain government agents and party opponents. *See* Order of October 5, 2007 at 2-3. The Court also authorized Defendant to file a motion seeking to submit as trial evidence in lieu of live testimony the deposition excerpts of certain of Plaintiffs' agents and party witnesses. *See id;* Defendant's Motion to Introduce Deposition Testimony at Trial, dated October 26, 2007 at 1-2 (acknowledging that the Court's October 5 Order permitted the designation of deposition

testimony "in lieu of live testimony").

In accordance with the Court's Order, Plaintiffs intend to read into evidence at trial the deposition excerpts of party opponents Kenny, Ferries, Januska, Karr, and Griffin, and correspondingly will forgo their right to call these individuals as live witnesses. Should the Court grant Defendant permission to introduce as substantive trial evidence the deposition testimony of Messrs. Holland and Blake, the same procedure should apply, precluding Defendant from calling these party witnesses from testifying in person. Likewise, to the extent that the Court accepts Defendant's counter-designated excerpts from the depositions of Messrs. Kenny, Karr, Ferries, Januska and Griffin, Defendant must be precluded from calling these individuals as live witnesses. Otherwise, Defendant would be permitted to present the testimony of these witnesses *twice*, a procedure that would be neither efficient nor fair.

As this Court has recognized in its prior rulings, permitting the designation of deposition testimony as substantive trial evidence is a method *alternative* -- *not in addition* -- to the direct examination of live witnesses. *See Globe Savings Bank, FSB*, 61 Fed. Cl. 91, 99 (2004); *Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157, 165 (2004). As this Court has held in both *Globe* and *Long Island*, though a defendant may later call as a live witness an individual whose deposition testimony a plaintiff has submitted as evidence during the plaintiff's case-in-chief, the defendant cannot *both* call that witness and submit as trial evidence additional deposition testimony of that witness. In *Globe*, where this Court approved the use of a government agent's (Mr. Reidhill's) deposition testimony as evidence in lieu of live testimony, the Court also ruled that only "[i]f Mr. Reidhill does not testify at trial, which appears to be a distinct possibility, [is]

the government [] entitled to identify other portions of Mr. Reidhill's deposition to be admitted beyond those designated by [plaintiff]." *See Globe*, 61 Fed. Cl. at 99 n.13. Likewise in *Long Island*, in approving the plaintiff's use of certain deposition transcripts as substantive evidence this Court ruled that "[i]f any of these deponents are not listed to testify as a live witness at trial, the government may identify additional portions of the deposition to be admitted." *Long Island*, 63 Fed. Cl. at 165.

In accordance with these rulings, upon which this Court relied in its order authorizing deposition designations, *see* Order of October 5, 2007 at 2, no party here may counter-designate the deposition testimony of an individual it intends to call as a live witness during trial. Likewise, neither party may affirmatively submit as substantive trial evidence the deposition testimony of a witness, and then later call that witness to provide live testimony in its case in chief.

Accordingly, to the extent that Defendant intends to present as substantive evidence, designated portions of the deposition testimony of Messrs. Kenny, Ferries, Karr, Januska, Griffin, Holland and Blake, Plaintiffs respectfully request that the Court issue an order precluding Defendant from calling these witnesses -- almost all of whom Defendant states it presently intends to call at trial. *See* Def.'s Witness List, dated October 26, 2007 at 3, 5-8 (listing Kenny, Ferries, Karr, Griffin, Holland, and Blake as witnesses it "will call" at trial).

Further, in view of the approaching November 5, 2007 deadline for submission of objections to Defendant's deposition designations, Plaintiffs respectfully request that the Court expedite its consideration of this motion. Should the Court approve Plaintiffs' motion, and Defendant conclude that it would prefer to present the live testimony of

Messrs. Kenny, Ferries, Karr, Januska, Griffin, Holland and Blake, the Court would be relieved from considering (and Plaintiffs relieved from submitting) objections to Defendant's designations from the depositions of these individuals. Alternatively, Plaintiffs respectfully request that the Court extend the deadline for submitting objections to Defendant's deposition designations until such time as the Court rules upon this motion.

Respectfully submitted,

/s/ David B. Bergman

David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:

Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:

Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: October 31, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 31st day of October 2007, I caused the foregoing **PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM CALLING AT TRIAL ANY WITNESSES FOR WHOM DEFENDANT HAS DESIGNATED DEPOSITION TESTIMONY AS SUBSTANTIVE EVIDENCE** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: October 31, 2007 /s/ Joshua P. Wilson
Joshua P. Wilson