# EXHIBIT 1

# In the United States Court of Federal Claims
(Filed: August 7, 1997)

| | |
|---|---|
| PLAINTIFFS IN ALL WINSTAR-RELATED CASES AT THE COURT,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 90-8 C, et al. |

## PROCEDURAL ORDER NO. 2: DISCOVERY PLAN

Pursuant to Rules 1, 16, 77 and 77.1 of the Rules of the United States Court of Federal Claims, and to the Omnibus Case Management Order entered by the Court on September 18, 1996, ("Case Management Order" or "CMO"), the Court ORDERS as follows:

I. SCOPE OF THIS ORDER AND GENERAL PROVISIONS

A. This Discovery Plan governs discovery in all *Winstar*-related cases before the court except for (a) the *Glendale* and *Statesman* cases, and (b) the Priority Cases identified in Appendix D to the CMO. In the event that a case is removed from the list of Priority Cases it shall thereafter be subject to the terms of this Order.

B. The Discovery Plan is subject to the CMO, Procedural Order Number One ("Procedural Order No. 1"), the Master Order Concerning De Bene Esse Depositions, the Master Protective Order ("MPO"), and other procedural orders of the Managing Judge. The Rules of the Court of Federal

Claims ("RCFC") govern discovery, except where in conflict with the CMO, Procedural Order No. 1, the MPO, or this Discovery Plan.

C. No provision of the Discovery Plan shall be construed to permit any party any discovery not otherwise permitted by the CMO, Procedural Order No. 1, the MPO, other Orders of this Court, or the RCFC.

D. Except insofar as this plan expressly states that the parties may agree to modification of time limits, the parties may not stipulate to an extension or increase of any Discovery Plan deadline or limitation without approval of the Court.

## II. DISCOVERY CONVENTIONS

The following conventions apply to all discovery, including the common discovery procedures set forth in Section III. Production of "Common Documents" shall be governed by the provisions of Paragraph II.B.2. of Procedural Order No. 1.

### A. Conventions for Production of Documents

1. Document production shall take place in Washington, D.C. or where the documents are maintained in the ordinary course of business, at the option of the producing party. The parties shall confer prior to a document production to establish dates and procedures for selection, review, and duplication of documents. Where the documents subject to a production are indexed, the producing party may require the requesting party to select groups or boxes of documents for production and review using the most current available indices prior to the commencement of the production.

2. Document production pursuant to a document request shall commence within 30 days of receipt of such document request and be completed within 60 days of receipt of such

document request, absent agreement of the parties to extend the deadline for such production, with such agreement to extend not to be unreasonably withheld.

3. Within thirty days of the deadline for production of documents, the producing party shall provide the requesting party with a privilege log specifically identifying any documents that the producing party did not produce pursuant to an assertion of privilege, and the nature of the privilege claimed. Identification of privileged documents that were produced in accordance with the CMO, shall continue to be subject to the provisions of the MPO. A party need not produce or identify in the privilege log (a) any document prepared pursuant to the attorney-client or work-product privileges prepared in connection with the present litigation, excluding expert reports, which shall be produced in accordance with the provisions of Section V, or (b) any document prepared pursuant to the attorney-client or work-product privileges developed or generated in the context of an enforcement proceeding or investigation, including criminal investigations.

B. Conventions for Depositions

1. Absent agreement between the parties participating in a deposition and the deponent, a deposition shall take place within 75 miles of the deponent's residence or place of employment and ordinarily shall be conducted between 9:00 am. and 5:30 p.m. on successive weekdays, excluding holidays. Depositions may be attended only by a court reporter and persons authorized under the MPO to have access to confidential information absent agreement between the parties.

2. The deponent may be questioned by no more than one attorney for the defendant and one attorney for each plaintiff at a time. An objection by one counsel for a plaintiff shall be deemed an objection by all plaintiffs' counsel who are present at a deposition.

3. Where a deposition is recorded by videotape, the appearance or demeanor of attorneys and the deponent shall not be distorted through camera or sound-recording techniques. To the extent practicable, a videotaped deposition will be conducted in a neutral setting against a solid background, with only such lighting as is required for accurate video recording. Camera angle, lens setting, and field of view will be changed only as necessary to record the natural body movements of the deponent or to portray exhibits and materials used during the deposition. No part of a videotaped deposition shall be released or made available to any member of the press or general public unless authorized by the Court.

4. Where a party intends to examine a non-party witness pursuant to a subpoena duces tecum, the parties shall use their best efforts to arrange for inspection and/or copying of the documents at least one week before the scheduled deposition.

5. The deponent shall execute the original deposition transcript within 30 days after receiving it from the court reporter. The court reporter shall distribute an errata sheet to counsel for the noticing party and to all counsel who requested copies of the deposition transcript. If a deponent fails to execute the deposition transcript within thirty days of receipt, the parties may use the deposition transcript as if it had been executed. The parties may use a certified copy of a deposition transcript in lieu of the original for all purposes.

C. Other Conventions

When serving a discovery request or response, a party shall also provide a copy of the request or response, excluding any produced documents, in an electronic form suitable to the parties.

III. COMMON DISCOVERY

A. General Provisions

1. Common discovery from the Government is limited to the discovery of information and production of documents that are not solely specific to any case or institution. Defendant has no obligation to respond to common discovery requests which seek only case-specific information, and Defendant shall not withhold documents or information directly relevant to common discovery merely because such documents or information also reference specific institutions or specific transactions.

2. Case-specific discovery in individual *Winstar* cases may not duplicate discovery already provided by defendant to Plaintiffs Coordinating Committee ("Plaintiffs Committee") in connection with common discovery under Procedural Order No. 1 and this Discovery Plan.

3. The Plaintiffs Committee is responsible for preparing common discovery interrogatories and a list of individuals or organizations for common discovery depositions as provided in this Discovery Plan. The Plaintiffs Committee is responsible for serving defendant with common discovery requests and ensuring that all common discovery material produced by defendant is available to all *Winstar* plaintiffs.

4. Any disputes concerning discovery referenced in Section III.A., including disputes over whether a request calls for only case-specific information, shall be raised, in the first instance, with the Coordinating Committees and the FDIC. The Coordinating Committees and the FDIC will attempt to resolve any disputes. If they are unable to reach agreement, either Coordinating Committee or the FDIC may file a motion with the Discovery Judge.

B. Common Discovery Interrogatories and Requests for Admissions

The Plaintiffs Committee shall prepare common discovery interrogatories. The Plaintiffs Committee shall serve the common discovery interrogatories on or after September 8, 1997, and

defendant shall serve its responses on the Plaintiffs Committee and the FDIC within 45 days thereafter.

C. Common Discovery Depositions

1. The Plaintiffs Committee shall submit a list to identify individuals or organizations that it will depose for purposes of common discovery. The list may not include damages expert witnesses for the defendant except for, and only to the extent they are, fact witnesses. The Plaintiffs Committee shall serve defendant with its initial list of these individuals and organizations on or after September 8, 1997. For depositions of organizations pursuant to RCFC 30(b)(6), the Plaintiffs Committee also shall inform defendant of the topics on which examination is required.

2. Defendant shall submit a list to identify individuals that it will depose for purposes of common discovery. The list may not include damage witnesses for a plaintiff except for, and only to the extent they are, fact witnesses. Defendant shall serve the Plaintiffs Committee with its initial list of these individuals on or after September 8, 1997.

3. The Coordinating Committees shall attempt to agree on a schedule for all common discovery depositions, including an estimated length of time for each deposition. If the Coordinating Committees are unable to agree, notice of a common discovery deposition and an estimated length of time for that deposition must be served on the opposing party at least 14 days prior to the date of the deposition.

4. At least 7 days prior to the commencement of a common discovery deposition, the Plaintiffs Committee shall identify no more than three attorneys who shall conduct the initial questioning on behalf of all plaintiffs. Additional plaintiffs' counsel, including the FDIC, may question a deponent only after completion of the examination by counsel designated by the Plaintiffs

Committee and may not repeat any questions posed previously in that deposition except to the limited extent required to establish a predicate or framework for examination on a new topic or for more detailed examination of topics previously covered.

IV. CASE-SPECIFIC DISCOVERY IN INDIVIDUAL WINSTAR CASES

A. Initial Disclosures

1. Within 30 days after the commencement of Phase II case-specific discovery in a case, a party shall, without awaiting a discovery request, provide to the other parties, to the extent known, the name and title of any current or former employee, agent, or representative of a party likely to have discoverable information relevant to the allegations in the Complaint, and any Cross-Claim or Counterclaim, identifying the subject of the information.

2. The plaintiffs, including the FDIC, participating in each wave of discovery shall form a Plaintiffs Discovery Committee to attempt, to the extent practicable, to coordinate discovery from third parties and depositions of fact witnesses.

B. Requests For Production of Documents

1. Parties may submit case-specific requests for production of documents at any time after commencement of Phase II case-specific discovery in a case. Such document production requests shall be governed by the provisions of this Order, Procedural Order No. 1 and the MPO.

C. Interrogatories, Requests for Admissions and Depositions

1. In addition to the common discovery and case-specific document discovery discussed above, a party in an individual case may submit case-specific interrogatories and requests for admissions, and take case-specific depositions. Such interrogatories and requests for admission

may not be submitted, and such depositions may not be taken, until 90 days after commencement of Phase II case-specific discovery in a case.

2. A party shall respond to interrogatories and requests for admissions within 45 days of service.

3. Where a plaintiff seeks to depose an individual or organization already deposed during common discovery, the deposition will be focused on case-specific topics. The parties shall attempt to agree on a schedule for all case-specific depositions, including an estimated length of time for each deposition. If the parties are unable to agree, notice of a deposition and an estimated length of time for that deposition must be served on a party at least 14 days prior to the date of the deposition.

4. Disputes over scheduling the deposition of a witness for case-specific discovery shall be resolved by the Discovery Judge.

V. EXPERT WITNESSES

A. Discovery of Plaintiffs' Expert Witnesses

1. Thirty days after Phase II case-specific discovery is completed in a case under the provisions of Procedural Order No. 1, each plaintiff shall provide defendant with the identity of each witness that plaintiff intends to call at trial to offer opinion testimony pursuant to Rule 702 of the Federal Rules of Evidence. The identifying information shall include (a) the witnesses' qualifications, including a curriculum vitae; (b) a list of all publications authored by each witness within the last ten years; (c) the compensation to be paid for each witnesses' study and testimony; and (d) a listing of any other cases in which each witness has testified at trial or by deposition, declaration or affidavit within the preceding four years.

2. Absent agreement of the parties, each plaintiff shall deliver to defendant a final written report prepared and signed by each witness identified pursuant to Paragraph V.A.1. within 60 days after identification. The written report shall contain: (a) a complete statement of all opinions to be expressed by the witness and the basis and reasons for all opinions; (b) the data or other information considered by the witness in forming the opinions; and (c) all exhibits to be used as a summary of or in support for the opinions of the witness.

3. Absent agreement of the parties, defendant shall depose each of plaintiff's expert witnesses within 90 days after receiving the expert's final written report. Each plaintiff shall cooperate in scheduling such depositions and in making each expert witness available for deposition.

4. If a plaintiff fails to comply with the provisions of this section with regard to any expert witness it proposes to call, no opinion testimony will be received from that witness on behalf of that plaintiff.

B. <u>Discovery of Defendant's Expert Witnesses</u>

1. Thirty days after defendant receives a plaintiffs' expert reports pursuant to Paragraph V.A.2. defendant shall provide such plaintiff with the identity of each witness whom defendant intends to call at trial to offer opinion testimony pursuant to Rule 702 of the Federal Rules of Evidence. The identifying information shall include (a) the witnesses' qualifications, including a curriculum vitae; (b) a list of all publications authored by each witness within the last ten years; (c) the compensation to be paid for each witnesses' study and testimony; and (d) a listing of any other cases in which each witness has testified at trial or by deposition, declaration or affidavit within the preceding four years.

2. Absent agreement of the parties, defendant shall deliver to each plaintiff a final written report prepared and signed by each witness identified pursuant to Paragraph V.B.1. within

90 days after identification. The written report shall contain: (a) a complete statement of all opinions to be expressed by the witness and the basis and reasons for all opinions; (b) the data or other information considered by the witness in forming the opinions; and (c) all exhibits to be used as a summary of or in support for the opinions of the witness.

3. Absent agreement of the parties, a plaintiff shall depose defendant's expert witnesses within 60 days after receiving the experts' final report. The defendant shall cooperate in scheduling such depositions and in making each expert witness available for deposition.

4. If defendant fails to comply with the provisions of this section with regard to any expert witness it proposes to call, no opinion testimony will be received from that witness on behalf of defendant.

VI. DISCOVERY DISPUTES

A. All discovery motions shall hereafter be filed with and resolved by the Discovery Judge, unless otherwise directed by the Managing Judge, Issue Judge or the Motion Judge.

B. In the event that a discovery dispute (a) appears to raise generic issues that may be relevant to a significant number of *Winstar*-related cases, or (b) raises concerns regarding a risk of substantial and burdensome duplication of discovery among different cases, the parties shall bring (or the Discovery Judge may refer) the dispute to the attention of the Coordinating Committees and the FDIC to consider whether the dispute should be subject to "common issue" treatment.

LOREN A. SMITH
CHIEF JUDGE