**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER J. HOLLAND, STEVEN BANGERT, co-executor of the ESTATE OF HOWARD R. ROSS, AND FIRST BANK<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 95-524 C<br><br>(Judge G. Miller) |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL THE DEPOSITION TRANSCRIPTS AND HEARSAY DECLARATIONS THAT DEFENDANT INTENDS TO PRESENT AS SUBSTANTIVE EVIDENCE**

Pursuant to this Court's Orders of October 5 and 16, 2007, the Federal Rules of Evidence, and the Rules of the Court of Federal Claims, Appendix A, Plaintiffs hereby respectfully move *in limine* to exclude from use as substantive trial evidence DX exhibits 1367-94, 1407-13, 1421-31, 1446-49, 1451-57, 1462-66, 1471, 1474-76, 1481-83, 1487-88, 1493-96, 1533, 1544-54, 1556 -- all full length transcripts of depositions taken in this case or fact witness declarations inadmissible as hearsay.

In its exhibit list filed on October 25, 2007, Defendant identified 1,558 exhibits that it states it "intends to offer at trial" for purposes "other than" "impeachment or rebuttal." *See* Def.'s Exhibit List filed October 25, 2007 at 1. Among the exhibits listed were 80 separate full-day transcripts of depositions taken in this case, and 8 out-of-court declarations given by various purported fact witnesses.[1] The submission of these

[1] Defendant also lists as trial exhibits the expert declarations of Drs. Griffin and Carron, and Mr. Bankhead (DX 1477-79). Plaintiffs do not presently move to exclude these declarations because expert declarations and reports, listed by both parties as trial

deposition transcripts and purported fact witness declarations as substantive trial evidence is improper. Most of these exhibits -- out of court statements by non-parties presented for the truth of the matter asserted -- constitute inadmissible hearsay. *See* Fed. R. Evid. 801 & 802. Further, to the extent that any of these depositions or declarations might be considered admissions of a party opponent or otherwise admissible non-hearsay, Defendant has failed to make that argument, omitting any mention of these documents in its "Motion to Introduce Deposition Testimony at Trial" filed on October 26, 2007. In accordance with this Court's Orders of October 5 and 16, and RCFC, Appendix A ¶ 15(b), any argument concerning the admissibility of any of these 88 documents under either RCFC 32(a) or Fed. R. Evid. 801(d)(2) should have been made as of the filing of Defendant's Memorandum of Contentions of Fact and Law, and consideration of that issue now -- less than a month before trial -- would impose serious prejudice upon Plaintiffs.

Moreover, Defendant may not *both* submit as substantive evidence the deposition testimony of a particular witness and then call that witness in its case-in-chief. *See Globe Savings Bank, FSB*, 61 Fed. Cl. 91, 99 (2004) (Only "[i]f Mr. Reidhill does not testify at trial, which appears to be a distinct possibility, [is] the government [] entitled to identify other portions of Mr. Reidhill's deposition to be admitted beyond those designated by [plaintiff]."); *Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157, 165 (2004) ("If any of these deponents are not listed to testify as a live witness at trial, the government may identify additional portions of the deposition to be admitted"); *see also*

---

exhibits, might in certain circumstances be properly admitted into evidence, at least for limited purposes. Plaintiffs reserve the right, however, to object at trial to the admission of any expert declarations or reports, either in whole or in part.

Plaintiffs' Mot. *In Limine* to Preclude Defendant From Calling at Trial Any Witnesses For Whom Defendant Has Designated Deposition Excerpts, dated October 31, 2007. With its submission of these 80 deposition transcripts as exhibits it "intends to offer at trial" for purposes "other than" "impeachment or rebuttal," Defendant is apparently attempting to submit as trial evidence the deposition testimony of nearly *all* of the witnesses it says it "will call" at trial. *Compare* Def.'s Witness List, dated October 25, 2007 *with* Def.'s Exhibit List, dated October 26, 2007 (naming as intended witness and identifying as an exhibit the deposition testimony of Steven Bangert (DX 1376-77); Barefoot Bankhead (DX 1424-27, 1494, 1544-46); Alan Blake (DX 1462); Andrew Carron (DX 1428-31, 1493, 1547-48); Gary Curtin (DX 1446); Bryan Daniels (DX 1389); James Dierberg (DX 1556); Richard Earle (DX 1448); Susan Ells (DX 1393); Larry Ferries (DX 1386); Paul Griffin (DX 1421-23, 1471, 1550); Herbert Held (DX 1388); Homer Holland (DX 1373-75, 1380, 1411-1413, 1464-66, 1487-88); Ronald Karr (DX 1372, 1533, 1552); Larry Kenny (DX 1453, 1455, 1457); Mark Kipnis (DX 1553); Peter Madson (DX 1447); James Meyer (DX 1454); Helen Mirza (DX 1390-91); Frank O'Connor (DX 1392); Ron Pikus (DX 1369-70); John Rada (DX 1449); John Rose (DX 1368); Anjun Thakor (DX 1495-96); Nicholas Wilson (DX 1483); James Wright (DX 1456)).

Accordingly, this Court should issue an Order precluding Defendant from presenting as substantive trial evidence the 80 days of deposition transcripts and 8 purported fact witness declarations identified on its Exhibit List at DX 1367-94, 1407-13, 1421-31, 1446-49, 1451-57, 1462-66, 1471, 1474-76, 1481-83, 1487-88, 1493-96, 1533, 1544-54, 1556. Because Plaintiffs' motion to exclude these exhibits does not turn on the

substance of the exhibits, and because these exhibits are very voluminous, Plaintiffs respectfully request leave not to provide copies to the Court.

Respectfully submitted,

/s/ David B. Bergman
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: November 5, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of November 2007, I caused the foregoing **PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL THE DEPOSITION TRANSCRIPTS AND HEARSAY DECLARATIONS THAT DEFENDANT INTENDS TO PRESENT AS SUBSTANTIVE EVIDENCE** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: November 5, 2007 /s/ Joshua P. Wilson

Joshua P. Wilson