# In the United States Court of Federal Claims

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, Co-Executor of the<br>Estate of HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>Filed November 6, 2007 |

**ORDER**

The Court has considered plaintiffs' motion *in limine* to preclude live testimony by those witnesses excerpts from whose deposition transcripts have been designated or counter-designated for introduction into evidence by the parties (docket entry 415), as well as defendant's opposition thereto (docket entry 419). For the reasons discussed below, plaintiffs' motion *in limine* is **DENIED**.

Plaintiffs' motion addresses witnesses falling into two categories: (1) those witnesses whose deposition transcripts have been designated by plaintiffs and (2) those witnesses whose deposition transcripts have been designated by defendant. The first group includes Larry Kenny, Diana Januska, Larry Ferries, Ronald Karr, and Paul Griffin and is referred to as the "government employees" group. The second group includes Alan Blake and Homer J. Holland and is referred to as the "plaintiffs' witnesses" group. With respect to each group, one side in this litigation designated portions of the witnesses' deposition transcripts, and the opposing side either has counter-designated (in the case of the government employees) or will counter-designate (in the case of the plaintiffs' witnesses) additional material that should be considered simultaneously in the interest of fairness. Now plaintiff seeks to preclude any of these witnesses from being called at trial to present live testimony in addition to their designated deposition excerpts.

With respect to the government employees group, plaintiffs' argument seems weak. In the Court's view, it would be unfair to permit plaintiffs to designate portions of some witnesses' deposition testimony and in so doing preclude defendant from calling those witnesses to address

material not covered in their depositions. Although the Court is sensitive to the potential efficiency gains inherent in limiting witnesses' testimony to the reading of deposition excerpts, the Court regards the potential for gamesmanship as too great to adopt such a limitation. Moreover, the *Globe Savings Bank* and *Long Island Savings Bank* cases, cited in support of plaintiffs' position, do not, in the Court's view, provide such support. As the Court reads the materials related to the *Globe* and *Long Island* cases, the court in those cases permitted both counter-designation and live testimony from the same government witnesses. Even if the court in *Globe* and *Long Island* had not permitted both counter-designation and live testimony from the same witnesses, those decisions would not be authority for a firm rule that parties should never be allowed to present both types of testimony with respect to a given witness. Rather, this Court could properly and does reach a different result in light of its conclusion that in this case fairness would be served by such a result. Given the lack of case support for plaintiffs' contention that the government employees should be precluded from offering live testimony, and given the potential for gamesmanship inherent in adopting such a position, the Court holds that defendant will be permitted to call the members of the government employees group to the stand in addition to making appropriate counter-designations of their deposition testimony.

With respect to the plaintiffs' witnesses group, plaintiffs' position is stronger, but still too weak for the Court to adopt. There is a plausible argument that it is not unfair to require a party to choose whether to present a witness for live testimony or to affirmatively designate excerpts from that witness's deposition transcript. If the transcript contained all relevant information to be introduced by the witness, then designation would obviate the need for any live testimony, and if there were additional material to be covered in live testimony, then the live testimony could also cover whatever information would have been introduced through introduction of excerpts from the deposition transcript. However, even if adopting plaintiffs' proposed limitation with respect to the plaintiffs' witnesses group were not regarded as unfair, it is not at all clear that it would be useful. Given that the Court has already ruled that the parties may cause deposition excerpts to be read into the record during trial, any efficiency gains from adopting plaintiffs' proposed rule would be modest. While keeping witnesses off the stand would undoubtedly save some trial time, much of the time thus saved would simply be used in reading excerpts from the witnesses' deposition transcripts into the record. Any inefficiency due to permitting both transcript reading and live testimony can be mitigated by the Court's power to sustain objections to live testimony that strays too far into material already covered in the designated deposition excerpts. Thus, the Court holds that defendant will be permitted to call the plaintiffs' witnesses whose depositions defendant designated.

The Court notes, though, plaintiffs' concern that testimony by a witness not be presented twice—once in the witness's excerpted deposition testimony and a second time in the witness's live testimony. This concern is a valid one, and the Court will sustain objections to questions or answers during these witnesses' live testimony that duplicate testimony presented in the admitted deposition excerpts. The parties will only be permitted to address in live testimony subjects covered in the deposition excerpts if they can show good cause for doing so. In that regard, government counsel suggested during the oral hearing on plaintiffs' motion *in limine* on

November 6, 2007, that the passage of time between the deposition testimony and the live testimony might be so great as to justify the admission of both the deposition excerpt and the live testimony. However, in such a case, the Court's inclination would be to question whether the deposition testimony characterized by the government as outdated should be admitted at all.

For the reasons stated above, plaintiffs' motion *in limine* is **DENIED**. Each party shall be permitted to call for live testimony any witness appearing on its witness list, subject to objections by the other side and constraints imposed by the Court, regardless of whether the party has designated or counter-designated excerpts from that witness's deposition for introduction into evidence.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge