**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HOMER J. HOLLAND, HOWARD R. ROSS, and FIRST BANK,** | ) | |
| **Plaintiffs,** | ) | **Case No. 95-524C** |
| **v.** | ) | **(Judge George W. Miller)** |
| **THE UNITED STATES,** | ) | **(Winstar-Related Case)** |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DEPOSE PHILIP GERBICK**

Pursuant to Rules 7(b), 7.2(a) of the Rules of the Court of Federal Claims ("RCFC"), Winstar Procedural Order No. 2, and this Court's order of October 31, 2007, defendant, the United States, respectfully submits this opposition to plaintiffs' motion for leave to take the deposition of Philip Gerbick.

Fact discovery in this case began on August 23, 1999. On September 20, 1999, we filed our initial disclosures, pursuant to paragraph IV(A)(1) of the Winstar Discovery Plan. See Ex. 1. Within those disclosures we identified Mr. Gerbick as a witness who had "discoverable information relevant to allegations in plaintiffs' complaint." Id. at 1. Further, we indicated that Mr. Gerbick might testify regarding the acquisitions of Galva, Home, and Mutual, and the acquisition of Peoria. Id. at 5. Although fact discovery was scheduled to be completed within one year, the parties stipulated to extend the discovery period until until December 15, 2000, so that the parties could complete depositions of several witnesses. Order (Sep. 25, 2000); Joint Stipulation to Adjust Certain Discovery Deadlines (filed Sep. 20, 2000) at 1. Notwithstanding

that they sought to extend discovery period to depose additional witnesses, plaintiffs expressed no desire to depose Mr. Gerbick.

Now, after twelve years of litigation, and seven years after fact discovery, plaintiffs contend that they are entitled to depose Mr. Gerbick. Plaintiffs concede that paragraph 13 (b) of Appendix A of the Rules of this Court states that "any witness whose identity has not been previously disclosed shall be subject to discovery[,]" and assert, nonetheless, that "though Mr. Gerbick's identity was disclosed eight years ago, Plaintiffs had no reason to anticipate his involvement in the upcoming damages trial." Pl. Br. at 2. Thus, plaintiffs argue that even though Mr. Gerbick was expressly identified, more than eight years ago, as a witness who might testify for the Government in this litigation, plaintiffs somehow did not appreciate that he might testify for the Government in this litigation.

Plaintiffs further contend that they were excused from deposing Mr. Gerbick because he did not submit a declaration in support of our summary judgment briefing, and therefore, they did not believe that he would testify at trial. Pl. Br. at 1-2. This argument strains credulity: Motions for summary judgment were submitted after the close of discovery. Plaintiffs' election not to depose Mr. Gerbick during the discovery period cannot possibly be tied to events that occurred after that time.

However implausible, plaintiffs' proffered excuses for electing not to depose Mr. Gerbick are irrelevant. The Rules of this Court do not require a determination of whether or not a party has "a reason to anticipate [a witness's] involvement" in a trial." Pl. Br. at 2. Rather, paragraph 13(b) of Appendix A permits a deposition only where a witness's identity, "has not been previously disclosed[.]" We disclosed Mr. Gerbick's identity in 1999, and he will testify relating

to matters identified in that disclosure. Accordingly, the Rules of this Court do not permit plaintiffs an opportunity to depose him. As this Court held in Smith v. United States, No. 92-540 C (Fed. Cl.), "[p]laintiffs cannot now reopen the discovery period to conduct the depositions that could have been, and conceivably should have been, taken." Id. (Order of Dec. 8, 2000) (Exhibit 2) (denying plaintiffs' motions to reopen discovery and conduct the deposition of a witness where it was "obvious" that the witness was "conceivably a person with relevant information").

Plaintiffs' reliance upon an order in Globe Savings Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 100-02 (2004), is misplaced. In that case, the Court denied plaintiffs' motion to preclude two Government witnesses from presenting trial testimony because plaintiffs were not prejudiced due to the fact that they could depose the witnesses prior to trial pursuant to RCFC Appendix A, paragraph 13(b). In Globe, unlike this case, the two witnesses were not disclosed in either party's initial disclosures, and did not come to the attention of the parties through the documents produced in discovery. Id. By contrast, in this case, Mr. Gerbick's identity was disclosed in the initial disclosures, and Mr. Gerbick's name appeared in numerous documents that were exchanged during fact discovery. In this case, unlike Globe, plaintiffs knowingly waived their opportunity to depose Mr. Gerbick.

Finally, the equities favor holding plaintiffs accountable for their election not to depose Mr. Gerbick during the discovery period. Mr. Gerbick is currently an employee at the Chicago office of the Office of Thrift Supervision, and carries a full schedule of meetings, in and out of Chicago, in November and December. Plaintiffs' decision to wait until the eve of trial to seek to depose Mr. Gerbick would significantly disrupt his schedule. Further, we would be required to dedicate our resources to preparing Mr. Gerbick for deposition, and defending his deposition, on

the eve of trial, and would be bearing the cost for plaintiffs' election not to depose Mr. Gerbick. The Court should not permit plaintiffs to circumvent the Rules of this Court, and disrupt the schedules of both Mr. Gerbick and the Government's counsel, merely because they now realize that their strategic decision in 1999 was in error.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court deny plaintiffs' motion for leave to reopen discovery to conduct out-of-time depositions of Mr. Gerbick.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:

SCOTT D. AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
AMANDA L. TANTUM
JOHN J. TODOR
SAMEER YERAWADEKAR

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8TH day of November, 2007, a copy of "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DEPOSE PHILIP GERBICK" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson

# Exhibit 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOMER J. HOLLAND AND HOWARD R. ROSS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 95-524C |
| | ) | (Chief Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S INITIAL DISCLOSURE PURSUANT TO PARAGRAPH IV(A)(1) OF THE DISCOVERY PLAN**

Defendant, the United States (the "Government"), provides, pursuant to Paragraph IV(a)(1) of the Court's Procedural Order No. 2: Discovery Plan (filed August 7, 1997), the following initial disclosure to plaintiffs Homer J. Holland and Howard R. Ross ("plaintiffs").

**INTRODUCTION AND RESERVATION OF RIGHTS**

This initial disclosure sets forth, to the extent known, the names and titles of current or former employees, agents, or representatives likely to have discoverable information relevant to the allegations in plaintiffs' complaint. This list is based upon the limited information currently available to us. More information may become known to us in the future. We reserve the right to supplement or modify this list, such as by adding or deleting individuals, or by amending the scope or subject of the individuals' likely areas of knowledge. We also reserve the right to assert privileges, if necessary, with respect to any

information known to, or documents held by, these individuals.

EX PARTE CONTACT WITH FORMER EMPLOYEES IS PROHIBITED

Please take notice that plaintiff is prohibited by Court order from ex parte contact with any former employee, officer or agent of the Office of Thrift Supervision ("OTS"), the Federal Home Loan Bank Board (including, but not limited to, the Federal Home Loan Bank of Chicago) ("FHLBB" and "FHLB-Chicago") and the Federal Savings and Loan Insurance Corporation ("FSLIC"). Order, Plaintiffs in All Winstar-Related Cases at the Court, Nos. 90-8, et al., (filed Feb. 20, 1998).

That Order specifically denied a request made on behalf of all private plaintiffs in the Winstar-related cases for permission to interview, outside the presence of Government counsel, former employees of the FHLBB (including the FSLIC) and expressly limited contact by any plaintiff with such employees to formal depositions or informal interviews approved by Government counsel. Id., citing 12 C.F.R. § 510.5 (1997).[1]

Please further take notice that plaintiff also is prohibited by law from ex parte contact with any former officer, employee or agent of the Federal Deposit Insurance Corporation ("FDIC"). 12 C.F.R. Part 309 (1999).

---

[1] See Mot. by Pls' Coordinating Committee for Order Permitting Informal Interviews of Former FHLBB and OTS Employees at 3 (seeking informal interviews to determine "who might have been responsible for actions taken under the auspices of the FHLBB or FSLIC") (filed on or about Dec. 31, 1997).

**EX PARTE CONTACT WITH CURRENT EMPLOYEES IS PROHIBITED**

Please also take notice that plaintiff is barred from ex parte contact concerning this action with any current OTS or FDIC employee, officer, or agent because, as such, they are represented by Government counsel in connection with this action.

**LIST OF NAMES, TITLES, ORGANIZATIONS, AND LIKELY SUBJECTS**

1. David Adkins
Financial Analyst, MAD
FSLIC

   Re: Acquisition of Galva, Home, and Mutual

2. Daniel R. Bagus
Applications Analyst
FHLB-Chicago

   Re: Acquisition of Republic

3. Sarah Bever
Financial Analyst, AED
FHLBB

   Re: Acquisition of Peoria

4. Chester A. Biedron
Supervisory Agent
FHLB-Chicago

   Re: Acquisition of Peoria; Acquisition of Republic

5. Leo B. Blaber, Jr.
Principal Supervisory Agent
FHLB-Chicago

   Re: Acquisition of Galva, Home, and Mutual;
   Acquisition of Peoria; Acquisition of Republic

6. Kevin J. Blocker
Examiner-in-Charge
FHLBB

Re: Reports of Examination for Galva

7. Patrick P. Bredlau
Supervisory Agent
FHLB-Chicago

Re: Acquisition of Peoria

8. B.J. Brookings
Director, MAD
FSLIC

Re: Acquisition of Republic

9. John M. Buckley, Jr.
Executive Secretary
FHLBB

Re: Acquisition of Galva, Home, and Mutual;
Acquisition of Republic

10. John J. Clarke, Jr.
Assistant Director of Examinations
FHLBB

Re: Acquisition of Republic

11. Mary Creedon
Associate Director
FDIC

Re: Settlement Agreement with FDIC

12. Steven Davidson
Regional Director, AED
FHLBB

Re: Acquisition of Republic

13. Edward A. Eckert
Supervisory Agent
FHLB-Chicago

Re: Acquisition of Peoria; Acquisition of Republic

14. John D. Eilering
Examiner-in-Charge
FHLBB

Re: Reports of Examination for Mutual

15. Edward H. Erickson
Appraisal and Loan Underwriting Specialist
FHLBB

Re: Acquisition of Republic

16. Michael Gassert
Examiner-in-Charge
FHLBB

Re: Reports of Examination for Peoria

17. Philip A. Gerbick
Supervisory Agent
FHLB-Chicago

Re: Acquisition of Galva, Home, and Mutual;
Acquisition of Peoria

18. Bimal B. Goel
Applications Analyst
FHLB-Chicago

Re: Acquisition of Peoria

19. Diane Heinz
Financial Analyst, MAD
FSLIC

Re: Acquisition of Republic

20. Herbert J. Held
Regional Director, MAD
FSLIC

Re: Acquisition of Peoria; Acquisition of Republic

21. Patrick J. Hunt
Examiner-in-charge
FHLBB

Re: Reports of Examination for Republic

22. Diana Januska
Financial Analyst
FHLB-Chicago

Re: Acquisition of Republic

23. Michael J. Jaski
Financial Analyst
FHLB-Chicago

Re: Acquisition of Peoria; Acquisition of Republic

24. Randall M. Kiner
Examiner-in-Charge
FHLBB

Re: Reports of Examination for Rock Falls

25. James H. Koulos
Supervisory Analyst
FHLB-Chicago

Re: Acquisition of Peoria

26. Michelle LeClair
Acting Regional Director, AED
FHLBB

Re: Acquisition of Peoria

27. Philip Mento
Coordinator, Expedited Case Processing II
FHLBB

Re: Acquisition of Peoria

28. Stephen J. Mikesell
Examiner-in-Charge
FHLBB

Re: Reports of Examination for Home

29. Helen K. Mirza
Supervisory Agent
FHLB-Chicago

Re: Acquisition of Peoria; Acquisition of Republic

30. Susan Mooney
Supervisory Agent
OTS

Re: Acquisition of Galva, Home, and Mutual

31. Linda B. Plye
Director, Corporate Activities, Office of Regulatory Policy and Supervision
FSLIC

Re: Acquisition of Galva, Home, and Mutual; Acquisition of Peoria; Acquisition of Republic

32. Janice Soergel
Financial Analyst, Financial Assistance Division
FSLIC

Re: Assistance Agreement relating to Republic

33. Gerald B. Stanton
Director, Financial Assistance Division
FSLIC

Re: Acquisition of Galva, Home, and Mutual; Acquisition of Republic

34. Stephen E. Taylor
Examiner-in-Charge
FHLBB

Re: Reports of Examination for Peoria

35. John P. Valek
District Director of Examinations
FHLBB

Re: Acquisition of Peoria

36. Richard D. Weiss
Financial Analyst, AED
FHLBB

Re: Acquisition of Galva, Home, and Mutual

37. Tracy Wiesen
Assistant General Counsel
FHLB-Chicago

Re: Acquisition of Republic

38. Holly Wright
Financial Analyst, AED
FHLBB

Re: Acquisition of Republic

39. Louis E. Wright
Associate Director
RTC

Re: Settlement Agreement with FDIC

DAVID W. OGDEN
Acting Assistant Attorney General

DAVID M. COHEN
Director

JEANNE E. DAVIDSON
Deputy Director

PATRICIA A. SMITH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 353-8841

Attorneys for Defendant

September 20, 1999

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 20th day of September, 1999, I caused to be placed in the United States mail (first class mail, postage prepaid) copies of "DEFENDANT'S INITIAL DISCLOSURE PURSUANT TO PARAGRAPH IV(A)(1) OF THE DISCOVERY PLAN" addressed as follows:

Melvin C. Garbow
Arnold & Porter
555 Twelfth Street, N.W.
Washington, DC 20004-1202

[signature]

# Exhibit 2

Davidson, J
Firehock, G

# In the United States Court of Federal Claims

| | |
|---|---|
| O. BRUTON SMITH and BILL SMITH,<br><br>and<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Successor to the Rights of North Carolina Federal Savings and Loan Association,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 92-540 C<br><br>Filed: DEC 08 2000 |

FILED
DEC 8 2000
U.S. COURT OF FEDERAL CLAIMS

## ORDER

Both private plaintiffs and plaintiff FDIC have filed motions to strike the declaration of R.A. Southerland and references to it from defendant's motion for summary judgment and motion to dismiss. Alternatively, the plaintiffs request that discovery be reopened solely relating to Mr. Southerland and to permit the plaintiffs to supplement their responses to defendant's motion.

The court denies the motions to strike, as well as the alternative motions to reopen discovery regarding Mr. Southerland. Critical to the court's decision is the following: it is obvious that Mr. Southerland, as the President of Carolina Federal, one of the merging institutions, was conceivably a person with relevant information; defendant's responses to the discovery requests of both plaintiff FDIC and the private plaintiffs complied with the rules; plaintiff FDIC obviously recognized the possible importance of Mr. Southerland because it noticed him for deposition; and, plaintiff FDIC ultimately decided, for whatever reason or reasons, not to depose him. Plaintiffs cannot now reopen the discovery period to conduct the depositions that could have been, and conceivably should have been, taken.

In short, defendant complied with discovery procedures and plaintiffs knew that Mr. Southerland possessed potentially relevant information. For their own reasons they neglected to

depose him. There has hence been no violation of the discovery rules and no grounds for the remedies sought by plaintiffs. Accordingly, the motions to strike, and alternative motions to reopen discovery, are denied.

LOREN A. SMITH
SENIOR JUDGE