# Exhibit 2

Davidson, J
Firehock, G

# In the United States Court of Federal Claims

O. BRUTON SMITH and BILL SMITH,

and

FEDERAL DEPOSIT INSURANCE CORPORATION, as Successor to the Rights of North Carolina Federal Savings and Loan Association,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 92-540 C

Filed: DEC 08 2000

FILED
DEC 8 2000
U.S. COURT OF FEDERAL CLAIMS

## ORDER

Both private plaintiffs and plaintiff FDIC have filed motions to strike the declaration of R.A. Southerland and references to it from defendant's motion for summary judgment and motion to dismiss. Alternatively, the plaintiffs request that discovery be reopened solely relating to Mr. Southerland and to permit the plaintiffs to supplement their responses to defendant's motion.

The court denies the motions to strike, as well as the alternative motions to reopen discovery regarding Mr. Southerland. Critical to the court's decision is the following: it is obvious that Mr. Southerland, as the President of Carolina Federal, one of the merging institutions, was conceivably a person with relevant information; defendant's responses to the discovery requests of both plaintiff FDIC and the private plaintiffs complied with the rules; plaintiff FDIC obviously recognized the possible importance of Mr. Southerland because it noticed him for deposition; and, plaintiff FDIC ultimately decided, for whatever reason or reasons, not to depose him. Plaintiffs cannot now reopen the discovery period to conduct the depositions that could have been, and conceivably should have been, taken.

In short, defendant complied with discovery procedures and plaintiffs knew that Mr. Southerland possessed potentially relevant information. For their own reasons they neglected to

depose him. There has hence been no violation of the discovery rules and no grounds for the remedies sought by plaintiffs. Accordingly, the motions to strike, and alternative motions to reopen discovery, are denied.

LOREN A. SMITH
SENIOR JUDGE