# In the United States Court of Federal Claims

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>Filed November 9, 2007 |

**ORDER**

Plaintiffs have moved for leave to take the deposition of Philip Gerbick. Plaintiffs' Motion for Leave to Take the Deposition of Defendant's Intended Trial Witness Philip Gerbick ("Pls.' Mot.") (docket entry 413). Mr. Gerbick appears on defendant's witness list for trial as a "witness[] defendant will call at trial," and he appeared on defendant's initial disclosures. Docket Entry No. 410 at 2, 5-6; Defendant's Opposition to Plaintiffs' Motion to Depose Philip Gerbick ("Def.'s Opp."), Exh. 1 at 5. Despite these disclosures, Mr. Gerbick has not been deposed before in this litigation, and plaintiffs assert that he is the only witness appearing on either side's list of "will call" witnesses who has not given a deposition. Pls.' Mot. at 1. Although plaintiffs' failure to depose Mr. Gerbick during the discovery period appears to be attributable to their own mistake, rather than to any misbehavior by defendant, the Court believes that, in the interest of justice, plaintiffs should have an opportunity to depose Mr. Gerbick. Therefore, for the reasons discussed more fully below, the Court **GRANTS** plaintiffs' motion.

First, and most importantly, the Court believes that its ultimate decisions in this case will be helped by a trial in which all important issues, including witness credibility, are adequately explored. This process would be greatly assisted by permitting the cross-examination of witnesses to be informed by depositions of those witnesses. For this reason, the Court is reluctant to deny plaintiffs the opportunity to depose Mr. Gerbick simply because they have asked to do so after a formal discovery deadline has passed.

Defendant argues, though, that this court's rules prohibit parties from taking depositions of previously-disclosed witnesses after the close of discovery. As support for this proposition, defendant cites paragraph 13(b) of Appendix A to the Rules of the Court of Federal Claims ("RCFC"), arguing that this rule "permits a deposition *only* where a witness's identity 'has not been previously disclosed.'" Def.'s Opp. at 2 (emphasis added). In the Court's view, this interpretation is unwarranted. Paragraph 13(b) merely requires the Court to allow discovery of previously-undisclosed witnesses who turn up for the first time on a party's witness list; it does not foreclose the possibility of permitting discovery of previously-disclosed witnesses who appear on a witness list.

That defendant's reliance upon paragraph 13(b) of Appendix A to the RCFC is unwarranted is demonstrated by the court's holding in *Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 101-02 (2004). In *Globe*, the court allowed a deposition to go forward after witness lists were exchanged even though the person being deposed had been disclosed six years earlier in the plaintiff's initial disclosures. Had paragraph 13(b) absolutely prohibited late depositions of previously-disclosed witnesses, allowing such a deposition would have been impossible. Therefore, because the court allowed the deposition to go forward in *Globe*, paragraph 13(b) must not categorically preclude post-witness-list depositions of previously-disclosed witnesses.

Defendant's reliance on Judge Smith's December 8, 2000 order in *Smith v. United States* is similarly misplaced. There, the court refused to re-open discovery to permit the deposition of a previously-identified witness, just as defendant asks the Court to do here. But in *Smith*, the witness had not merely been identified as one of many people with discoverable information in a party's initial disclosures. Rather, he was well-known to the plaintiff who sought to take his deposition, which was evident from the fact that one of the plaintiffs had actually noticed him for a deposition during the discovery phase and had opted not to take his deposition at that time. Def.'s Opp., Exh. 2 at 1. Such is not the case here. None of the information before the Court suggests that plaintiffs have been made aware of Mr. Gerbick at any point since he was listed as one of 39 people with discoverable information in defendant's September 20, 1999 initial disclosures. The situation here is sufficiently dissimilar from that in *Smith* that the Court concludes that Judge Smith's order is inapposite here.

Although the Court is allowing Mr. Gerbick's deposition to go forward, this does not mean that plaintiffs have free rein to impose their schedule on Mr. Gerbick. As defendant suggests, plaintiffs' failure to depose Mr. Gerbick is no one's fault but their own, and Mr. Gerbick is apparently a very busy man. The parties are urged to cooperate to ensure that Mr. Gerbick's deposition occurs with as little disruption to his schedule as possible. To that end, the Court appreciates plaintiffs' suggestion that the deposition can take place in Chicago in the near future or in Washington during the trial of this matter. If the parties are unable to agree on an appropriate time and place for the deposition, the Court will, reluctantly, impose a solution.

For the reasons discussed above, plaintiffs' motion to depose Philip Gerbick is **GRANTED**. The parties shall confer with a view toward reaching agreement on the most convenient time and place for the deposition.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge