IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, co-executor of the<br>ESTATE OF HOWARD R. ROSS,<br>AND FIRST BANK,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>(Judge George W. Miller) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE FROM TRIAL THE DEPOSITION TRANSCRIPTS AND HEARSAY DECLARATIONS THAT DEFENDANT INTENDS TO PRESENT AS SUBSTANTIVE EVIDENCE**

Defendant, the United States, respectfully opposes the motion in limine of plaintiffs Homer J. Holland, the estate of Howard R. Ross, and First Bank to exclude from trial the deposition transcripts and declarations labeled DX 1367-94, 1407-13, 1421-31, 1446-49, 1451-57, 1462-66, 1471, 1474-76, 1482-83, 1487-88, 1493-96, 1533, 1544-54, and 1556 on our exhibit list filed October 25, 2007. We will withdraw the declaration of Homer J. Holland (DX 1481) from our exhibit list. Plaintiffs have separately moved to exclude one of these exhibits, DX 1452, the declaration of Nicholas C. Wilson, in a motion in limine filed November 5, 2007. Our response to plaintiffs' arguments to exclude the Wilson declaration is set forth in our opposition to their separate motion in limine.

Plaintiffs seek to exclude from trial the deposition testimony of various River Valley officers and other plaintiff-affiliated witnesses, including Ron Seib, Chief Financial Officer and executive vice president of the River Valley thrifts (DX 1367); John W. Rose, a shareholder of

WCHI and a senior vice president and director of SAFSB (DX 1367); Ronald M. Pikus, a senior vice president and later president and Chief Executive Officer at River Valley and a director at WCHI (DX 1368 and 1369); Allen H. Blake, President and Chief Executive Officer of First Banks, Inc. (DX 1370); Homer J. Holland, president, Chief Executive Officer, and vice chairman of the River Valley thrifts, and an expert for the plaintiffs (DX 1373, 1374, 1375, 1380, 1411, 1412, 1413, 1464, 1465, 1466, 1487, 1488); Steven Bangert, a President and Chief Executive Officer of the River Valley thrifts (DX 1376 and 1377); Howard R. Ross, chairman of the board of the River Valley thrifts and a shareholder of the thrifts and RVHI (DX 1378, 1379); C. Bryan Daniels, a lending officer at American National Bank (DX 1389); Frank O'Connor, a certified public accountant and tax partner at KPMG in Chicago (DX 1392); Susan Vranes Ells, an assistant portfolio manager, vice president, and senior vice president in charge of the River Valley capital markets group (DX 1393); David Olson, an investment banker at Donaldson, Lufkin & Jenrette who was involved with the acquisition of River Valley by First Bank (DX 1394); Neil B. Murphy, Ph.D., one of plaintiffs' experts (DX 1407, 1408); S. Lynn Stokes, one of plaintiffs' experts (DX 1409, 1410); Nicholas C. Wilson, an investment banker employed by Lawrence Barr & Co., which valued River Valley's common stock and preferred stock as of July 1988 (DX 1483); Richard J. Dalton, an officer of River Valley and SAFSB (DX 1549); Penelope J. Holland, a member of River Valley's Board (DX 1551); Mark Kipnis, Secretary and a director of the River Valley thrifts (DX 1553); and James Dierberg, Chief Executive Officer and Chairman of the Board of First Bank, Inc. (DX 1556). Plaintiffs have also moved to exclude the deposition testimony of Government-affiliated witnesses, including Ronald N. Karr, a regional director of the Office of Thrift Supervision ("OTS") in Chicago (DX 1371, 1533, 1552); Leo B.

Blaber, a Principal Supervisory Agent of the Federal Home Loan Bank in Chicago (DX 1381, 1382); Larry Ferries, an OTS Field Supervisor in the OTS's Chicago office (DX 1383, 1386); Michael Jaski, a financial analyst at the Federal Home Loan Bank in Chicago (DX 1384); Diana Januska, a supervisory analyst and financial analyst at the Federal Home Loan Bank in Chicago (DX 1385); Philip Mento, who worked in the financial assistance division and mergers and acquisition division of the FSLIC, then worked at the Resolution Trust Corporation ("RTC") (DX 1387); Herbert J. Held, a Regional Director of the Mergers and Acquisitions Division of the FSLIC, based in Chicago (DX 1388); Helen K. Mirza, a supervisory agent and Vice-President of mergers and acquisitions at the Federal Home Loan Bank of Chicago between 1986 and 1989 (DX 1390 and 1391); Paul A. Griffin, an expert witness (DX 1421, 1422, 1423, 1471, 1550); W. Barefoot Bankhead, an expert witness (DX 1424, 1425, 1426, 1427, 1494, 1544, 1545, 1546); Andrew S. Carron, an expert witness (DX 1428, 1429, 1430, 1431, 1493, 1547, 1548); Gary J. Curtin, a thrift examiner at the OTS (DX 1446); J. Peter Madson, an FDIC field supervisor (DX 1447); J. Richard Earle, a Regional Director of the Mergers and Acquisitions Division of the FHLBB and later Director of this division (DX 1448); John Rada, Jr., an FDIC bank examiner (DX 1449); Dean M. Morse, a capital markets specialist at the FDIC (DX 1451); Lawrence A. Kenny, a capital markets examiner at the OTS (DX 1453 and 1457); James A. Meyer, a financial analyst and supervisor at the Financial Assistance Division of the FSLIC and subsequently the FDIC (DX 1454); James M. Wright, Department Head for Loans and Other Assets for the RTC in San Antonio, Texas (DX 1456); Anjun V. Thakor, Ph.D., an expert witness (DX 1495 and 1496); and Lynda Plye, Director of Corporate Activities in the Office of Regulatory Policy and Oversight of the Federal Home Loan Bank Board (DX 1554).

Plaintiffs also seek to exclude from trial two declarations of Allen Blake dated April 4, 2005 (DX 1462 and 1463); the November 29, 2005 declaration of Herbert J. Held (DX 1474); the November 29, 2005 declaration of J. Richard Earle (DX 1475); the November 30, 2005 declaration of Helen K. Mirza (DX 1476); and a February 14, 2006 declaration of Charles A. Fulton, Counsel at the Thrift Agreement Administration and Oversight Section of the FDIC in 1991 (DX 1482).

It would be premature to exclude from our exhibit list documents that we intend to use or may use for the purposes of impeachment, rehabilitation, rebuttal, or refreshing recollection. The use of these prior statements at trial will depend upon the testimony that is sought, and that which proves to be available, at trial. The potential uses are many. For example, prior inconsistent and consistent statements may be admissible, not as hearsay, but as substantive evidence. See Federal Rule of Evidence ("FRE") 801(d)(1)(A) and (B); Bell v. City of Milwaukee, 746 F.2d 1205, 1274 (7th Cir. 1984) (adoption of prior statement defeats hearsay argument), overruled on other grounds by Russ v. Watts, 414 F.3d 783 (7th Cir. 2005). Moreover, under FRE 801(d)(1)(B), prior consistent statements in these deposition transcripts and declarations may be offered for the purpose of rehabilitation. See United States v. Simonelli, 237 F.3d 19, 27 (1st Cir. 2001). We may also use prior inconsistent statements in these deposition transcripts and declarations for impeachment under FRE 801(c). Further, if a witness's recollection proves insufficient at trial, the witness's deposition or declaration may be admissible as a prior recollection recorded. See FRE 803(5). In addition, under FRE 801(d)(1), we may use prior inconsistent statements in the deposition transcripts as substantive evidence.

Furthermore, DX 1462 and 1463, the declarations by Allen Blake, an employee of First Bank, a plaintiff, are admissible by the Government as party admissions under FRE 801(d)(2)(D). While not specifically covered by FRE 803 or 804, the Blake, Held, Earle, Mirza, and Fulton declarations may be admissible under FRE 807 due to their "equivalent circumstantial guarantees of trustworthiness[.]" FRE 807. See Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 113 (3d Cir. 2001).

Finally, to the extent that the Court would require that a document be disclosed upon an exhibit list prior to its use – whether as substantive evidence, for rehabilitation, or simply to refresh recollection – such a requirement would provide another reason not to exclude the deposition transcripts and declarations listed above. The Court, therefore, should not require removal of these exhibits from our exhibit list.

**CONCLUSION**

For the reasons set forth above, we respectfully request that plaintiffs' motion in limine be denied.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:

SCOTT D. AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
BRIAN A. MIZOGUCHI
AMANDA L. TANTUM
JOHN J. TODOR
SAMEER YERAWADEKAR
Trial Attorneys
Department of Justice

November 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE FROM TRIAL THE DEPOSITION TRANSCRIPTS AND HEARSAY DECLARATIONS THAT DEFENDANT INTENDS TO PRESENT AS SUBSTANTIVE EVIDENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
John H. Roberson