**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER J. HOLLAND, STEVEN BANGERT, co-executor of the ESTATE OF HOWARD R. ROSS, AND FIRST BANK | ) | |
| Plaintiffs, | ) | No. 95-524 C |
| v. | ) | (Judge G. Miller) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S "MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DR. NEIL MURPHY RELATING TO PLAINTIFFS' NEW DAMAGE CLAIM"**

Dr. Neil Murphy's analysis of the government's own pre- and post-breach assessments of the value of the preferred stock River Valley issued FSLIC shows that River Valley's overall economic value declined by $21.846 million around the time of the breach. If the Court deems the breach a substantial factor in causing that entire loss — an issue of fact the Court must decide based on the evidence to be presented at trial — then plaintiffs are entitled to recover the full amount. If the Court rules instead that non-breaching factors caused River Valley to lose some portion of the $21.846 million and that the total loss must be apportioned in computing damages, then plaintiffs would perform a straightforward allocation, as we explained in our memorandum of contentions, which (but for correcting a mathematical error) performs the same calculation we described in our March 20 brief.

In either event, plaintiffs' damages analysis must begin with Dr. Murphy's calculation of the entire $21.846 million loss — in order to apportion the $21.846 million loss among various purported causes one must first compute the $21.846 million loss. The defendant does not

challenge plaintiffs' entitlement to seek damages based on an apportionment of the total $21.846 million loss, and therefore does not seek to exclude *any* of Dr. Murphy's calculations or, apparently, to limit Dr. Murphy's testimony in any way.

Thus, although the defendant styles its motion as one *in limine*, in substance the defendant asks this Court to rule — before the trial even starts — on an ultimate question of causation: whether Defendant's breach of contract was a substantial factor in causing River Valley's economic value to decline by $21.846 million, as the government's own analyses show it did. Defendant's motion is premature and inappropriate. All argument on issues of causation in this case should await the presentation of evidence at trial.

## I. No Rule of Evidence or Procedure Bars Dr. Murphy's Testimony

"A motion *in limine* is a preliminary motion that serves a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly would be inadmissible for any purpose."[1] Though "a useful tool," "care must be exercised to avoid indiscriminate application of [a motion *in limine*] lest parties be prevented from even trying to prove their contentions."[2] The motion *in limine* is not ordinarily employed to choke off an entire claim or defense.[3] Here, Defendant does not actually seek to bar any testimony "inadmissible" under the Federal Rules of Evidence or Court of Federal Claims Rules. Rather, Defendant improperly seeks to engage the Court -- before trial -- on the merits of Plaintiffs' lost value damages claim.

---

[1] *PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 469 (2006) (citing *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

[2] *Lewis v. Buena Vista Mutual Insurance Ass'n*, 183 N.W.2d 198, 200 (Iowa 1971).

[3] *Id.* at 201.

Defendant suggests that Dr. Murphy is planning to provide new expert analysis, but that is simply not the case: Dr. Murphy will testify on the same subject and provide the same lost equity value damages analysis as contained in his 2001 and 2002 expert reports (PX 606 and PX 607).[4] Defendant has been on notice of Dr. Murphy's lost value damages analysis for several years. It has not changed. Accordingly, there is no merit in Defendant's argument that Plaintiffs were required to provide any supplemental disclosure under Court of Federal Claims Rule 26(e) concerning Dr. Murphy's trial testimony.

The issue whether the entire amount of the loss ($21.846 million)[5] calculated by Dr. Murphy was *caused* by Defendant's breach is a fact question for the Court, and is not the subject of any new expert analysis by Dr. Murphy. As Defendant points out, plaintiffs can easily show the amount of lost value damages attributable to the loss of $20 million in contract capital — excluding any impact based on the loss of the $5 million of FSLIC preferred stock that this Court has ruled to be non-contractual[6] — and the defendant has not sought to preclude Dr. Murphy from performing this straightforward math exercise in his testimony.[7]

## II. <u>Defendant's "Windfall" Argument Misstates the Law</u>

Defendant further contends that Dr. Murphy's testimony is "irrelevant," because his calculation of River Valley's lost value damages includes an amount that would provide a "windfall" to Plaintiffs, and is thus "barred by law."[8] This argument is based upon a mischaracterization of the law of damages causation in this Circuit.

---

[4] *See* Pl's Mem. of Contentions of Fact and Law at ¶¶ 157-166; Def.'s Motion *In Limine* at 1-2 (describing Dr. Murphy's analysis).

[5] *See* Pl's Mem. of Contentions of Fact and Law at ¶ 168.

[6] *See id.*

[7] *See generally* Def.'s Motion *In Limine*.

[8] *See* Def.'s Motion *In Limine* at 7.

In *Citizens Federal*, the Federal Circuit endorsed this Court's application of the substantial factor test for resolving the issue of damages causation in a breach of contract case.[9] Specifically, the Federal Circuit approved this Court's ruling that "the proper standard for determining whether the government's breach of contract caused [a *Winstar* plaintiff's] damages was whether the breach was a substantial factor in causing the damages *rather than, as the government urged*, whether the damages were attributable to and resulted entirely from the breach."[10]

In that case, as here, the government argued that multiple causes -- including a loss of capital disqualified by FIRREA but not contractually promised by the government — were responsible for the plaintiff's damages, and that this circumstance rendered unrecoverable any amount of damages attributable to non-breaching provisions of FIRREA.[11] This Court disagreed, ruling that "the fact that there may have been multiple causes for [the plaintiff's damages] is immaterial," and "did not destroy causation," because the breach was a substantial factor in bringing about the plaintiff's damages.[12] The Federal Circuit upheld this ruling.[13]

*Citizens Federal* controls the issue of causation here, and establishes a direct precedent for awarding First Bank damages substantially caused by River Valley's loss of contract capital -- even should the Court find that River Valley's loss of the non-contractual FSLIC preferred stock capital concurrently contributed to those damages. Such an award would not provide First Bank with a "windfall," but rather, would reflect this Court's factual finding, based on the trial

[9] *Citizens Federal Bank, FSB v. United States*, 474 F.3d 1314, 1317-20 (Fed. Cir. 2007).
[10] *Id.* at 1317-18 (emphasis added).
[11] *Citizens Federal Bank, FSB v. United States,* 59 Fed. Cl. 507, 514-16 (2003).
[12] *Id.* at 516.
[13] *Citizens Federal*, 474 F.3d at 1318-20.

evidence, that Defendant's breach was a substantial factor, perhaps among others, causing River Valley's equity value to decline. Indeed, the "windfall" analysis that Defendant urges the Court to adopt is irreconcilable with the result in *Citizens Federal*, and would turn the substantial factor test on its head. In *Citizens Federal*, this Court recognized evidence that attributed at least a portion of plaintiffs' damages to the non-breaching provisions of FIRREA.[14] Nevertheless, after ruling that the breach was a substantial factor in causing the plaintiff's damages -- forcing the plaintiff to raise replacement capital at great cost -- this Court awarded the plaintiff all recoverable costs associated with raising that replacement capital, and did not discount the plaintiff's award by the costs that might have been attributable in some way to the loss of non-contractual capital.[15] The Federal Circuit approved that award, and did not find that the plaintiff achieved a "windfall."[16]

Furthermore, the Restatement comment Defendant cites relating to "partial performance" has no application here, and bears no relationship to Dr. Murphy's lost value analysis.[17] Plaintiffs agree that their damages "must be limited to those damages caused by the breach."[18] But under Federal Circuit precedent, that question of causation — whether the breach was a substantial factor in causing Plaintiffs' lost value damages — depends on a factual finding by this Court based on the trial evidence, and is not the appropriate subject for a motion *in limine*. Accordingly, Defendant's motion *in limine* should be denied.

---

[14] 59 Fed. Cl. at 516.

[15] *See Citizens Federal Bank, FSB v. United States*, 66 Fed. Cl. 179 (2005).

[16] *Citizens Federal*, 474 F.3d at 1318-20.

[17] *See* Def.'s Motion *in Limine* at 6 (quoting Restatement (Second) of Contracts § 347, cmt. b).

[18] *See* Def.'s Motion *in Limine* at 6.

Respectfully submitted,

/s/ David B. Bergman
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: November 15, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of November 2007, I caused the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S "MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DR. NEIL MURPHY RELATING TO PLAINTIFFS' NEW DAMAGE CLAIM**" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: November 15, 2007 /s/ Joshua P. Wilson
Joshua P. Wilson