IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOMER J. HOLLAND,<br>HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Case No. 95-524C<br><br>(Judge George W. Miller)<br><br>(Winstar-Related Case) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DR. NEIL MURPHY RELATING TO PLAINTIFFS' NEW DAMAGE CLAIM**

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply brief in support of its motion to exclude from evidence the testimony of plaintiffs' identified expert, Dr. Neil Murphy.

## INTRODUCTION

In our initial brief, we explained that plaintiffs had, at the last minute, announced their intention to inflate their "lost value" damage claim to $21.846 million. This claim includes damages which plaintiffs asserted were incurred as a result of the loss of $5 million in preferred stock. This Court, however, has held that the $5 million in preferred stock was not a component of the contract in this case, and plaintiffs, in response to the Court's Order, reduced their damage claim from $21.8 million to $17.4 million. Put another way, plaintiffs acknowledged that $4.4 million of their damage claim were damages unrelated to the contract in this case. On the eve of trial, however, plaintiffs have attempted to add back the $4.4 million in damages related to the loss of non-contractual capital. We have moved to exclude the testimony of Dr. Murphy as it

relates to plaintiffs' "lost value" claim, as it includes damages that plaintiffs admit are unrelated to the breach, and, if adopted by this Court, would provide plaintiffs a windfall damage award.

Plaintiffs' response is predicated upon the novel idea that, if the Court determines that the breach was a "substantial factor" in causing plaintiffs' harm, the long-held prohibition against windfall damage awards should not apply, and a damages award should not be reduced by those damages caused by non-breach related factors. As support, plaintiffs invoke the Federal Circuit's opinion in Citizens Fed. Bank v. United States, 474 F.3d 1314, 1318 (Fed. Cir. 2007) ("Citizens"). Plaintiffs' reading of Citizens is misleading and is utterly without foundation: nowhere in Citizens did the court of appeals address, much less alter, the prohibition against windfall awards. Moreover, contrary to plaintiffs' interpretation of Citizens, neither this Court nor the court of appeals suggested that the application of a "substantial factor" test for causation permits a plaintiff to include in its damage quantum those damages caused by factors unrelated to the breach.

## ARGUMENT

Plaintiffs' response first seeks to deflect attention from its earlier sworn representations about its damage claim. To this end, plaintiffs posit an unnecessary inquiry: "[i]f the Court deems the breach a substantial factor in causing [the $21.846 million] loss – an issue of fact the Court must decide based on the evidence to be presented at trial – then plaintiffs are entitled to recover the full amount." Pl. Br. at 1. This statement neglects that no "evidence" need be presented at trial, as plaintiffs have admitted that $4.4 million of damages are unrelated to the breach of contract. Pl. Mot. for Leave to Revise and Supplement Their Damages Claims (Mar. 20, 2007) ("Mar. 20, 2007 Mot.") at 2 (reducing damages claim by $4.4 million because the

Court's ruling "requires a simple adjustment so that Plaintiffs may seek recovery for the loss in value caused to River Valley by the elimination of $20 million – instead of $25 million – in promised regulatory capital."). Plaintiffs' contention that "whether the entire amount of the loss ($21.846 million) calculated by Dr. Murphy was caused by Defendant's breach is a fact question for the Court . . . .", Pl. Br. at 3, disregards both the Court's Order that the loss of $5 million in preferred stock was not contractual, and plaintiffs' own prior sworn pleadings:

> The Court has ruled that $5 million (or 29.635%) of that $16.872 million in lost regulatory capital was not contractually promised. Thus, the loss of that $5 million (FSLIC preferred stock disqualified by the government for use as capital at River Valley I) cannot form the basis for a damages claim.

Mar. 20, 2007 Mot. at 2 (emphasis supplied).

Plaintiffs next err by their claim that "no rule of evidence or procedure bars Dr. Murphy's testimony." Pl. Br. at 2. Plaintiffs offer examples of what they deem to be appropriate uses of a motion in limine, but neglect to address the purpose cited in our brief – the need for the Court to "filter[] out irrelevant evidence and perform[] its function of simplifying issues for trial." Inslaw, Inc. v. United States, 35 Fed. Cl. 295, 303 (1996). Given that the Court has concluded that the $5 million in preferred stock is not contractual, the damages which flow from this amount are not relevant to a damage claim that can be presented by plaintiff, and should be excluded. See Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993) ("under the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."); see Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

Finally, plaintiffs contend that the Federal Circuit's analysis in Citizens can be applied here to the recovery of damages for events which are unrelated to the breach, even where that would result in a windfall award to plaintiffs. Pl. Br. at 3-5. Plaintiffs argue that in Citizens, this Court "recognized evidence" which "attributed at least a portion of plaintiffs' damages to the non-breaching provisions of FIRREA." Pl. Br. at 5. Plaintiffs then claim that this Court did not reduce the damage award by non-breach related costs, and that the Federal Circuit "approved that award, and did not find that the plaintiff achieved a "windfall." Id.

Plaintiffs' argument misconstrues both the legal holding in Citizens, as well as the arguments presented to this Court and the court of appeals in that case.

First, plaintiffs confuse two principles of contract damages: the first, articulated in Citizens, is that, when applying the "substantial factor" test, the presence of non-breach related factors will not preclude a party from pursuing contract damages. See Citizens, 474 F.3d at 1318 ("that a defendant that has breached a contract is liable for those damages the other party to the contract suffered for which the breach was a substantial factor in causing the damages.").

The second principle is that the Court must ensure that any damage award does not exceed the actual breach-related damages. Bluebonnet Sav. Bank, F.S.B. v. United States, 339 F.3d 1341, 1345 (Fed. Cir. 2003) ("Bluebonnet") ("the non-breaching party should not be placed in a better position through the award of damages than if there had been no breach.") (citing White v. Delta Constr. Int'l, Inc., 285 F.3d 1040, 1043 (Fed. Cir. 2002)). Indeed, in Energy Capital, which adopted the "substantial factor" test, and which was cited favorably in Citizens, 474 F.3d at 1317-18, the court of appeals concluded that "Energy Capital's [claimed lost] flowed directly from [the contract] and not from other independent and collateral undertakings." Energy

Capital, 302 F.3d at 1328 (internal quotations omitted, emphasis supplied). Further, in Bluebonnet, which the Citizens panel favorably invoked in support of its application of a "substantial factor" test, Citizens, 474 F.3d at 1319, the court of appeals asserted that, "[t]o derive the proper amount for the damages award, the costs resulting from the breach must be reduced by the costs, if any, that the plaintiffs would have experienced absent a breach." Bluebonnet, 339 F.3d at 1345. Thus, the court of appeals has consistently recognized that when applying a "substantial factor" test for causation, the amount of the award cannot include those damages caused by non-breach related factors.

Plaintiffs' misapprehension of the law of contract damages aside, they also mischaracterize the circumstances surrounding the discussion of the "substantial factor" test in Citizens in this Court and the court of appeals. First, plaintiffs suggest that the issue of a reduction in the quantum of damages was before this Court:

> this Court awarded the plaintiff all recoverable costs associated with raising that replacement capital, and did not discount the plaintiff's award by the costs that might have been attributable in some way to the loss of non-contractual capital.

Pl. Br. at 5.

Contrary to plaintiffs' suggestion, however, this Court in Citizens was not focused upon the quantum of damages when addressing the "substantial factor" test – rather, its discussion of the "substantial factor" test was directed at the "threshold issue" of "whether the breach caused the exchange offer, and whether multiple causes for the exchange destroyed causation or otherwise preclude summary judgment on the issue of whether Citizens may pursue its claims for the costs of capital replacement." Citizens Federal Bank, F.S.B. v. United States, 59 Fed. Cl.

507, 514 (2004); see also id. at 515 ("As a result, the Court finds that Plaintiffs may proceed to attempt to establish that the exchange offer was caused by the breaching provisions of FIRREA."). Contrary to plaintiffs' suggestion, this Court's discussion of the "substantial factor" test in Citizens neither discussed nor addressed the issue of windfall.

Similarly, plaintiffs incorrectly suggest that the Federal Circuit addressed the windfall issue. Plaintiffs write, "[t]he Federal Circuit approved that award, and did not find that the plaintiff achieved a 'windfall'." Pl. Br. at 5. Contrary to plaintiffs' suggestion, however, the court of appeals was not addressing the quantum of damages at that time. Instead, the court of appeals held that the trial court's finding that the breach was a "substantial factor" of the harm experienced by the thrift did not extinguish plaintiffs' damages claim: "The Court finds that Plaintiffs may proceed to attempt to establish that the exchange offer was caused by the breaching provisions of FIRREA." Citizens, 474 F.3d at 1318. Indeed, since the quantum of damages was not before the court of appeals in Citizens, there was no reason for that court to "find that the plaintiff achieved a 'windfall'" Pl. Br. at 5.

## CONCLUSION

The law of this Circuit is plain: "Courts should avoid bestowing an 'unfair windfall' on the plaintiff by compensating him or her above and beyond the losses suffered under the breached agreement." Hansen Bancorp, Inc. v. United States, 367 F.3d 1297, 1315 (Fed. Cir. 2004) (citations omitted). Plaintiffs seek to introduce, through Dr. Murphy, a damage claim which admittedly includes damages not caused by the breach. This claim is legally barred, and because Dr. Murphy's damage sum seeks relief which is barred by law, it is irrelevant to this litigation, and should be excluded pursuant to Federal Rule of Evidence 702.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640

Attorneys for Defendant

Of Counsel:

SCOTT D. AUSTIN
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
AMANDA L. TANTUM
JOHN J. TODOR
SAMEER YERAWADEKAR

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2007, a copy of "DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DR. NEIL MURPHY RELATING TO PLAINTIFFS' NEW DAMAGE CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson

John H. Roberson