**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, co-executor of the<br>ESTATE OF HOWARD R. ROSS,<br>AND FIRST BANK | ) | |
| Plaintiffs, | ) | No. 95-524 C |
| v. | ) | (Judge G. Miller) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF DX 1452, THE DECLARATION OF NICHOLAS C. WILSON**

Defendant fails to refute several critical facts fatal to the admissibility of DX 1492, the signed statement that Defendant has styled as the "declaration" of Nicholas Wilson:

- Mr. Wilson does not recall signing or attesting to the declaration. Wilson Dep. Tr. at 41 (Pl's Mot. *in limine* Exhibit B).
- Mr. Wilson does not remember composing the declaration, and "assumes," that the government actually authored the statements contained in the declaration. Wilson Dep. Tr. at 42 (Pl's Mot. *in limine* Exhibit B).
- Mr. Wilson was seriously ill and heavily medicated at the time he signed the declaration. Wilson Dep. Tr. at 21-23 (Pl's Mot. *in limine* Exhibit B).

Indeed, though Defendant argues in its opposition brief that "[t]he transcript of plaintiffs' examination of Mr. Wilson reveals that he does not assert that at the time he executed his

declaration he was heavily drugged or otherwise not mentally competent,"[1] the portion of Mr. Wilson's deposition transcript that Defendant cites in support of this proposition demonstrates the opposite: that "[t]here are many things that [Mr. Wilson does] not remember from 2004," that "at that time [he] was fairly heavily drugged" and "not feeling well" and that he "do[es] not recall anything" about the episode in which the government contacted him to procure his signature upon the declaration.[2] Based on this testimony alone, DX 1492 is unreliable and irrelevant, and thus inadmissible under Federal Rule of Evidence 402.

Mr. Wilson's statement that he "d[oes] not believe" he has "reason to doubt" that he agreed with the contents of the declaration at the time of its signing is a guess that does not enhance the document's reliability.[3] Mr. Wilson testified repeatedly that he does not "even remember signing any document," on February 25, 2004 -- let alone signing or attesting to the declaration -- and thus has no basis to affirm that he then intended to endorse the declaration's contents.[4] Furthermore, even in speculating that the declaration "appears to be one that I would have signed," Mr. Wilson states that "his thought processes were perhaps not running at 100 percent at the time" he signed it.[5]

Nor is it relevant to the declaration's admissibility that Mr. Wilson does not *now* disagree with the statements made therein. Plaintiffs have moved to exclude only the declaration -- not Mr. Wilson's appearance at trial, during which the Court can hear any current and admissible recitation Mr. Wilson might provide concerning the matters

---

[1] Def.'s Opp. Br. at 5 (emphasis in original) (citing Wilson Dep. Tr. (Feb. 15, 2006) at 21:13-22:5).
[2] *See id.* at Ex. A (Wilson Dep. Tr. at 22).
[3] *See* Def.'s Opp. Br. at 8 (quoting Wilson Dep. Tr. at 171).
[4] *See* Pl's Mot. *in limine* at 2-3.
[5] *See* Def.'s Opp. Br. at 7 (quoting Wilson Dep. Tr. at 169).

discussed in the declaration.

Independent of the questionable circumstances under which the Wilson declaration was procured, Defendant has not presented arguments that overcome the document's other evidentiary infirmities. Defendant does not dispute that the declaration constitutes hearsay, and points to no valid hearsay exception that would permit the declaration to be admitted as substantive trial evidence. Federal Rules of Evidence 801(d)(1)(A) & (B) are beside the point; these provisions allow only for the use of an out of court statement for impeachment or rebuttal purposes. Though Plaintiffs may object at trial to Defendant's particular use of the declaration as a "prior consistent" or "prior inconsistent" statement within the meaning of Rules 801(d)(1)(A) & (B), Plaintiffs have moved *in limine* to preclude Defendant from presenting the declaration for purposes other than impeachment or rebuttal.[6]

Neither do Rules 803(5) or 807 provide any basis for the declaration's admission. As appears from the declaration's face, the 1991 stock valuation discussed in the declaration hardly qualifies as a matter "fresh in [Mr. Wilson's] memory" in 2004: the declaration states throughout that Mr. Wilson "do[es] not recall [his] work at this time" and that he is "unable to recall from independent memory the details of [the] work" discussed in the declaration."[7] And given the circumstances surrounding the declaration's

---

[6] *See* Pl's Mot. *in limine* at 1; Def.'s Exhibit List dated Oct. 25, 2007 at 1 (identifying exhibits it "intends to offer at trial other than those to be used for impeachment or rebuttal").

[7] *See* DX 1492 at ¶¶ 4, 6; *see also Wolcher v. United States*, 200 F.2d 493, 496 (9th Cir. 1952) ("The recording, in 1948, of something said to have happened in 1943, was not sufficiently fresh and vivid to be probably accurate"); *TWN, Inc. v. Michel*, 131 P.3d 882, 888 n.7 (Utah Ct. App. 2006) ("it appears that no reported federal case has found a recollection to be fresh where it was recorded more than three years after the actual event").

signing, Defendant cannot seriously argue that DX 1492 satisfies Rule 807's prerequisite "circumstantial guarantees of trustworthiness," or that any statement in the declaration is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts."[8] Rather, this a classic case in which the hearsay rule was intended to apply -- to preclude the presentation of a dubious out-of-court statement in favor of requiring live testimony by the declarant on the same subject.[9]

Even if a valid hearsay exception applied, Defendant raises no argument why the declaration should not be excluded under Federal Rule of Evidence 602. As set forth in Plaintiffs' opening brief, the substance of the Wilson declaration is simply a series of post hoc "assumptions" and conjectures concerning a project that Mr. Wilson does not remember.[10] Mr. Wilson's knowledge as described in the declaration is limited to his interpretation of a draft letter which is missing a page and that Mr. Wilson "assume[s] that [he] drafted" even though he "do[es] not specifically recall that fact."[11] Further, Mr. Wilson can only assume and does not remember that the work described in the draft letter he references was actually completed, and is "unable to recall from independent memory [any of] the details concerning [his] work."[12] Accordingly, Mr. Wilson lacks the personal

---

[8] *See* Fed. R. Evid. 807; 2 McCormick on Evidence § 324 (6th ed.) (Rule 807 effectively imposes a "'best evidence' requirement … in the sense that where live testimony of the declarant is available and the out-of-court statement is not superior, the exception cannot be used").

[9] *See United States v. Wright*, 363 F.3d 237, 246 (3rd Cir. 2004) ("Rule 807 is to be used only rarely, and in exceptional circumstances and apples only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present.") (internal quotation marks omitted); *United States v. Sinclair*, 74 F.3d 753, 759-60 (7th Cir. 1996) (where declarant could have been subpoenaed and testified, hearsay was less probative and therefore inadmissible under the residual hearsay exception).

[10] *See* Pl's Mot. *in limine* at 3-4.

[11] *See* DX 1492 at 1-2 (Pl's Mot. *in limine* Exhibit A).

[12] *Id.*

knowledge necessary to testify to the matters discussed in the declaration, rendering DX 1492 inadmissible under Rule 602. For the same reason, the statements made in the declaration -- which are necessarily limited to the draft letter discussed -- fail "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without" them, and are therefore irrelevant and inadmissible under Federal Rules of Evidence 401 and 402.

For the foregoing reasons, this Court should grant Plaintiffs' motion to exclude DX 1492 from admission into evidence.

Respectfully submitted,

/s/ David B. Bergman

David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: November 21, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of November 2007, I caused the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF DX 1452, THE DECLARATION OF NICHOLAS C. WILSON** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: November 21, 2007 /s/ Joshua P. Wilson
Joshua P. Wilson