# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, co-executor of the<br>ESTATE OF HOWARD R. ROSS,<br>AND FIRST BANK | ) | |
| Plaintiffs, | ) | No. 95-524 C |
| v. | ) | (Judge G. Miller) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL THE DEPOSITION TRANSCRIPTS AND HEARSAY DECLARATIONS THAT DEFENDANT INTENDS TO PRESENT AS SUBSTANTIVE EVIDENCE

Defendant states in its opposition brief that Plaintiffs "seek to exclude from trial the deposition *testimony* of various River Valley officers" and "Government affiliated witnesses."[1] That is not correct. As described in their opening brief, Plaintiffs through their motion seek an order precluding Defendant from presenting certain exhibits -- the full-length deposition transcripts of apparently every witness deposed in this case, and several hearsay declarations -- as substantive evidence offered for the truth of the matters they assert.[2] The overwhelming majority of these exhibits constitute out-of-court statements that cannot be characterized as party admissions, and which do not satisfy any other hearsay exception that would permit their admission as substantive evidence. Further, Defendant has listed these documents on its exhibit list as exhibits that it "intend[s] to offer at trial *other than those to be used for impeachment or rebuttal*."[3]

[1] *See* Opp. to Mot. *in limine* at 1-2 (emphasis added).
[2] *See* Pl's Mot. *in limine* at 1-2.
[3] *See* Def.'s Exhibit List at 1 (emphasis added).

With respect to the entire set of the deposition transcripts Plaintiffs move to exclude in their motion, (DX exhibits 1367-94, 1407-13, 1421-31, 1446-49, 1451, 1453-55, 1464-66, 1471, 1483, 1487-88, 1493-96, 1533, 1544-54, 1556) Defendant effectively offers no response, contending only that "[i]t would be premature to exclude from [Defendant's] exhibit list documents that [Defendant] intend[s] to use or may use for purposes of impeachment, rebuttal, rehabilitation, or refreshing recollection."[4] That point is irrelevant. Though Plaintiffs reserve their right to object during trial to Defendant's use of any out-of-court statement for any improper purpose, Plaintiffs do not now move to exclude the use of these exhibits for the limited purposes Defendant describes. Because Defendant points to no valid hearsay exception that would permit the substantive admission of these deposition transcripts, this Court should order these exhibits barred from submission as evidence presented for the truth of the matters they assert.

Defendant also *concedes* that the Held, Earle, Mirza, and Fulton declarations (DX 1474-6 and 1482) do not meet any of the hearsay exceptions listed in Federal Rules of Evidence 803 or 804.[5] And though Defendant suggests obliquely that the catch-all Rule 807 hearsay exception "may" apply to overcome Plaintiffs' motion to bar the admission of these documents, Defendant does not elaborate on that point, offering without explanation that these documents have "circumstantial guarantees of trustworthiness."[6] In truth, these self-serving out-of-court statements made by government agents outside the presence of Plaintiffs' counsel and with no opportunity for cross-examination lack any "guarantee of trustworthiness" and constitute inadmissible hearsay.[7] This is particularly

[4] *See* Def.'s Opp. Br. at 4.
[5] *Id.* at 5.
[6] *Id.*
[7] *See* Exhibit 1 (Held, Earle, Mirza, and Fulton declarations).

true as respects the declaration of Mr. Fulton, who was never disclosed as a witness in this case, has never been deposed, will not appear at trial, and whose hearsay statements will never be subjected to any type of cross-examination.[8]

Further, the declarations of Held, Earle and Mirza (DX 1474-76) do not meet Rule 807's requirement that the statements subject to the exception be "more probative on the point for which [they] are offered than any other evidence which the proponent can procure through reasonable efforts."[9] "Th[at] requirement … has the effect of imposing a rough "best evidence" requirement on the [Rule 807] exception in the sense that where live testimony of the declarant is available and the out-of-court statement is not superior, the exception cannot be used."[10] All of these declarants are government agents that Defendant "will call" at trial,[11] and whatever relevant testimony Defendant expects them to provide must surely be at least as probative as the statements contained in their declarations.[12]

Plaintiffs withdraw their objection with respect to the Alan Blake declarations (DX 1462 and 1463) which Plaintiffs agree qualify as party admissions. Plaintiffs however expressly reserve their right to object to Defendant's use of these exhibits at trial in any manner inconsistent with the Federal Rules of Evidence.

---

[8] *See generally* Pl's Motion to Strike the Declaration of Charles Fulton dated March 3, 2006; *see also* 2 McCormick on Evidence § 324 (6th ed.) (identifying as factors "undermining [the] trustworthiness" of a hearsay statement for purposes of Rule 807 analysis the circumstances that a declarant was not "subject to cross-examination at the time the statement was made" and will not later be available for cross-examination at trial).
[9] *See* Fed. R. Evid. 807.
[10] 2 McCormick on Evidence § 324 (6th ed.).
[11] *See* Defendant's Witness List at 4, 6, 9.
[12] *See United States v. Sinclair*, 74 F.3d 753, 759-60 (7th Cir. 1996) (where declarant could have been subpoenaed and testified, hearsay was less probative and therefore inadmissible under the residual hearsay exception).

* * *

For the foregoing reasons, this Court should grant Plaintiffs' motion to bar from admission as substantive trial evidence DX exhibits 1367-94, 1407-13, 1421-31, 1446-49, 1451, 1453-55, 1464-66, 1471, 1474-76, 1482-83, 1487-88, 1493-96, 1533, 1544-54, 1556.

Respectfully submitted,

/s/ David B. Bergman
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: November 21, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of November 2007, I caused the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL THE DEPOSITION TRANSCRIPTS AND HEARSAY DECLARATIONS THAT DEFENDANT INTENDS TO PRESENT AS SUBSTANTIVE EVIDENCE** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: November 21, 2007 /s/ Joshua P. Wilson
Joshua P. Wilson