**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, Co-Executor of<br>the Estate of HOWARD R. ROSS,<br>and FIRST BANK<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 95-524 C<br><br>(Judge G. Miller) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE CORRECTED TRANSCRIPT DESIGNATIONS FOR THE JUNE 27, 2007 SESSION OF THE EXPERT DEPOSITION OF DR. HOMER HOLLAND**

With less than a week remaining until the commencement of trial, the Defendant seeks leave to withdraw its designation of dozens of excerpts of Dr. Holland's deposition transcript — comprising thousands of lines of testimony — and to replace them with new designations containing a comparably sized mass of verbiage to which Plaintiffs must respond. Plaintiffs have already expended considerable resources analyzing and, where appropriate, objecting to Defendant's original designations. To now be put to the burden of repeating that effort in the midst of our final trial preparation is highly unfortunate, burdensome, and prejudicial.

The Defendant could have and should have noticed the problem and corrected it prior to filing its designations on November 7. Although the Defendant claims to have relied on a *draft* transcript in selecting the passages to designate, the Defendant attached the *final* transcript to its motion to designate the testimony. Thus, a simple cross-check

would have revealed the problem to anyone familiar with the supposedly intended designations. Surely, moreover, the defendant should have realized the error immediately when it received our objections on November 20. We noted, for example, that many of the Defendant's designations were "so lacking in context as to be incomprehensible," that one "begins mid-sentence in videographer's commentary," that another "ends with identification of examining counsel" and that many "omit[] most of [the initial] question[s] [and/or final] response[s]."

But the Defendant neither alerted Plaintiffs of its error nor filed its motion for leave to submit a mass of new, purportedly corrected, designations until six days after we filed our objections. To be sure, the Thanksgiving holiday fell within that period, but had the Defendant corrected its error promptly — or at least apprised Plaintiffs of its intent to offer thousands of lines of replacement designations — Plaintiffs would have been in a position to use some of the intervening time to evaluate the newly designated material. Instead, Defendant's delay has left Plaintiffs in the position of either acceding to a request that will divert substantial resources away from our final trial preparation or opposing Defendant's request to correct what Plaintiffs have no reason to doubt was a simple and inadvertent — if highly unfortunate and burdensome — mistake.

Plaintiffs recognize the importance of resolving cases on the merits rather than on the basis of a procedural miscue, note that we have a request pending to correct certain non-substantive entries in one of our summary exhibits, state that we do not oppose defendant's request, and observe that a reciprocal accommodation would be appreciated.

Should the Court grant Defendant's motion, Plaintiffs would offer the following objections and cross-designations:

| Transcript Citation | Objection(s) and contingent cross-designations[1] |
|---|---|
| 6/27/07 Tr. 7:6-9, 8:19-12:18 | Objection(s): Omits material portion of relevant exchange;<br>Counter-designation: 7:17-8:18 |
| 6/27/07 Tr. 28:9-14 | Objection(s): Omits material portion of relevant exchange;<br>Counter-designation: 28:1-8 |
| 6/27/07 Tr. 32:17-36:9 | Objection(s): Irrelevant, seeks legal analysis and conclusions;<br>Counter-designation: None |
| 6/27/01 Tr. 55:10-19 | Objection(s): Omits question; omits most of answer; question was misleading in using term "cost of funds" when examiner apparently intended to ask about "cost of capital";<br>Counter-designation: 54:18-57:13. |
| 6/27/01 Tr. 58:4-62:9 | No objection. |
| 6/27/01 Tr. 63:18-64:4 and 66:2-68:11 | Objection(s): Omits material portion of relevant exchange;<br>Counter-designation: 62:10-68:11 |
| 6/27/07 Tr. 70:16-71:9 | No objection |
| 6/27/07 Tr. 71:19-72:18 | Objection(s): Irrelevant to any material issue; omits material portion of exchange;<br>Counter-designation: 72:19-73:15 |
| 6/27/07 Tr. 86:14-87:1 and 87:16-19 | Objection(s): Irrelevant to any material issue, beyond the scope of the deposition in seeking factual testimony and party representations in the course of an expert deposition, omits material portion of exchange;<br>Counter-designation: 87:3-15 |

[1] Plaintiffs preserve all objections that were stated on the record or that are preserved pursuant to the Court's Rules or any governing law. All of our cross designations are contingent on the Court granting the Defendant's motion to designate the corresponding excerpt notwithstanding our objections.

| | |
|---|---|
| Tr. 93:19-94:13, 95:3-97:14, 98:12-99:15 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 94:14-95:2, 97:15-98:11; |
| 6/27/07 Tr. 101:3-13 | Objection(s): Omits material portions of exchange; irrelevant to any material issue; exceeds proper scope of deposition in seeking fact testimony during expert deposition;<br>Counter-designation: 99:16-101:3; 101:14-102:9. |
| 6/27/07 Tr. 106:1-108:4, 108:10-15 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 105:7-105:22, 108:5-111:11 (with errata sheet correction of "litigation" to "mitigation" at 109:5). |
| 6/27/07 Tr. 122:13-16 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 121:17-122:12. |
| 6/27/07 Tr. 123:11-22 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 122:22-123:10. |
| 6/27/07 Tr. 125:3-126:3 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 124:1-125:2. |
| 6/27/07 Tr. 132:15-133:7 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 130:17-132:14. |
| 6/27/07 Tr. 135:9-136:9 | No objection. |
| 6/27/07 Tr. 148:9-20 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 148:21-152:21. |
| 6/27/07 Tr. 155:6-12, 156:12-158:7 | Objection(s): Omits material portions of exchange;<br>Counter-designation: 153:19-155:5, 155:13-156:11 |

| | |
|---|---|
| 6/27/07 Tr. 181:10-19 | Objection(s): Irrelevant to any material issue; omits material portions of exchange Counter-designation: 180:14-181:9, 181:20-182:2. |
| 6/27/07 Tr. 192:19-194:4 | Objection(s): Irrelevant to any material issue; omits material portions of exchange Counter-designation: 191:22-192:18. |
| 6/27/07 Tr. 199:21-200:4 | Objection(s): Omits material portions of exchange Counter-designation: 200:5-19. |
| 6/27/07 Tr. 205:16-207:9 | No objection. |
| 6/27/07 Tr. 214:2-13 | No objection. |
| 6/27/07 Tr. 215:9-218:13 | Objection(s): Omits material portions of exchange; portions relating to First Bank are irrelevant to any material issue; Counter-designation: 218:14-219:3. |
| 6/27/07 Tr. 220:7-12 | Objection(s): Omits material portions of exchange; Counter-designation: 219:11-220:6. |
| 6/27/07 Tr. 222:18-224:15 | Objection(s): Omits material portions of exchange; Counter-designation: 224:16-225:5, 282:21-286:8. |
| 6/27/07 Tr. 225:6-9 | No objection. |
| 6/27/07 Tr. 239:14-240:15 | No objection. |

Respectfully submitted,

/s/ David B. Bergman

David B. Bergman
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for Plaintiffs
Holland and Ross and First Bank

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: November 28, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of November 2007, I caused the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE CORRECTED TRANSCRIPT DESIGNATIONS FOR THE JUNE 27, 2007 SESSION OF THE EXPERT DEPOSITION OF DR. HOMER HOLLAND** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: November 28, 2007 /s/ Michael A. Johnson
Michael A. Johnson