11/6/07 Chi. Trib. 3
2007 WLNR 21890034

CHICAGO TRIBUNE
Copyright 2007 Chicago Tribune Company

**November 6, 2007**

Section: Business

# No retrial for Black; Kipnis gets 1 acquittal

Ameet Sachdev, Tribune staff reporter

Former press baron Conrad Black and three of his associates lost their request Monday for a new trial, as their sentencing date draws closer.

U.S. District Judge Amy St. Eve, who oversaw the 4-month trial, also declined to overturn the fraud convictions of the four men, with one exception. She acquitted **Mark Kipnis** , the former general counsel of Hollinger International Inc., of one count of mail fraud involving a scheme to defraud the company of $600,000.

In July, a jury convicted Black, Kipnis, former Hollinger Chief Financial Officer John Boultbee and former Executive Vice President Peter Atkinson of three counts of mail fraud involving a scheme to pocket millions of dollars from the sale of the company's U.S. and Canadian newspapers. The company, now known as Sun-Times Media Group Inc., was once one of the largest media companies in the world.

Black also was convicted of one count of obstruction of justice for impeding the investigation into the payments. But the jury acquitted Black of nine charges, including racketeering and tax fraud.

He faces a maximum of 35 years in prison, a maximum penalty of $1 million and possible forfeiture of property. Prosecutors have estimated Black's sentence may range from 15 to 20 years.

Prosecutors have estimated sentencing ranges of seven to 10 years for Boultbee and Atkinson. It was not immediately known how Kipnis' acquittal on one of three counts will affect his sentence. His attorney, Ronald Safer, said Kipnis is gratified that the judge concluded he is innocent of one of the charges.

Sentencing is set for Nov. 30.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

8/6/07 Bus. Wk. 36
2007 WLNR 15084457

BusinessWeek
Copyright 2007 The McGraw-Hill Companies, Inc., All rights reserved.

**August 6, 2007**

Volume 4045

Section: News & Insights: LEGAL AFFAIRS

# IN-HOUSE ATTORNEYS, WATCH YOUR STEP

The conviction of Conrad Black's corporate counsel sends a chilling message

Michael Orey

For most executives, a Chicago jury's decision on July 13 to convict former Hollinger International Inc. Chairman Conrad Black of fraud is a matter of curiosity, not concern. After all, the verdict matters little to managers who aren't busy ripping off their companies. But lawyers, particularly those employed by corporations, may find the results more troubling. That's because the same jury also convicted an in-house attorney--a comparatively rare event.

That attorney, **Mark Kipnis** , worked for Hollinger's U.S. unit in Chicago. By all accounts, he was a dedicated scrivener who followed orders while preparing a wide variety of documents. Among those transactions were the ones ultimately targeted by federal prosecutors: noncompete agreements connected with the sale of Hollinger publications that channeled millions directly into the pockets of Black and others. While Kipnis was charged as a participant in the fraud, he was never accused of helping conceive of it or of getting a penny of the payments. Essentially, Kipnis, 59, was charged as an enabler of deals he knew were crooked.

In most prosecutions of attorneys, the lawyer plays a more central role in the scheme than Kipnis did. Of 1,236 convictions obtained by a federal Corporate Fraud Task Force in the last five years, 23 were of corporate counsel. "There's a reluctance, usually, to go after lawyers," says George M. Cohen, a legal ethics expert at the University of Virginia School of Law. In part, he says, that's because it's hard to show that lawyers know all the details about the deals they work on.

For some observers, the Kipnis case sets disturbingly high expectations for in-house attorneys when it comes to recognizing when transactions are being used for corrupt purposes. Special-purpose entities like those used by Enron Corp. and noncompete deals like those in the Hollinger case can serve legitimate ends.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Corporate counselors have long argued that they should not be presumed to be omniscient simply because they drafted documents. "I think this jury essentially criminalized **Mark Kipnis**' negligence for failing to ask questions of his client, and I think it sends a very frightening message to corporate counsel," says Hugh Totten, a litigation partner at Perkins Coie in Chicago who observed much of the trial in order to provide commentary to the media.

'A REAL CHALLENGE'

Now 59, Kipnis joined Hollinger in 1998. Prosecutors alleged Black concocted a scheme to demand noncompete payments from buyers of Hollinger publications, and then he and others pocketed the money without telling the board. Kipnis' role in drafting the noncompetes was so extensive, says juror Tina Kadisak, that "we definitely came to the conclusion that he did know what was going on." But jurors also felt bad for him, she says. "He got himself into something and then couldn't find a way out."

Indeed, Kipnis' predicament captures why Stephen Gillers, a New York University School of Law ethics professor, calls the job of in-house attorney "the most ethically challenged position in the American legal profession." That's because the client is the corporation, but the counselor gets told what to do by executives. "They have to be aware of the risk that their bosses are violating a duty to their clients, and it's a real challenge, because you don't want to accuse your boss of illegal activity," Gillers says.

Kipnis, who hasn't been able to find work as a lawyer since leaving Hollinger (now Sun-Times Media Group Inc.) in 2003, operates a Sign-A-Rama franchise in suburban Chicago. His attorney, Ronald S. Safer, plans to ask the judge to overturn the jury's verdict. The only legitimate criticism of his client, Safer says, "is that he was not as diligent as he should have been in getting all the ins and outs of every one of these transactions before the audit committee." The fact a jury considered that criminal conduct, he says, "is a frightening thought."

Juror Kadisak says the verdict sends a different message: "As much as you need to follow directions and do your job, if something doesn't seem right to you, you have to speak up or not do it."

---- INDEX REFERENCES ----

COMPANY: INTERNORTH INC; NORTHERN NATURAL GAS CO; ENRON PREFERRED FUNDING II LP; AMERICAN PUBLISHING CO; SUN TIMES MEDIA GROUP INC; HNG INTERNORTH; ENRON CORP; HOLLINGER INTERNATIONAL INC

NEWS SUBJECT: (Crime (1CR87); Legal (1LE33); Social Issues (1SO05); Criminal Law (1CR79))

REGION: (USA (1US73); Americas (1AM92); Illinois (1IL01); North America (1NO39))

Language: EN

OTHER INDEXING: (ENRON CORP; FEDERAL CORPORATE FRAUD TASK FORCE; HOLLINGER; HOLLINGER INTERNATIONAL INC; NEW YORK UNIVERSITY SCHOOL; SIGN A RAMA; SUN TIMES

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.