# In the United States Court of Federal Claims

HOMER J. HOLLAND,
STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and
FIRST BANK,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 95-524C

Filed November 29, 2007

## PRETRIAL ORDER

The parties met with the Court on November 29, 2007 for the final pretrial conference. Having reviewed the parties' briefs and as a result of the discussion at the pretrial conference, the Court took the following actions:

1) The Court **GRANTED** Defendant's Motion for Leave to File Corrected Deposition Transcript Designations for the Deposition of Homer J. Holland Dated June 27, 2007 (# 443).

2) The Court **GRANTED** leave to file Plaintiffs' Corrected Exhibit List, and the Court also granted the plaintiffs' Motion for Leave to Correct Plaintiffs' Summary Exhibit 1171 (#444).

3) The Court gave defendant until **Wednesday, December 5, 2007**, within which to file its opposition to Plaintiffs' Motion to Quash Trial Subpoena Directed at Mark Kipnis (#446).

4) Defendant tendered a list for use in recording the offering and receipt into evidence of trial exhibits in accordance with paragraph 4 of the Court's preliminary pretrial order filed September 6, 2007 (#381). Plaintiffs indicated they would do likewise shortly.

5) In accordance with paragraph 9 of the Court's preliminary pretrial order, plaintiffs tendered a Statement Concerning Trial Witness Order and Expected Duration of Testimony (#448). In response to concerns raised by defendant, the Court stated that a party would not be required to call a witness live immediately after the conclusion of the reading of the witness's deposition into the record. Whether a party will be permitted to do so will be decided on a case-by-case basis after hearing from all parties.

6) With respect to paragraph 5 of the preliminary pretrial order, defendant proposed that the parties furnish the court reporter with a complete set of "stickered" exhibits at the conclusion of the trial rather than as each exhibit is offered or received in evidence. Plaintiffs were agreeable to that approach. In addition, the Court stated that at the end of each trial day it intended to read a list kept by the Court's law clerk of exhibits offered or received in evidence that day and would invite the parties to propose additions or corrections at that time.

7) With respect to the parties' motions in limine, the Court took the following action:

A) The Court **DENIED** Defendant's Motion in Limine to Preclude Expert Testimony Related to Three Undisclosed Damages Theories (#417) without prejudice to defendant's right to argue at trial that the theories in question do require testimony of an expert witness, and no such testimony was disclosed prior to trial.

B) The Court **DENIED** Defendant's Motion in Limine to Exclude The Testimony of Dr. Neil Murphy Relating to Plaintiffs' New Damage Claim (#418) without prejudice to defendant's right to argue at trial that some portion of the damages claimed by plaintiffs with respect to their loss of value theory was caused by actions that were not in breach of the contracts in question and is therefore not recoverable.

C) The Court **DENIED** Defendant's Motion in Limine to Preclude All Evidence Based on Any Lost Profits Claim (#421) without prejudice to defendant's right to argue at trial that testimony relating to a lost profits analysis, which plaintiffs contend may properly be offered in response to Dr. Thakor's criticism of Dr. Holland's retained earnings theory, requires testimony of an expert witness, and no such testimony was disclosed prior to trial.

D) The Court **DENIED** Plaintiffs' Motion in Limine to Preclude Admission of DX 1452, the Declaration of Nicholas C. Wilson (#422) without prejudice to plaintiffs' right to renew its objections should defendant offer the declaration of Mr. Wilson, DX 1452, in evidence at trial.

E) The Court **DENIED** Plaintiffs' Motion in Limine to Exclude From Trial the Deposition Transcripts And Hearsay Declarations That Defendant Intends to Present as Substantive Evidence (#423) without prejudice to plaintiffs' right to renew its objections should defendant offer the deposition transcripts or hearsay declarations in evidence at trial as substantive evidence or for purposes other than impeachment or rebuttal.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge