# EXHIBIT E

AUG-12-91 MON 15:17 P.02

SENT BY:FDIC ; 8-12-91 ; 16:25 ; LEGAL DIVISION→ ;# 2/28

**FDIC**
Federal Deposit Insurance Corporation
Washington, D.C. 20429

Thrift Agreement Administration
and Oversight Section - Legal Division

Writer's Direct Dial No. (202) 736-0304

Telecopier (202) 736-0382

River Valley Saving Bank, F.S.B.
c/o Holland Partners
200 Wacker Drive
Chicago, Illinois 60606
Attention: Homer J. Holland

AUG 12 1991

Holleb & Coff
55 East Monroe Street
Suite 4100
Chicago, Illinois 60603
Attention: Mark S. Kipnis, Esq.

Re: Settlement Agreement; Form of
Legal Opinion

Dear Sirs:

Please find enclosed a proposed Settlement Agreement between River Valley Savings Bank, F.S.B., et al., and the Federal Deposit Insurance Corporation as Manager of the FSLIC Resolution Fund. Also enclosed is a form of legal opinion on behalf of Holleb & Coff.

If you have any questions, please contact me at the above address.

Sincerely,

Charles A. Fulton
Counsel

DEFENDANT'S EXHIBIT
DX 586
Holland v. U.S. 95-524C



H&R-B56-00751
Confidential Material -
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0750

SETTLEMENT AGREEMENT

among

RIVER VALLEY SAVINGS BANK, F.S.B.

RIVER VALLEY SAVINGS BANK,

HOMER J. HOLLAND,

HOWARD R. ROSS

and

FEDERAL DEPOSIT INSURANCE CORPORATION

As Manager of the

FSLIC RESOLUTION FUND

Dated as of __________, 1991

TABLE OF CONTENTS

Page


Recitals........................................................

Section 1 Transactions to be Consummated at the Closing.......

(a) FRF Cash Payment...................................
(b) River Valley Federal Cash Payment..................

Section 2 Tax Benefits........................................

Section 3 Treatment of Special Reserve Accounts...............

Section 4 Audit...............................................

Section 5 Accord and Satisfaction.............................

Section 6 Conditions..........................................

(a) Accuracy of Representations and Warranties; Performance..............................
(b) Certified Resolutions..............................
(c) Incumbency Certificate.............................
(d) Legal Opinion......................................
(e) Proceedings........................................
(f) Approvals and Consents.............................

Section 7.1 Representations and Warranties of the River Valley Banks.........................

(a) Corporate Existence................................
(b) Due Authorization..................................
(c) Binding Agreement..................................
(d) Compliance with Law................................
(e) Compliance with Obligations........................
(f) Approvals and Consents.............................
(g) Litigation.........................................

Section 7.2 Representations and Warranties of the Manager.....

(a) Power and Authorization............................
(b) Binding Agreement..................................

Section 8 Miscellaneous.......................................

(a) Amendments.........................................
(b) Notices............................................
(c) Waiver.............................................
(d) Governing Law......................................
(e) Inseverability.....................................
(f) Successors and Assigns.............................
(g) Headings...........................................


H&R-B56-00753
Confidential Material -
Subject to Protective Order

(h) Entire Agreement....................................
(i) Exhibits....................................
(j) Specific Performance....................................
(k) Third Party Beneficiaries....................................
(l) Further Assurances....................................
(m) Execution in Counterparts....................................
(n) Costs and Expenses....................................
(o) Termination....................................

Signature Page....................................

Exhibits

Exhibit A -- Form of Legal Opinion



H&R-B56-00754
Confidential Material -
Subject to Protective Order

CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0753

SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement"), is entered into as of ______________, 1991, by and among the FEDERAL DEPOSIT INSURANCE CORPORATION (the "FDIC"), in its capacity as manager of the FSLIC Resolution Fund (the "FRF"), RIVER VALLEY SAVINGS BANK, F.S.B., Peoria, Illinois ("River Valley ~~Federal~~ Bank"), or ~~RIVER VALLEY SAVINGS BANK, Rock Falls, Illinois ("River Valley"),~~ HOMER J. HOLLAND, and HOWARD R. ROSS. ~~River Valley Federal and River Valley are referred to collectively herein as the "River Valley Banks"~~.

Recitals

A. River Valley ~~Federal~~ Bk, Homer J. Holland, Howard R. Ross, and the Federal Savings and Loan Insurance Corporation (the "FSLIC") entered into an assistance agreement, dated July 29, 1988, in connection with the FSLIC-assisted acquisition of Galva Federal Savings and Loan Association, Galva, Illinois, Mutual Savings and Loan Association, Canton, Illinois, and Home Federal Savings and Loan Association, Peoria, Illinois (the "Home Agreement").

B. River Valley and the FSLIC entered into an assistance agreement, dated July 29, 1988, in connection with the FSLIC-assisted acquisition of Republic Savings, A Federal Savings and Loan Association, South Beloit, Illinois (the "Republic Agreement").

C. River Valley Federal and the FSLIC entered into an assistance agreement, dated December 31, 1988, in connection with the FSLIC-assisted acquisition of Peoria Savings and Loan


H&R-B58-00755
Confidential Material -
Subject to Protective Order

CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0754

Association, Peoria, Illinois (the "Peoria Agreement"). The Home Agreement, the Republic Agreement, and the Peoria Agreement are referred to collectively herein as the "Assistance Agreements".

D. Section 11A(a)(1) of the Federal Deposit Insurance Act ("FDI Act"), 12 U.S.C. § 1821a(a)(1) (Supp. I 1989), established a separate fund designated as the FSLIC Resolution Fund to be managed by the FDIC and separately maintained and not commingled. The FDIC in its capacity as manager of the FRF is referred to herein as the "Manager". Pursuant to section 11A(a)(2) of the FDI Act, except as provided in section 21A of the Federal Home Loan Bank Act, 12 U.S.C. § 1441a (Supp. I 1989), all assets and liabilities of the FSLIC on the day before the date of the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 were transferred to the FRF. The Assistance Agreements and the rights and obligations of the FSLIC thereunder were transferred to the FRF pursuant to section 11A(a)(2) of the FDI Act.

E. The parties hereto wish to provide for the early termination of the Assistance Agreements on the terms set forth below.

NOW, THEREFORE, In consideration of the mutual promises and covenants contained herein, and of other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and, notwithstanding anything to the contrary under

the terms of the Assistance Agreements or any other related agreements, the parties hereby agree as follows:

Settlement Agreement

Section 1 Transactions to be Consummated at the Closing. The consummation of the transactions contemplated by this Settlement Agreement (hereinafter the "Closing") shall be effected as set forth below.

(a) River Valley Federal Cash Payment. At the Closing, in exchange for the performance by the Manager of its obligations under section 1(b) of this Settlement Agreement, River Valley shall pay to the Manager the sum of Fifty Thousand Dollars ($50,000) in lawful money of the United States of America (hereinafter the "River Valley Federal Cash Payment"). The River Valley Federal Cash Payment shall constitute full satisfaction of River Valley Federal's obligation to share tax benefits attributable to net operating losses under sections 3 and 7 of the Peoria Agreement and shall fully discharge River Valley Federal from any obligation or liability in connection therewith.

(b) FRF Cash Payment. At the Closing, subject to the conditions set forth in section 6 of this Settlement Agreement, and in exchange for the performance by River Valley Federal of its obligations under section 1(a) of this Settlement Agreement, the Manager shall pay to River Valley Federal the sum of Three Million, Two-Hundred Seventy-Six Thousand, Nine-Hundred Two Dollars and Ninety Cents ($3,276,902.90) in lawful money of the



H&R-B56-00757
Confidential Material -
Subject to Protective Order

CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0756

United States of America, by wire transfer of immediately available funds (hereinafter the "FRF Cash Payment"). River Valley Federal shall receive the FRF Cash Payment on behalf of each of the River Valley Banks and payment thereof by the Manager shall constitute a reimbursement to each of the River Valley Banks for purposes of section 2(a) of this Settlement Agreement. The parties hereto agree that the FRF Cash Payment shall constitute full satisfaction of any and all remaining payments or contributions due or to become due under the Assistance Agreements, and shall fully discharge the Manager and the FRF from any obligation or liability in connection therewith, including, without limitation, any obligation or liability with respect to (i) payments for capital losses, (ii) indemnifications for undisclosed liabilities, unreserved for claims, challenges to the transaction, and related claims, and (iii) claims for accrued but uncollected interest. In order to effectuate the River Valley Federal Cash Payment, the Manager may offset the amount of the FRF Cash Payment by the amount of the River Valley Federal Cash Payment ("Offset Amount"). Payment of the Offset Amount by the Manager shall constitute full satisfaction of River Valley Federal's obligations under section 1(a) of this Settlement Agreement.

Section 2 Tax Benefits.

(a) Relinquishment. In order to satisfy any and all obligations of the River Valley Banks to share tax benefits with

the FRF that are attributable to deductions for any loss or expense reimbursed or reimbursable by the FRF, pursuant to sections 3 and 9 of the Home Agreement and the Republic Agreement and sections 3 and 7 of the Peoria Agreement, each of the River Valley Banks hereby covenants and agrees that it shall not claim as a deduction on any federal or state tax returns any loss or expense for which it has been reimbursed, in whole or in part, by means of the FRF Cash Payment. Each of the River Valley Banks further covenants and agrees that it shall (1) reduce, for federal and state purposes, the tax basis of each asset that is a Covered Asset as defined in the Assistance Agreements, by amounts of the FRF Cash Payment stated in Exhibit II, (2) treat the reduction in basis, in its bad debt reserve, as a charge-off pursuant to Income Tax Regulation 1.166-2(d) or any amendment thereof, and (3) treat the FRF Cash Payment as a recovery of bad debts pursuant to Income Tax Regulation 1.593-7(c)(3) or any amendment thereof. It is agreed that the recovery of bad debts will neither adjust the tax basis of any asset nor create any asset. It is further agreed that such adjustment shall be reflected in the next federal and state tax returns filed by the River Valley Banks.

(b) Compliance.

(1) Each of the River Valley Banks hereby covenants and agrees that it shall cause the independent accounting firm that certifies its financial accounting

statements to certify annually, for a period of seven (7) years, in writing to the Manager, or any other agency of the federal government designated by the Manager, in such form and with such information as the Manager, or any other such designated agency may prescribe, that such bank has filed its federal and state tax returns in compliance with the requirements of this Settlement Agreement. In the event of any failure to make the foregoing certification as required, each of the River Valley Banks hereby covenants and agrees to pay the Manager penalties equivalent to those that could be imposed by the Internal Revenue Service (the "IRS") for failure to file federal tax returns as required pursuant to section 6651(a)(1) of the Internal Revenue Code of 1986 (the "IRC"), 26 U.S.C. § 6651(a)(1) (Supp. I 1989), or any amendments thereof. For purposes of assessing the penalties set forth in the preceding sentence, the amount of the River Valley Cash Payment shall be considered the amount of tax required to be shown on a return described in section 6651(a)(1) of the IRC.

(2) In order to assist the Manager or any other agency of the federal government designated by the Manager, in monitoring compliance with the requirements of Section 2 of this Settlement Agreement, each of the River Valley Banks hereby covenants and agrees that it shall provide the Manager, and any other agency of the federal government designated by the Manager, a copy of the federal and state tax returns, which reflect the adjustments described in Section 2(a) of this Settlement


H&R-B56-00760
Confidential Material - Subject to Protective Order


CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0759

Agreement, within 30 days after filing its federal and/or state tax returns. Each of the River Valley Banks further covenants and agrees that it shall provide the Manager, and any other agency of the federal government designated by the Manager, access to copies of its federal and state tax returns, amended tax returns, tax work papers, and other related documents for any tax year requested by the Manager or such other agency.

(3) Each of the River Valley Banks hereby covenants and agrees that, in the event that it claims any deduction that it has agreed to forego pursuant to section 2(a) of this Settlement Agreement, it shall pay to the Manager, or any other agency of the federal government designated by the Manager, an amount equivalent to the interest and penalties that could be imposed by the IRS if any tax benefits attributable to such deduction constituted an underpayment of federal taxes pursuant to sections 6601, 6621, 6622, and 6651(a)(3) of the IRC, 26 U.S.C. §§ 6601, 6621, 6622, and 6651(a)(3) (Supp. I 1989), or any amendments thereof.

Section 3 Treatment of Special Reserve Account. The River Valley Banks and the Manager hereby acknowledge and agree that the FRF Cash Payment includes amounts that otherwise would be debited to the respective Special Reserve Accounts of the Assistance Agreements (as defined therein) for the quarter ending July 31, 1991. The River Valley Banks and the Manager further agree that, if the Settlement Agreement is duly executed by all

H&R-B56-00761
Confidential Material -
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0760

parties on or before August 15, 1991, no debits shall be made to any of the respective Special Reserve Accounts of the Assistance Agreements for the quarter ending July 31, 1991, nor shall any quarterly reports for such quarter be submitted.

Section 4 Audit. Each of the River Valley Banks hereby agrees that, notwithstanding the termination of the Assistance Agreements pursuant to this Settlement Agreement, the Manager shall have the right to audit the River Valley Banks' books and records for 180 days after the Closing date hereunder and to make adjustments to (1) any amounts credited or debited to any of the respective Special Reserve Accounts of the Assistance Agreements and/or (2) any report, audit, or accounting document submitted pursuant to any of the Assistance Agreements, if it appears that such credit or debit or such report, audit, or accounting document is in error or has not been prepared in accordance with the accounting principles prescribed by the Assistance Agreements. Each of the River Valley Banks agrees to cooperate fully with the Manager in connection with any such audit. Upon expiration of the 180-day period described above, the River Valley Banks and the Manager agree to pay each other, as the case may be, any and all amounts that are determined to be due and owing as a result of the audit.

Section 5 Accord and Satisfaction. Except as otherwise specifically provided herein, performance by each party of its respective obligations under this Settlement Agreement shall

effect a complete accord and satisfaction of any and all obligations and liabilities of such party under the Assistance Agreements and, thenceforth, such party shall be fully discharged from any obligation or liability of any kind in connection therewith, including, without limitation, any and all actions, causes of action, suits, debts, sums of money, bonds, covenants, agreements, promises, damages, judgments, claims, and demands whatsoever, known or unknown, suspected or unsuspected, at law or in equity.

Section 6 Conditions. The obligations of the Manager under this Settlement Agreement are subject to the prior or contemporaneous satisfaction of each of the following conditions:

(a) Accuracy of Representations and Warranties; Performance. The representations and warranties of the River Valley Banks shall be true and correct on and as of the Closing date with the same effect as if made on and as of the Closing date and the River Valley Banks shall have performed or complied with all covenants, agreements, and conditions herein that they are required to perform or comply with on or prior to the Closing date.

(b) Certified Resolutions. The Manager shall have received a certificate from each of the River Valley Banks, signed by its respective corporate secretary and dated as of the Closing date, which shall certify that (1) its board of directors has duly adopted resolutions, copies of which shall be attached

to such certificate, (i) approving this Settlement Agreement and authorizing the consummation of the transactions contemplated herein and (ii) authorizing one or more of its officers to execute and deliver this Settlement Agreement; (2) all of such resolutions are in full force and effect; and (3) none of such resolutions has been amended or modified.

(c) Incumbency Certificate. The Manager shall have received a certificate from each of the River Valley Banks, signed by its respective corporate secretary and dated as of the Closing date, which shall certify as to each person executing this Settlement Agreement on its behalf that such person is an officer of such bank holding the office or offices specified therein and that the signature of each such person set forth on such certificate is his or her genuine signature.

(d) Legal Opinion. The Manager shall have received a signed opinion addressed to the Manager from the law firm of Holleb & Coff, Chicago, Illinois, dated the Closing date and substantially in the form of Exhibit A hereto, with such changes as the FDIC's Legal Division ("Legal Division") may approve.

(e) Proceedings. All corporate and other proceedings taken in connection with the transactions contemplated by this Settlement Agreement, and all documents incident thereto, including, without limitation, all documents referred to in section 6 of this Settlement Agreement, shall be satisfactory in form and substance to the Manager and the Legal Division, and the

H&R-B56-00764
Confidential Material -
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0763

Manager shall have received such counterpart originals or certified or other copies of such documents as the Manager may request.

(f) Approvals and Consents. The Manager shall have received satisfactory evidence that any and all governmental approvals or other third party consents have been given that may be required in connection with the execution, delivery, and performance of this Settlement Agreement by the River Valley Banks.

Section 7.1 Representations and Warranties of the River Valley Banks. To induce the Manager to enter into this Settlement Agreement and to consummate the transactions contemplated herein, each of the River Valley Banks makes the following representations and warranties to the Manager, all of which shall survive the execution and delivery of this Settlement Agreement and the consummation of such transactions:

(a) Corporate Existence.

(1) With respect to River Valley Federal, such bank is a stock savings bank duly organized, chartered, validly existing, and in good standing under the laws of the United States and has full power and authority to own and operate its properties and conduct its business as now conducted by it.

(2) With respect to River Valley, such bank is a stock savings bank duly organized, chartered, validly existing, and in good standing under the laws of the State of Illinois and has full power and authority to own and operate its properties and conduct its business as now conducted by it.

(b) Due Authorization. Such bank has full power and authority to execute and deliver this Settlement Agreement, and to perform its obligations hereunder, and it has taken all necessary action to authorize the execution, delivery, and performance of this Settlement Agreement.

(c) Binding Agreement. This Settlement Agreement has been duly executed and delivered by such bank, and, assuming due authorization, execution, and delivery by the other parties hereto, this Settlement Agreement is a legal, valid, and binding obligation of such bank, enforceable against such bank in accordance with its terms.

(d) Compliance with Law.

(1) Such bank is not, and its subsidiaries are not, in violation of any statute, regulation, order, decision,

H&R-B56-00766
Confidential Material -
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0765

judgment, or decree of, or any restriction imposed by, the United States of America, any state, municipality, or other political subdivision, or any agency of the foregoing, or any court or other competent tribunal having jurisdiction over such bank or its subsidiaries or any of their assets, or any foreign government or agency thereof having jurisdiction over such bank or its subsidiaries or any of their assets, or any securities exchange or securities quotation system on which such bank's or any of its subsidiaries' securities are listed or quoted, in respect of the conduct of their business or the ownership of their properties, which violation, either individually or in the aggregate with all such other violations, would materially and adversely affect such bank's ability to observe or perform the terms of this Settlement Agreement.

Aug
K
42M

(2) The execution, delivery, and performance by such bank of this Settlement Agreement will not violate or conflict with any provision of any applicable law or regulation, or any order, writ, judgment, or decree of any court or governmental authority.

(e) Compliance with Obligations.

(1) Such bank is not, and its subsidiaries are not, in violation or breach of or in default under any obligation, agreement, covenant, or condition contained in its articles of association or organization or bylaws or charter, and such bank is not, and its subsidiaries are not, in violation or

breach of or in default under any contract, lease or other instrument to which such bank or any of its subsidiaries is a party (or that is binding on it or any of its subsidiaries or on its assets or the assets of any of its subsidiaries), which violation, breach, or default, either individually or in the aggregate with all such other violations, breaches, and defaults, would affect materially and adversely such bank's ability to observe or perform the terms of this Settlement Agreement.

(2) The execution, delivery, and performance by such bank of this Settlement Agreement does not and will not (i) violate or conflict with any provision of the articles of association or organization, charter, or bylaws of such bank, (ii) result in a violation, breach of, or default under any contract, lease, or other instrument to which such bank is a party (or that is binding on it or any of its assets), or (iii) result in, or require the creation of, any lien on or security interest in any asset of such bank other than in favor of the Manager.

(f) Approvals and Consents. All governmental approvals and other third party consents (including, without limitation, licenses, registrations, or declarations) that are required in connection with the execution, delivery, or performance of this Settlement Agreement by such bank, if any, have been obtained.

OTS?

H&R-B56-00768
Confidential Material -
Subject to Protective Order

(g) Litigation. There is no legal action, suit, investigation, or proceeding (whether or not such bank is a party thereto) pending or threatened against or affecting such bank or any of its subsidiaries or their assets that either questions the validity of this Settlement Agreement or any of the transactions contemplated herein, or that would be reasonably expected, either individually or in the aggregate with all such other actions, suits, investigations, or proceedings, to affect materially and adversely such bank's ability to perform, satisfy, or observe any obligation or condition under this Settlement Agreement.

Section 7.2 Representations and Warranties of the Manager. To induce the other parties hereto to enter into this Settlement Agreement and to consummate the transactions contemplated herein, the Manager hereby makes the following representations and warranties to such parties, all of which shall survive the execution and delivery of this Settlement Agreement and the consummation of such transactions:

(a) Power and Authorization. The execution, delivery, and performance of this Settlement Agreement are within the legal power and authority of the Manager, and have been duly authorized by all necessary action on the part of the Manager.

(b) Binding Agreement. This Settlement Agreement has been duly executed and delivered by the Manager, and assuming due authorization, execution, and delivery by the other parties hereto, this Settlement Agreement is a legal, valid, and binding

H&R-B56-00769
Confidential Material -
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0768

obligation of the Manager and the FRF and is enforceable against the Manager and the FRF in accordance with its terms.

Section 8 Miscellaneous.

(a) Amendments. No amendment, modification, or waiver of any provision of this Settlement Agreement, nor any consent to any departure therefrom by any party hereto, shall in any event be effective unless the same shall be embodied in a writing signed by all parties hereto, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which it is given.

(b) Notices. Any notice, request, claim, demand, consent, approval, or other communication to any party hereto shall be deemed effective when received and shall be given in writing and delivered in person against receipt therefor, or sent by certified mail, postage prepaid, to such party (with copies as indicated below) at its address set forth below or at such other address as such party shall hereafter furnish in writing to the other parties.

(1) If to the River Valley Banks, Homer J. Holland, or Howard R. Ross:

River Valley Saving Bank, F.S.B.
c/o Holland Partners
200 Wacker Drive
Chicago, Illinois 60606
Attention: Homer J. Holland

With a copy to:

Holleb & Coff
55 East Monroe Street
Suite 4100
Chicago Illinois 60603
Attention: Mark S. Kipnis, Esq.

(2) If to the Manager:

Resolution Trust Corporation
Division of FSLIC Operations
801 17th Street, N.W.
Washington, D.C. 20006
Attention: Associate Director

(c) Waiver. No failure or delay on the part of any party hereto in exercising any right, privilege, power, or remedy under this Settlement Agreement and no course of dealing among the parties shall operate as a waiver of such right, privilege, power, or remedy; nor shall any single or partial exercise of any right, privilege, power, or remedy under this Settlement Agreement preclude any other or further exercise of any other right, privilege, power, or remedy. The rights, privileges, powers, and remedies available to the parties hereto are cumulative and not exclusive of any other rights, privileges, powers, or remedies provided by statute, at law, in equity, or otherwise. No notice to or demand on any party hereto shall entitle such party to any other or further notice or demand in any similar or other circumstances or constitute a waiver of the right of the party giving such notice or making such demand to

take any other or further action in any circumstances without notice or demand.

(d) Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the federal law of the United States of America and, in the absence of controlling federal law, in accordance with the laws of the State of Illinois.

(e) Inseverability. Whenever possible, each provision of this Settlement Agreement shall be interpreted in such a manner as to be effective and valid under all applicable laws. However, in the event that any provision of this Settlement Agreement shall be held to be prohibited or invalid under any applicable law, or declared unenforceable, then this Settlement Agreement shall be voidable at the option of the Manager.

(f) Successors and Assigns. This Settlement Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns; provided that, except as otherwise expressly provided in this Settlement Agreement, the parties hereto and their respective successors and assigns may not assign or transfer any of their rights, privileges, or powers under this Settlement Agreement, or delegate any of their duties or obligations hereunder, without the mutual written consent of all of the parties or their successors or assigns.

(g) Headings. The headings contained in this Settlement Agreement are for convenience only and shall not affect the construction of any provision of this Settlement Agreement.

(h) Entire Agreement. This Settlement Agreement embodies the entire Settlement Agreement among the parties hereto with respect to the subject matters herein and supersedes all prior agreements and understandings among the parties, oral or written, concerning such matters.

(i) Exhibits. All Exhibits attached hereto are an integral part of and are hereby incorporated in this Settlement Agreement.

(j) Specific Performance. Each party's obligations under this Settlement Agreement are unique. If any party should default in any of its obligations under this Settlement Agreement, the parties hereto each acknowledge that it would be extremely impracticable to measure the resulting damages. Accordingly, the non-defaulting parties, in addition to any other available rights or remedies, may sue in equity for specific performance, and each party expressly waives the defense that a remedy in damages will be adequate.

(k) Third Party Beneficiaries. Except as expressly provided in this Settlement Agreement, no provision of this Settlement Agreement is intended to benefit any persons other than the parties hereto.

H&R-B56-00773
Confidential Material -
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0772

(l) Further Assurances. Each party shall execute and deliver to each other party such other and further instruments and shall take such corporate action, obtain such approvals, and take such other and further actions as any of the other parties hereto may reasonably request to effectuate the transactions contemplated by this Settlement Agreement.

(m) Execution in Counterparts. This Settlement Agreement may be executed in separate counterparts, each of which when executed and delivered shall be deemed to be an original, and all of which taken together shall constitute one and the same agreement.

(n) Costs and Expenses. Except to the extent otherwise specifically provided herein, each party hereto agrees to pay all costs and expenses incurred by it in connection with or incidental to the matters contained in this Settlement Agreement, including, without limitation, any fees and disbursements to attorneys, accountants, and investment banking consultants.

(o) Termination. If the transactions contemplated by this Settlement Agreement have not been consummated by 11:59 p.m. E.D.T., on August 15, 1991, this Settlement Agreement shall terminate, unless an extension of this Settlement Agreement is mutually agreed upon by the parties hereto. Termination of this Settlement Agreement shall not affect any claim or liability of

any party with respect to any breach of this Settlement Agreement, regardless of when discovered.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be duly executed by themselves or their respective officers, as the case may be, as of the day and year first above written.

HOMER J. HOLLAND

______________________

RIVER VALLEY SAVINGS BANK, F.S.B., Peoria, Illinois

By: ______________________

Name: ______________________

Title: ______________________

HOWARD R. ROSS

______________________

RIVER VALLEY SAVINGS BANK, Rock Falls, Illinois

By: ______________________

Name: ______________________

Title: ______________________

Concurrence:

RESOLUTION TRUST CORPORATION

By: ______________________

Name: ______________________

Title: ______________________

FEDERAL DEPOSIT INSURANCE CORPORATION in its capacity as Manager of the FSLIC RESOLUTION FUND

By: ______________________

Name: ______________________

Title: ______________________



H&R-B56-00775
Confidential Material -
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO054 0774

# EXHIBIT F

# HOLLEB & COFF

ATTORNEYS AT LAW

55 EAST MONROE STREET
SUITE 4100
CHICAGO, ILLINOIS 60603-5896
(312) 807-4600

TELECOPIER (312) 807-3900
TELECOPIER (312) 807-3971
WRITER'S DIRECT DIAL (312)________

LEWIS R. BARON
NORMAN B. BERGER
ANNE WEBBER BRODY
MORRIS I. COFF
CHRISTOPHER B. COHEN
RONALD A. DAMASHEK
LAWRENCE I. DAVIDSON
PAUL R. DIAMOND
H. JAMES FOX
PAUL T. FOX
ROBERT H. GERSTEIN
HOWARD N. GILBERT
STANFORD L. GLASS
STUART H. GLICKEN
WILLIAM J. GOLDBERG
IRA GOULD
DAVID L. HERBST
HOWARD M. HOFFMANN
MARSHALL M. HOLLEB
MARK J. HORNE
JEFFREY H. HORNSTEIN
CHRISTOPHER J. HORVAY
JEANNE DOYLE KELLY
MARK S. KIPNIS
THEODORE L. KOENIG
ROBERT E. KOLEK
JEFFREY KUTA
STEPHEN J. LANDES
JANINE M. LANDOW-ESSER
KENNETH A. LATIMER
ALLEN P. LEV
KENNETH F. LORCH
NICHOLAS J. LYNN
PETER E. MANIS
STEPHEN A. MARCUS
JOSEPH L. MATZ
ARTHUR R. MILLER
HERBERT B. NECHIN
ROBERT K. NEIMAN
MARK D. OLSON
BEVERLY SUSLER PARKHURST
MICHAEL A. REITER
RICHARD S. RHODES
KEITH J. SHAPIRO
HOWARD J. STEIN
CHARLES A. STERN
ROBERT R. STIGGER
TOM WECHTER
JEROME E. WEXLER
EDWARD E. YALOWITZ
DAVID E. ADELSON
LYNNE M. BAKER
MICHAEL A. BERMAN
RICHARD G. BERNET
LAWRENCE B. BRODSKY
WILLIAM A. BUZOGANY
PETER A. DAUZVARDIS
DENISE A. DeLAURENT
BRUCE DOPKE
PAUL A. GILMAN
LORI A. GOLDSTEIN
DANIEL R. GREGUS
JAMES G. HAFT
MICHAEL D. HAYES
KRISTOPHER S. HESTON
KIRK A. HOOPINGARNER
AARON C. HOROWITZ
REBECCA L. KENT
DANIEL L. KRAUS
JAMES W. MARKS
ALVIN K. MARR
STUART N. RAPPAPORT
SUSAN A. RICHMAN
GREGORY G. SCHULER
KENNETH L. SEROTA
KATHRYN BABCOCK SHAFFER
MICHAEL J. SILVERMAN
JANET L. SMERLING
PAUL A. SMITH
KATHLEEN C. SPEARS
GENE S. STERN
GREGG E. SZILAGYI
MARK H. VAN DE VOORDE
SUSAN E. WARD
ROBERT S. WERT
THOMAS P. WHITE
J. MICHAEL WILLIAMS

OF COUNSEL
JOSEPH W. BERNSTEIN
WILLIAM R. COTTLE
ALEX H. DOLNICK
JILL A. OLSWANGER
MARTIN H. REDISH*

*ADMITTED IN NEW YORK ONLY


August 13, 1991

<u>VIA TELECOPY</u>

Charles A. Fulton, Esq.
Counsel
Federal Deposit Insurance Corporation
Washington, D.C. 20429

RE: River Valley Savings Bank, FSB
Settlement Agreement

Dear Mr. Fulton:

Enclosed are drafts of the following:

1. River Valley Savings Bank, FSB Certified Resolutions;

2. River Valley Savings Bank, FSB Certificate of Incumbency; and

3. Holleb & Coff Opinion Letter.

Please feel free to give me a call if you have any questions or comments.

Very truly yours,

Mark S. Kipnis

MSK:rf
Enclosure

Confidential Material —
Subject to Protective Order

H&R-B39-00680

DEFENDANT'S EXHIBIT
DX 588
Holland v. U.S. 95-524C

CERTIFICATE

I, Mark S. Kipnis, Secretary of RIVER VALLEY SAVINGS BANK, F.S.B. ("FSB"), do hereby certify that the Executive Committee of the Board of Directors of FSB has duly adopted the following resolutions at its August 14, 1991 meeting, all of which resolutions are in full force and effect and none of such resolutions have been altered, amended or modified:

WHEREAS, FSB and the Federal Deposit Insurance Corporation, in its capacity as manager of the FSLIC Resolution Fund, have negotiated an early termination of the two (2) July 29, 1988 Assistance Agreements and the December 31, 1988 Assistance Agreement (collectively, the "Assistance Agreements") under which FSB has been operating, all pursuant to the terms and conditions more fully set forth in that certain Settlement Agreement presented to the Executive Committee for its approval;

NOW, THEREFORE, BE IT RESOLVED, that the Settlement Agreement substantially in the form presented to the Executive Committee and the consummation of the transactions contemplated therein be and hereby is ratified and approved;

FURTHER RESOLVED, that each of the Chairman of the Board, Chairman of the Executive Committee, Chief Executive Officer or Secretary, acting alone, be and hereby is authorized and directed to execute such Settlement Agreement, including any changes as the officer executing the same may determine with advice of counsel, and such other agreements as may be necessary or desirable to consummate the transactions contemplated therein;

FURTHER RESOLVED, that each of the Chairman of the Board, the Chairman of the Executive Committee, the Chief Executive Officer or the Secretary, acting alone, be and hereby is authorized and directed to take any and all actions, do any and all things and to execute and deliver any and all instruments, contracts, agreements, certificates, forms and documents of any kind as may be necessary, convenient, desirable or proper for the carrying out of the transactions contemplated by the foregoing resolutions.

IN WITNESS WHEREOF, I have signed this Certificate on behalf

of FSB on this _____ day of August, 1991.

Mark S. Kipnis, Secretary
RIVER VALLEY SAVINGS BANK, FSB

Confidential Material —
Subject to Protective Order

H&R-B39-00682

CERTIFICATE OF INCUMBENCY

I, Mark S. Kipnis, Secretary of RIVER VALLEY SAVINGS BANK, F.S.B. ("FSB"), do hereby certify that the below named persons are the duly elected and acting officers of FSB holding the respective offices set opposite their names, and the signatures below set opposite their names are their genuine signatures.

| Name | Office | Specimen Signature |
| --- | --- | --- |
| Howard R. Ross | Chairman of the Board | ______________ |
| Homer J. Holland | Chairman of the Executive Committee | ______________ |
| Steven Bangert | Chief Executive Officer | ______________ |

IN WITNESS WHEREOF, I have signed this Certificate on behalf of FSB on this ____ day of August, 1991.

______________________
Mark S. Kipnis, Secretary
RIVER VALLEY SAVINGS BANK, FSB

Confidential Material —
Subject to Protective Order

H&R-B39-00683

# HOLLEB & COFF

ATTORNEYS AT LAW

55 EAST MONROE STREET
SUITE 4100
CHICAGO, ILLINOIS 60603-5896
(312) 807-4600

TELECOPIER (312) 807-3900
TELECOPIER (312) 807-3971
WRITER'S DIRECT DIAL (312)________

LEWIS R. BARON
NORMAN B. BERGER
ANNE WEBBER BRODY
MORRIS J. COFF
CHRISTOPHER B. COHEN
RONALD A. DAMASHEK
LAWRENCE J. DAVIDSON
PAUL R. DIAMOND
H. JAMES FOX
PAUL Y. FOX
ROBERT H. GERSTEIN
HOWARD N. GILBERT
STANFORD L. GLASS
STUART H. GLICKEN
WILLIAM L. GOLDBERG
IRA GOULD
DAVID L. HERBST
HOWARD M. HOFFMANN
MARSHALL M. HOLLEB
MARK J. HORNE
JEFFREY H. HORNSTEIN
CHRISTOPHER J. HORVAY
JEANNE DOYLE KELLY
MARK S. KIPNIS
THEODORE L. KOENIG
ROBERT E. KOLEK
JEFFREY KUTA
STEPHEN J. LANDES
JANINE M. LANDOW-ESSER
KENNETH A. LATIMER
ALLEN P. LEV
KENNETH P. LORCH
NICHOLAS J. LYNN
PETER E. MANIS
STEPHEN A. MARCUS
JOSEPH L. MATZ
ARTHUR R. MILLER
HERBERT B. NECHIN
ROBERT K. NIEMAN
MARK D. OLSON
BEVERLY SUSLER PARKHURST
MICHAEL A. REITER
RICHARD S. RHODES
KEITH J. SHAPIRO
HOWARD J. STEIN
CHARLES A. STERN
ROBERT B. STIGGER
TOM WECHTER
JEROME B. WEXLER
EDWARD R. YALOWITZ
DAVID E. ADELSON
LYNNE M. BAKER
MICHAEL A. BERMAN
RICHARD G. BERNET
LAWRENCE B. BRODSKY
WILLIAM A. BUZOGANY
PETER A. DAUZVARDIS
DENISE A. DeLAURENT
BRUCE DOPKE
PAUL A. GILMAN
LORI A. GOLDSTEIN
DANIEL R. GREGUS
JAMES G. HAFT
MICHAEL D. HAYES
KRISTOPHER S. HESTON
KIRK A. HOOPINGARNER
AARON C. HOROWITZ
REBECCA L. KENT
DANIEL L. KRAUS
JAMES W. MARKS
ALVIN K. MARR
STUART N. RAPPAPORT
SUSAN A. RICHMAN
GREGORY G. SCHULER
KENNETH L. SEROTA
KATHRYN BABCOCK SHAFFER
MICHAEL J. SILVERMAN
JANET L. SMERLING
PAUL A. SMITH
KATHLEEN C. SPEARS
GENE S. STERN
GREGG E. SZILAGYI
MARK H. VAN DE VOORDE
SUSAN K. WARD
ROBERT S. WERT
THOMAS P. WHITE
J. MICHAEL WILLIAMS

OF COUNSEL
JOSEPH W. BERNSTEIN
WILLIAM R. COTTLE
ALEX H. DOLNICK
JILL A. OLSWANGER
MARTIN H. REDISH*
*ADMITTED IN NEW YORK ONLY

August ____, 1991

Resolution Trust Corporation
3000 K Street, N.W.
Washington, D.C. 20429

Gentlemen:

We have acted as counsel to River Valley Savings Bank, F.S.B., Peoria, Illinois ("River Valley") in connection with the Settlement Agreement dated August ____, 1991 (the "Agreement"), among River Valley, Homer J. Holland, Howard R. Ross, and the Federal Deposit Insurance Corporation, in its capacity as manager of the FSLIC Resolution Fund (the "Manager"). All capitalized terms used herein without definition have the respective meanings specified in the Agreement. This opinion is being delivered to you on the Closing date pursuant to Section 6(d) of the Agreement and is effective as of the date of the Agreement.

In connection with this opinion, we have examined and relied upon the originals or copies (certified or otherwise identified to our satisfaction) of such records, documents, certificates and other instruments, and have made such other investigations as we have deemed necessary to enable us to render the opinions set forth herein. In such examination we have assumed, without independent verification, the genuineness of all signatures, the authenticity of all documents submitted to us as originals and the conformity to original documents of all documents submitted to us as certified or photostatic copies. As to all questions of fact material to the opinions set forth herein, we have relied, without independent verification, upon the representations and warranties set forth in the Agreement, upon the information set forth in the records and documents referred to hereinabove and upon statements and certificates of public officials and officers and other representatives of River Valley.

Confidential Material —
Subject to Protective Order

H&R-B39-00684

HOLLEB & COFF
ATTORNEYS AT LAW



Based upon the foregoing, and having regard to the legal considerations which we deem relevant, we are of the opinion that, as to River Valley:

1. Such bank is a stock savings bank duly organized, chartered, validly existing, and in good standing under the laws of the United States and has full power and authority to own and operate its properties and conduct its business as now conducted by it.

2. Such bank has full power and authority to execute and deliver the Agreement, and to perform its obligations thereunder, and it has taken all necessary action to authorize the execution, delivery, and performance of the Agreement.

3. The Agreement has been duly executed and delivered by such bank, and, assuming due authorization, execution, and delivery by the other parties thereto, the Agreement is a legal, valid, and binding obligation of such bank, enforceable against such bank in accordance with its terms.

4. The exection, delivery, and performance by such bank of the Agreement will not violate or conflict with any provision of any applicable law or regulation, or any order, writ, judgment, or decree of any court or governmental authority.

5. The execution, delivery, and performance by such bank of the Agreement does not and will not (i) violate or conflict with any provision of the articles of association or organization, charter, or bylaws of such bank, (ii) result in a violation, breach of, or default under any contract, lease or other instrument to which such bank is a party (or that is binding on it or any of its assets), or (iii) result in, or require the creation of, any lien on or security interest in any asset of such bank other than in favor of the Manager.

6. All governmental approvals and other third party consents (including, without limitation, licenses, registrations, or declarations) that are required in connection with the execution, delivery, or performance of the Agreement by such bank, if any, have been obtained.

7. There is no legal action, suit, investigation, or proceeding (whether or not such bank is a party thereto) pending or to our knowledge threatened against or affecting such bank or any of its subsidiaries or their assets that either questions the validity of the Agreement or any of the transactions contemplated

Confidential Material —
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER PHO049 0708

HOLLEB & COFF
ATTORNEYS AT LAW



therein, or that would be reasonably expected, either individually or in the aggregate with all such other actions, suits, investigations, or proceedings, to affect materially and adversely such bank's ability to perform, satisfy, or observe any obligation or condition under the Agreement.

Our opinions expressed in paragraph 3 above are qualified to the extent that the enforceability of the Agreement is subject to the effect of any applicable bankruptcy, insolvency, reorganization, fraudulent conveyance, or other similar law relating to or affecting creditors' rights generally and general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law).

Our opinions expressed herein are limited solely to the laws of the United States of America and the State of Illinois, and no opinion is expressed herein as to matters governed by the laws of any other jurisdiction.

Our opinions expressed herein are furnished to you solely in satisfaction of Section 6(d) of the Agreement and are not to be considered or relied upon by any other governmental agency or any other person or entity.

Very truly yours,

HOLLEB & COFF

BY: ______________________________

Confidential Material —
Subject to Protective Order



CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER L PHO049 0709

# EXHIBIT G

HOLLEB & COFF
ATTORNEYS AT LAW

55 EAST MONROE STREET
SUITE 4100
CHICAGO, ILLINOIS 60603-5896
(312) 807-4600

TELECOPIER (312) 807-3900
TELECOPIER (312) 807-3971
WRITER'S DIRECT DIAL (312)____________

LEWIS R. BARON
NORMAN B. BERGER
ANNE WEBBER BRODY
MORRIS J. COFF
CHRISTOPHER B. COHEN
RONALD A. DAMASHEK
LAWRENCE I. DAVIDSON
PAUL R. DIAMOND
H. JAMES FOX
PAUL T. FOX
ROBERT H. GERSTEIN
HOWARD N. GILBERT
STANFORD L. GLASS
STUART H. GLICKEN
WILLIAM I. GOLDBERG
IRA GOULD
DAVID L. HERBST
HOWARD M. HOFFMANN
MARSHALL M. HOLLEB
MARK J. HORNE
JEFFREY H. HORNSTEIN
CHRISTOPHER J. HORVAY
JEANNE DOYLE KELLY
MARK S. KIPNIS
THEODORE L. KOENIG

ROBERT E. KOLEK
JEFFREY KUTA
STEPHEN J. LANDES
JANINE M. LANDOW-ESSER
KENNETH A. LATIMER
ALLEN P. LEV
KENNETH F. LORCH
NICHOLAS J. LYNN
PETER E. MANIS
STEPHEN A. MARCUS
JOSEPH L. MATZ
ARTHUR R. MILLER
HERBERT S. NECHIN
ROBERT K. NEIMAN
MARK D. OLSON
BEVERLY SUSLER PARKHURST
MICHAEL A. REITER
RICHARD S. RHODES
KEITH J. SHAPIRO
HOWARD J. STEIN
CHARLES A. STERN
ROBERT E. STIGGER
TOM WECHTER
JEROME E. WEXLER
EDWARD E. YALOWITZ

DAVID E. ADELSON
LYNNE M. BAKER
MICHAEL A. BERMAN
RICHARD G. BERNET
LAWRENCE B. BRODSKY
WILLIAM A. BUZOGANY
PETER A. DAUZVARDIS
DENISE A. DeLAURENT
BRUCE DOPKE
PAUL A. GILMAN
LORI A. GOLDSTEIN
DANIEL R. GREGUS
JAMES G. HAFT
MICHAEL D. HAYES
KRISTOPHER S. HESTON
KIRK A. HOOPINGARNER
AARON C. HOROWITZ
REBECCA L. KENT
DANIEL L. KRAUS
JAMES W. MARKS
ALVIN K. MARR
STUART N. RAPPAPORT
SUSAN A. RICHMAN

GREGORY G. SCHULER
KENNETH L. SEROTA
KATHRYN BABCOCK SHAFFER
MICHAEL J. SILVERMAN
JANET L. SMERLING
PAUL A. SMITH
KATHLEEN C. SPEARS
GENE S. STERN
GREGG E. SZILAGYI
MARK H. VAN DE VOORDE
SUSAN K. WARD
ROBERT S. WERT
THOMAS P. WHITE
J. MICHAEL WILLIAMS

OF COUNSEL
JOSEPH W. BERNSTEIN
WILLIAM R. COTTLE
ALEX H. DOLNICK
JILL A. OLSWANGER
MARTIN H. REDISH*
*ADMITTED IN NEW YORK ONLY

August 14, 1991

VIA FEDERAL EXPRESS

Charles A. Fulton, Esq.
Federal Deposit Insurance Corp.
1717 H Street, N.W.
10th Floor, Room #10069
Washington, D.C. 20006

Re: River Valley Savings Bank, F.S.B. Settlement Agreement

Dear Chuck:

Enclosed please find the following executed documents:

1. Settlement Agreement, in duplicate;
2. Certificate of Incumbancy;
3. Certificate;
4. Holleb & Coff Opinion.

Please return one fully executed conterpart of the Settlement Agreement to me at your earliest convenience.

Please also call to confirm that $3,226,902.90 has been wired transferred to the account of River Valley Savings Bank, F.S.B. The wire transfer instructions are:

River Valley Savings Bank, F.S.B.
ABA No. 27173083 Attention: Nadine
(The account number is the same as the ABA number)

Confidential Material —
Subject to Protective Order

H&R-B39-00678

HOLLEB & COFF
ATTORNEYS AT LAW



If you have any questions, please feel free to give me a call.

Very truly yours,

Mark S. Kipnis

MSK/jm
Enclosure

cc: Homer J. Holland, w/enclosure

Confidential Material —
Subject to Protective Order