# In the United States Court of Federal Claims

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, Co-Executor of the<br>Estate of HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524C<br><br>Filed January 18, 2008 |

**ORDER**

Closing arguments for the trial on damages that has been conducted from December 3, 2007, to January 18, 2008, are hereby scheduled for **9:30 a.m. on Tuesday, February 5, 2008**. Each side shall have two hours to make its argument. Plaintiff shall go first and may reserve time for rebuttal.

In the interest of saving time and resources, the Court intends to focus the parties' arguments, insofar as possible, on the issues that will need to be resolved in the Court's eventual opinion on damages. To that end, plaintiffs are hereby **ORDERED** to file with the Court and serve on defendant by **Wednesday, January 23, 2008**, an outline of the subjects that plaintiffs intend to cover in their closing argument. This outline should include at least a brief description—in the nature of a topic heading—of the damages theories that plaintiffs believe are still in the case and the amount of damages to which plaintiffs believe they are entitled under each theory. The outline may also, at plaintiffs' option, include similar topic headings for additional issues plaintiffs believe the Court will need to address in its damages decision. In no event should plaintiffs' outline exceed two pages. Similarly, defendant is hereby **ORDERED** to file with the Court and serve on plaintiffs not later than **Monday, January 28, 2008**, a response to plaintiffs' outline identifying in topic heading form defendant's arguments in opposition to plaintiffs' claims for damages, with each of plaintiffs' topic headings followed by an outline of the points defendant relies upon to rebut that contention. In no event should defendant's submission exceed five pages.

While failure to identify a point in these pre-closing argument submissions will not be deemed a waiver of that point, the Court expects each side to confine its closing argument to the topics identified in its outline. (Obviously the Court will expect each side to make its arguments in greater detail than will be described in its outline.) In particular, the Court would greatly appreciate the parties' cooperation in incorporating citations to the trial record into their closing arguments. As discussed in court on January 18, while the Court may find it necessary to request briefing from the parties on discrete issues at some point in the future, it is not the Court's intention to request full post-trial briefs from the parties, so the parties should treat the closing argument as their sole opportunity to point the Court to the testimony and exhibits they believe best support their arguments.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge