**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOMER J. HOLLAND, STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK | |
| Plaintiffs, | No. 95-524 C |
| v. | (Judge George W. Miller) |
| THE UNITED STATES, | |
| Defendant. | |

**PLAINTIFFS' OUTLINE OF SUBJECTS FOR CLOSING ARGUMENT**
**PURSUANT TO THE COURT'S ORDER OF JANUARY 18, 2008**

David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Counsel for Plaintiffs
Holland and Ross and First Bank.

Dated: January 23, 2008

A. **SAFSB Lost Profits: $47,335,862**

Because the breach foreseeably caused River Valley to lose the opportunity to acquire SAFSB, First Bank, as successor to River Valley, is entitled to the profits that River Valley would have earned from owning SAFSB. Specifically, First Bank, as successor to River Valley, should be awarded either (1) $47,335,862, the amount of taxable income SAFSB would have generated for River Valley but for the breach[1] or (2) $46,414,530, the amount of dividends that SAFSB would have paid to River Valley but for the breach.[2] Alternatively, if the Court were to award damages fixed at some point prior to trial, First Bank is entitled to the economic gain River Valley would have achieved if the breach had not prevented River Valley from acquiring SAFSB, measured as either (3) $38,258,318, the bargain purchase amount demonstrated by the mark-to-market valuation performed just six weeks after the date upon which River Valley would have acquired SAFSB[3] or (4) $37,405,132, as of December 31, 1993.[4]

B. **Cost of Partial Mitigation: $20,916,382 (additive to SAFSB Lost Profits)**

***In addition to the SAFSB Lost Profits***, and consistent with the mitigation damages analyses endorsed by the Federal Circuit in *Home Savings* and *LaSalle Talman*,[5] First Bank is entitled to an award of $20,916,382 for the costs incurred to partially mitigate the harm of the breach by allocating retained earnings to do the job of the

---

[1] *See* Testimony of Homer Holland (Tr. at 2370-2401) and accompanying exhibits.
[2] *See* Testimony of John Rose (Tr. at 976-82).
[3] *See* PX 1021 (SAFSB Overview as of 10/31/92) at 1320 (Sept. 1992 mark-to-market).
[4] *See* PX 1206 (SAFSB Board Package dated 1/20/94) at 0469 (Dec. 1993 mark-to-market); *see also* Griffin Testimony (Tr. 2978-2979; Rough Tr. Jan. 10, 2008 at 46-49).
[5] *See Home Sav. of Am. v. United States*, 399 F.3d 1341, 1352-55 (Fed. Cir. 2005); *LaSalle Talman Bank, FSB v. United States*, 462 F.3d 1331, 1357-58 (Fed. Cir. 2006).

contract capital.[6] Dr. Holland calculated River Valley's gross cost of capital to be at least 20%, a figure validated by the government's own contemporaneous analyses and by the cost of River Valley's subordinated debt and preferred stock.[7] As in *Home Savings*, Dr. Holland netted out the benefits of tangible capital as compared to the contract capital by using ten year treasury rates.[8] Because there is no overlap between the SAFSB Lost Profits and the Cost of Partial Mitigation,[9] these measures of damages are additive. Accordingly, First Bank should be awarded $68,252,244 in expectation damages.

**C. Lost Value Measured at Time of Breach: $21,846,000**

First Bank also proved at trial a conservative calculation of damages measured at the time of the breach by reference to the decline in value of the River Valley preferred stock owned by FSLIC. This measure of damages ***understates*** the true harm to River Valley over time and would ***not*** capture River Valley's expectancy damages beyond the date of the breach. Under this conservative measure of damages that the breach caused to River Valley -- at the time of the breach -- First Bank is entitled to $21,846,000.[10]

**D. No Damages to Plaintiffs Holland and Ross Under Court's Prior Rulings**

In light of the Court's decisions dated March 9 and December 2, 2004, and without waiving rights on appeal, Plaintiffs Holland and Ross will be awarded no damages.

---

[6] *See* Testimony of Homer Holland (Tr. at 2424-2482); PX 605; PX 2002.
[7] *See* Testimony of Homer Holland (Tr. 2434-2446); PX 2002 at Tabs 10-17.
[8] *See* Holland Testimony (Tr. at 2444-45, 2461-62); *Home Savings*, 399 F.3d at 1354-55.
[9] *See* Holland Rebuttal Testimony (Rough Tr. Jan. 17, 2008 at 39-48, 50-58).
[10] *See* Testimony of Neil Murphy (Tr. at 1532-44, 1550-1610); PX 2001; PX 2001A; *see also* Tr. 1588-1590 (Dr. Murphy explaining how to adjust calculation to eliminate the effect of the Peoria acquisition).

Respectfully submitted,

/s/
David B. Bergman
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000 (tel.)
(202) 942-5999 (fax)

Counsel for plaintiffs
Holland and Ross and First Bank.

*Of Counsel*:
Melvin C. Garbow
Howard N. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

Dated: January 23, 2008

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of January 2008, I caused the foregoing **PLAINTIFFS' OUTLINE OF SUBJECTS FOR CLOSING ARGUMENT PURSUANT TO THE COURT'S ORDER OF JANUARY 18, 2008** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: January 23, 2008

/s/ Joshua P. Wilson
Joshua P. Wilson