**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOMER H. HOLLAND, STEVEN BANGERT (in his capacity as co-executor of the estate of HOWARD R. ROSS), and FIRST BANK | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 95-524C |
| THE UNITED STATES, | ) | (Judge G. Miller) |
| Defendant. | ) | |

**PLAINTIFFS' NOTICE OF NEW AUTHORITIES:**
***Fifth Third, American Savings*, and *First Federal Lincoln***

Plaintiffs respectfully notify the Court of the following new, *Winstar*-related authorities, all of which support the entitlement of Plaintiff First Bank to recover damages for (i) the SAFSB lost profits plus (ii) the cost of partial mitigation, and, alternatively, (iii) the lost value of River Valley measured as of the time of the breach: (1) *Fifth Third Bank v. United States*, __ F.3d. __, 2008 WL 623794 (Fed. Cir. March 10, 2008); (2) *American Savings Bank v. United States,* __ F.3d __, 2008 WL 597467 (Fed. Cir. March 6, 2008); and (3) *First Federal Lincoln Bank v. United States*, __ F.3d __, 2008 WL 590874 (Fed. Cir. March 5, 2008).

1. *Fifth Third Bank v. United States*

The Federal Circuit's recent decision in *Fifth Third* addresses and rejects several of the same arguments the government advances here.

- *Fifth Third* rejects Defendant's contention that lost profits damages should be measured at the time of breach; the Federal Circuit in *Fifth Third*

reaffirms that such damages should be measured at time of trial. 2008 WL 623794 at *7.

- *Fifth Third* rejects Defendant's claim that Plaintiffs must demonstrate the foreseeability of particular actions or precise market conditions: "Fifth Third was ***not*** required to demonstrate that the Government could have foreseen at the time of contracting that the market conditions might be less favorable when it later breached the contract." *Id.* at *6 (emphasis added). "Fifth Third …is not required … to show that the precise economic conditions at the time regulators forced [it] to raise capital were foreseeable." *Id.*
- *Fifth Third* also rejects the Government's position that it would "def[y] all common sense" for an award of damages to exceed the amount of breached capital. Tr. 6140 (Feb. 5, 2008). In *Fifth Third*, the government breach eliminated $59 million of contract capital; the Federal Circuit affirmed an award of $76.5 million. 71 Fed. Cl. 56, 60 (2006); *Fifth Third Bank v. United States*, 55 Fed. Cl. 223, 230 (2003); *Fifth Third*, 2008 WL 623794, at *4.

2. *American Savings Bank v. United States*

In *American Savings*, the Federal Circuit rejects the same argument that the Government has advanced here against First Bank's claim for mitigation damages. In *American Savings*, the government claimed that the plaintiff was not entitled to recover its costs of raising replacement capital because the breach did not cause American Savings to raise any capital; instead, American Savings allocated existing capital to do the job of the contract capital: "while

Plaintiffs were not required to raise additional capital because of the breach, they were required to maintain their inventory capital to satisfy the higher capital requirements [the breach imposed]. … Absent the breach, this capital would have been available to Plaintiffs for other profitable uses or for repayment to investors to avoid the ongoing costs of maintaining the capital." 2008 WL 597467, at *5. The Federal Circuit held that "the breach required Plaintiffs to pay the costs of ***maintaining*** capital" and on that basis affirmed the award of mitigation damages, notwithstanding that the breach ***did not cause*** the plaintiffs to ***raise*** replacement capital. *Id.* (emphasis added).

3. *First Federal Lincoln Bank v. United States*

The Federal Circuit in *First Federal Lincoln* confirms that First Bank properly measured lost value damages here -- Dr. Murphy's calculation of the decline in value of River Value by reference to the decline in value of the FSLIC preferred stock -- at the time of the breach. 2008 WL 590874 at *5-*6 (proper to measure lost franchise value at time of breach). *First Federal Lincoln* also reiterates that First Bank properly measured its lost profits and mitigation damages at time of trial: "anticipated profits or . . . other expectancy damages that, absent the breach, would have accrued on an ongoing basis over the course of the contract . . . are measured . . . to the date of judgment." *Id.* at *6 (quoting with approval *Energy Capital Corp. v. United States*, 302 F.3d 1314, 1330 (Fed. Cir. 2002)).

* * *

The three recent decisions from the Federal Circuit confirm that Plaintiff First Bank is entitled to an award of SAFSB Lost Profits of $47,335,862 plus non-overlapping mitigation damages of $20,916,382, for a total of $68,252,244. In the alternative, First Bank is also entitled

to an award of $21,846,000 for the breach-induced lost value of River Value, measured at the time of the breach.

Respectfully submitted,

March 27, 2008

/s/ David B. Bergman
David B. Bergman

ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1202
Tel: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Plaintiffs*
Holland and Ross and First Bank

*Of Counsel:*
Melvin C. Garbow
Howard M. Cayne
Michael A. Johnson
Joshua P. Wilson
ARNOLD & PORTER, LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1202

*Co-counsel for First Bank*:
Donald J. Gunn, Jr., Esq.
Sharon R. Wice, Esq.
Gunn and Gunn
First Bank Building
Creve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
(314) 432-4550 (tel.)
(314) 432-4489 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 27th day of March 2008, I caused the foregoing Plaintiffs' Notice of New Authorities to be submitted to the Court via the Court's Electronic Case Filing system, which I understand to constitute proper service upon the defendant pursuant to the Court's Rules.

/s/ David B. Bergman