**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOMER J. HOLLAND,<br>STEVEN BANGERT, co-executor of the<br>ESTATE OF HOWARD R. ROSS, and<br>FIRST BANK,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-524<br>(Judge George W. Miller) |

**RESPONSE TO PLAINTIFFS' NOTICE OF NEW AUTHORITIES**

Defendant, the United States, respectfully submits this response to plaintiffs' notice of new authorities concerning the United States Court of Appeals for the Federal Circuit's recent decisions in Fifth Third Bank v. United States, 518 F.3d 1368 (Fed. Cir. 2008), American Savings Bank v. United States, __ F.3d __, 2008 WL 597467 (Fed. Cir. March 6, 2008), and First Federal Lincoln Bank v. United States, 518 F.3d 1308 (Fed. Cir. 2008).

## I. Fifth Third Bank v. United States

With respect to the Fifth Third decision, plaintiffs erroneously claim that the decision "rejects Defendant's contention that lost profits damages should be measured at the time of breach." Pl. Notice at 1. It did not do so. Instead, the Federal Circuit affirmed that the "general rule" for expectancy damages was that "the proper date for measuring damages is usually the date of the breach." Fifth Third, 518 F.3d at 1377. The Court then held that, "[i]n some cases, however, strict application of [this] rule may not result in the most accurate assessment of expectancy damages. See Energy Capital Corp. v. United States, 302 F.3d 1314, 1330 (Fed. Cir.

2002) ('That rule does not apply, however, to anticipated profits or to other expectancy damages that, absent the breach, would have accrued on an ongoing basis over the course of the contract.')." Thus, the Federal Circuit did not "reject" measuring damages at the time of the breach, as plaintiffs claim, but held that measuring damages at the time of trial may be appropriate in situations where damages are measured over time.

Plaintiffs cite the Fifth Third decision's statements that all that was necessary was a showing that the need to raise capital in the event of a breach was foreseeable, and that "Fifth Third has made that showing here and is not required also to show that the precise economic conditions at the time regulators forced Citizens to raise capital were foreseeable." Pl. Notice at 2. This holding, however, does not support plaintiffs' damages claims.

Plaintiffs' lost profits claim was not foreseeable because the allegedly below-market opportunity to purchase San Antonio Federal Savings Bank more than two years after the breach was unrelated to any need to raise capital in response to the breach. Moreover, plaintiffs' alleged mitigation damages were not foreseeable because River Valley's holding company could have borrowed money and downstreamed it to the thrift, as it did in the real world. JSF ¶ 332; PX 727 at H&R-B04 597; PX 643 at H&R-B03 00687; Tr. 2313:17-2314:3 (Holland). Plaintiffs' claim that their hypothetical 20 percent per year mitigation costs were reasonably foreseeable is therefore not supported by the record. See Bank of America, FSB v. Doumani, 495 F.3d 1366, 1373 (Fed. Cir. 2007) (rejecting hypothetical 20 percent cost for retained earnings in favor of actual dividends paid).

Lastly, plaintiffs erroneously claim that Fifth Third "rejects the Government's position that it would defy all common sense for an award of damages to exceed the amount of breached

capital." Pl. Notice at 2 (quotation omitted). Plaintiffs cite the fact that the award in Fifth Third was $76.5 million for $59 million in breached capital. Plaintiffs do not mention, however, that $23.8 million of the $76.5 million was a tax gross-up that the Court ordered be paid back to the Government, making the expectancy damages considerably less than the amount of capital. See Fifth Third Bank v. United States, 71 Fed. Cl. 56, 97 (2006). Plaintiffs' claim for $65 million in damages for $20 million of purported breached capital is therefore not supported.

## II. American Savings Bank v. United States

In American Savings, the Federal Circuit upheld the award of capital posting costs for the "actual costs paid to capital providers, in the form of interest and dividend payments, for the pre-existing assets used to meet regulatory capital requirements, less the benefit that they obtained from the restricted use of these assets after the enactment of FIRREA." Am. Sav., 2008 WL 597467 at *5.[1] Plaintiffs cite American Savings for the proposition that the Federal Circuit's upholding of the trial court's award of damages for the costs of capital raised before the breach supports their claim for mitigation costs for retained earnings. Pl. Notice at 2-3. This, however, is not the nature of plaintiffs' claims.

In this case, plaintiffs do not seek the actual costs of their retained earnings, but rather a hypothetical 20 percent cost that is unrelated to plaintiffs' actual experience. Moreover, Dr. Thakor demonstrated at trial that calculation of the actual dividend costs and benefits associated with the retained earnings yields no damages. Similarly, Dr. Carron demonstrated that the actual interest costs River Valley had for its other forms of financing, combined with the

---

[1] We respectfully disagree with the Federal Circuit's decision in American Savings, and note that the time within which we may seek rehearing has not expired.

benefit from the retained earnings, yields little or no damages. Plaintiffs also seek to recover mitigation costs for the full amount of contractual capital, rather than the portion necessary to "meet regulatory capital requirements." Am. Sav., 2008 WL 597467 at *5. Plaintiffs' mitigation costs claim is therefore unrelated to, and not helped by, American Savings.

**III. First Federal Lincoln Bank v. United States**

Plaintiffs claim that First Federal Lincoln affirms Dr. Murphy's decision to calculate lost value damages at the time of the breach. Pl. Notice at 3; see also First Fed. Lincoln, 518 F.3d at 1318 ("Even when income-producing property cannot be replaced by the nonbreaching party, damages for the loss of such property are based on its market value as of the date of the breach."). Plaintiffs, however, did not measure their lost value claim as of the date of the breach, bur rather assumed that all of the change in value of FSLIC preferred stock that Dr. Murphy measured from July 29, 1988, to March 28, 1991, was attributable to the breach. Dr. Murphy conceded that he did not know the date of the breach, and conceded that this meant that his diminished value analysis may include factors that preceded FIRREA. Tr. 1651:24-1652:17 (Murphy). Thus, as in First Federal Lincoln, Dr. Murphy did not measure lost value at the time of the breach, and his opinion is similarly unreliable.

Plaintiffs also cite First Federal Lincoln's quotation of Energy Capital for the proposition that measuring damages at the time of trial may be appropriate for expectancy damages that "would have accrued on an ongoing basis over the course of the contract." Pl. Notice at 3. The First Federal Lincoln court, however, reversed the trial court for erroneously awarding lost value damages at the time of trial, and did not consider an award of lost profits. First Federal Lincoln therefore does not assist plaintiffs' lost profits claims.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ John H. Roberson by John J. Todor
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 353-7972
Fax: (202) 514-8640
Attorneys for Defendant

Of Counsel:
SCOTT D. AUSTIN
Senior Trial Counsel
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
BRIAN A. MIZOGUCHI
AMANDA L. TANTUM
JOHN J. TODOR
Trial Attorneys

April 17, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008, a copy of the foregoing "RESPONSE TO PLAINTIFFS' NOTICE OF NEW AUTHORITIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson by John J. Todor
John H. Roberson by John J. Todor