# In the United States Court of Federal Claims

No. 95-524 C
Filed May 4, 2009
NOT FOR PUBLICATION

|  |  |
|---|---|
| HOMER J. HOLLAND, STEVEN BANGERT, Co-Executor of the Estate of HOWARD R. ROSS, and FIRST BANK, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

     David B. Bergman, Michael Johnson, Howard Cayne, and Joshua P. Wilson, Arnold & Porter LLP, Washington, D.C., for plaintiffs.

     John H. Roberson, Trial Attorney, Elizabeth A. Holt, Trial Attorney, William G. Kanellis, Trial Attorney, Amanda Tantum, Trial Attorney, John J. Todor, Trial Attorney, Sameer Yerawadekar, Trial Attorney, Brian A. Mizoguchi, Senior Trial Counsel, Scott Austin, Senior Trial Counsel, Kenneth M. Dintzer, Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, Michael F. Hertz, Deputy Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.

**OPINION AND ORDER**

<u>GEORGE W. MILLER</u>, Judge.

     On April 17, 2009, this Court resolved what it believed to be the last remaining issues in this long-running *Winstar* case: counterclaims asserted by defendant (docket entry 495). Pursuant to the Court's direction, final judgment was entered in favor of plaintiff First Bank on April 20, 2009 (docket entry 496). On April 29, 2009, defendant filed a Motion to Amend the Judgment pursuant to Rule 59(e) of the Rules of the Court of Federal Claims ("RCFC") (docket entry 498) ("Mot."), which plaintiffs opposed (docket entry 500, April 29, 2009) ("Opp.").

Defendant asserts that it filed a motion to dismiss the implied-in-fact contract claims of the individual plaintiffs, Messrs. Holland and Ross, which remains outstanding and that the judgment must therefore be amended to dismiss those claims. This Court's judgment, however, granted relief only to plaintiff First Bank and thus denied any relief on the claims of the individual plaintiffs.

The granting of relief under Rule 59 is a matter within this Court's discretion. *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). In exercising this discretion, the Court must balance "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Minton v. National Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1379 (Fed. Cir. 2003) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990)).

A motion to alter or amend a judgment must request a substantive change to the rights of the parties—that is, it must "seek[] a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment." *Maxus Energy Corp. and Subsidiaries v. United States*, 31 F.3d 1135, 1139 (Fed. Cir. 1994). Because reopening the judgment to dismiss claims upon which plaintiffs did not prevail would have no effect on the parties' legal rights and obligations resolved by the judgment, defendant's motion fails to meet even this most basic limitation.

Defendant does not even address the four recognized grounds for the granting of a motion under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based; (2) so that the moving party may present newly discovered or previously unavailable evidence; (3) if necessary to prevent manifest injustice; or (4) an intervening change in controlling law. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 Fed. Prac. & Proc. § 2810.1 (2d ed. 1995). A closer examination of the facts upon which defendant relies reveals that none of these grounds apply to this situation.

In early 2004, the Court held that although the individual plaintiffs, Messrs. Holland and Ross, were parties to express contracts with the Government that plaintiffs alleged had been breached, the damages allegedly caused by such breaches were properly recoverable by the corporate entity, River Valley, rather than its shareholders, the individual plaintiffs. *Holland v. United States*, 59 Fed. Cl. 735, 739-41 (2004); *Holland v. United States*, 63 Fed. Cl. 147, 148-50 (2004).

On November 17, 2004, defendant filed a motion seeking to dismiss the implied-in-fact contract and third-party beneficiary claims asserted in the Second Amended Complaint by the individual plaintiffs (docket entry 190); Mot. at 1. Defendant asserted that neither implied-in-fact contract nor third-party beneficiary claims could succeed where there was an express contract, and Judge Horn's 2003 decision had held that the individual plaintiffs were parties to express contracts. Mot. at 2; *Holland v. United States*, 57 Fed. Cl. 540, 570 (2003).

On January 7, 2005, this Court entered an order stating that Judge Horn's opinion had rendered the plaintiffs' implied-in-fact contract and third-party beneficiary claims moot, but the Court declined to dismiss the claims at that time, noting that Judge Horn's holding was not a final order and a reversal of Judge Horn's ruling could result in the resuscitation of the claims in question. *Holland v. United States*, No. 95-524, slip op. at 4-5 (docket entry 205). All counsel subsequently agreed that, consistent with the Court's January 7, 2005 order, the implied-in-fact contract and third-party beneficiary claims would be treated as moot but would not be dismissed for the time being. Transcript of Oral Argument dated Jan. 13, 2005 at 6-8, 14-17 (docket entry 219).

On November 17, 2006, this Court issued an Opinion and Order, on cross-motions for summary judgment, concluding that defendant was liable to plaintiff First Bank, as the successor-in-interest to River Valley, for breach of the express River Valley I and River Valley II contracts. *Holland v. United States*, 74 Fed. Cl. 225 (2006). In response to defendant's motion for summary judgment on liability and damages, filed after the May 18, 2005 filing of plaintiffs' Third Amended Complaint, the Court granted summary judgment for defendant with respect to plaintiffs' claims based on an implied-in-fact contract theory. *Id.* at 227-28, 264.

The defendant did not, however, renew its motion to dismiss the third-party beneficiary claims after the filing of the Third Amended Complaint on May 18, 2005, and the Court therefore did not address that issue in its November 17, 2006 Opinion and Order. Indeed, defendant argued that the third-party beneficiary claims had been abandoned in the Third Amended Complaint. Def.'s Resp. to Plaintiff First Bank's Mot. For Partial Summary Judgment with Respect to Liability and Damages at 58 (docket entry 293, Dec. 5, 2005) ("In the third amended complaint, all of the plaintiffs have dropped all of the previously-asserted constitutional and third-party beneficiary claims. That means that nothing remains of plaintiffs' third amended complaint except their implied-in-fact contract claims.").

In its present motion, defendant simply states that "[a]lthough our 2004 motion was made with respect to the second amended complaint, our argument remains the same with respect to the third amended complaint." Mot. at 3. Defendant had ample opportunity, in the nearly four years between the filing of the Third Amended Complaint on May 18, 2005 and the entry of final judgment on April 20, 2009, to renew its motion to dismiss the third-party beneficiary claims with reference to the Third, rather than Second, Amended Complaint, but it chose not to do so. Thus, the Court has never had before it a motion to dismiss any third-party beneficiary claims that may have been pleaded in the Third Amended Complaint.

Moreover, even if there were a pending motion to dismiss any existing third-party beneficiary claims, dismissal of such claims at this time would have no impact whatsoever on the April 20, 2009 final judgment, which awarded $18,623,000 in damages for breach of express contracts to plaintiff First Bank as successor in interest to River Valley. First Bank was not a party to the lawsuit in November 2004 when defendant's motion to dismiss was filed, and the

Court had specifically held earlier in 2004 that the individual plaintiffs, as distinct from the corporate entity, were not entitled to the damages sought in the lawsuit—whether as third-party beneficiaries, pursuant to an implied-in-fact contract, pursuant to an express contract, or otherwise.  It is therefore unclear how the April 20, 2009 final judgment could be amended, or why it should be, in order "to address defendant's motion to dismiss the third-party beneficiary claims of plaintiffs Homer J. Holland and Steven Bangert." Mot. at 1; *General Elec. Co. v. United States*, 416 F.2d 1320, 1321 (Ct. Cl. 1969) ("[W]here a party adversely affected by the court's decision on the issue has had fair notice that the question may well be in the case, has had a fair chance to present its position, has failed to do so, and gives no sufficient excuse for its failure, a demand for post-decision relief will normally be rejected.").

There is, on these facts, no indication that the Court's judgment is based upon a manifest error of law or fact, that the defendant possesses newly discovered evidence, that there is any manifest injustice in denying the motion to amend, or that there has been any intervening change in controlling law.  Even if the Court were to (1) re-open the record, (2) permit defendant to move (almost four years after the deadline for doing so) to dismiss any allegedly pending third-party beneficiary claims, and (3) grant that motion by dismissing all or part of Count I of the Third Amended Complaint—which seems to be the relief defendant is seeking—the terms of the April 20, 2009 final judgment in favor of plaintiff First Bank would not change. No party's substantive rights would be affected. Thus, there is no reason to amend the judgment. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 FED. PRAC. & PROC. § 2810.1 (2d ed. 1995) ("[A]mendment of the judgment will be denied if it would serve no useful purpose.").

In light of the foregoing, the Court concludes that defendant has failed to meet any of the well-established criteria for granting a motion to amend the judgment, Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 FED. PRAC. & PROC. § 2810.1 (2d ed. 1995), and defendant's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

      s/ George W. Miller
      GEORGE W. MILLER
      Judge